# BURSOR & FISHER
P.A.

888 SEVENTH AVENUE
NEW YORK, NY 10019
www.bursor.com

JOSEPH I. MARCHESE
Tel: 646.837.7410
Fax: 212.989.9163
jmarchese@bursor.com

August 13, 2015

*Via ECF and U.S. Mail*

The Honorable William H. Pauley III
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Hart, et al. v. BHH, LLC d/b/a Bell + Howell*, *et al.*, Case No. 15-cv-04804

Dear Judge Pauley:

I write on behalf of Plaintiffs Joanne Hart and Amanda Parke ("Plaintiffs") pursuant to Rule III(A)(ii) of Your Honor's Individual Practices in Civil Cases in response to Defendants BHH, LLC d/b/a Bell + Howell and Van Hauser LLC's (collectively, "Defendants") August 6, 2015 letter (the "Letter") requesting a pre-motion conference concerning their anticipated motion to dismiss the Class Action Complaint ("Compl."). Plaintiffs will oppose Defendants' motion.

**Plaintiffs Can Maintain Claims Concerning Both The Solar Animal Repeller And The Ultrasonic Pest Repeller:** Defendants contend that "there is no basis for Plaintiffs to assert any cause of action with regard to the 'Solar Animal Repeller'" because "there is no allegation that the named Plaintiffs purchased the 'Solar Animal Repeller.'" Letter at 1. This issue is premature because whether Plaintiffs have class standing to represent purchasers of similar products is a question that is resolved at class certification, not on a motion to dismiss. *See In re Frito-Lay N. Am., Inc. All Natural Litig.*, 2013 WL 4647512, at *12 (E.D.N.Y. Aug. 29, 2013) (once "plaintiffs have satisfied the Article III standing inquiry, their ability to represent putative class members who purchased products plaintiffs have not themselves purchased is a question for a class certification motion.") (citing *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012)). Accordingly, the appropriate inquiry at this point is whether Plaintiffs have satisfied Article III standing, which requires that Plaintiffs "demonstrate (1) a personal injury in fact (2) that the challenged conduct of the defendant caused and (3) which a favorable decision will likely redress." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). Plaintiffs have met this standard. Plaintiffs have demonstrated an injury in fact in the form of paying the purchase price, caused by Defendants' misrepresentations, which a favorable decision would redress. Compl. ¶¶ 8-9, 98. As such, this argument is without merit. *See Weisblum v. Prophase Labs, Inc.*, 2015 WL 738112, at *5 (S.D.N.Y. Feb. 20, 2015) ("Because there is no dispute that th[e] [Article III] standard is met here, Plaintiffs' claims on behalf of purchasers of other Cold–EEZE products can move forward.").

**Plaintiff Hart's California Consumer Protection Claims Satisfy Rule 9(b):** Defendants contend that "Plaintiffs' claims for violations of the CLRA, UCL, and FAL … are all subject to –

but fail to comport with – the heightened pleading standard required by Rule 9(b)." Letter at 2.[1] But Defendants fail to articulate what they believe is missing from Ms. Hart's allegations. Ms. Hart adequately pleads the requisite "who, what, when, where, and how" of the misconduct alleged. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

**Who:** The Complaint specifically identifies Defendants as the entities that made misrepresentations about the Repellers. Compl. ¶¶ 2-3.

**What:** "Ms. Hart saw Defendants' representations on the television, including that the devices were 'fast and effective' to repel 'mice, rats, roaches, spiders, and ants' and were effective to 'Drive Pests Out.'" *Id.* ¶ 8.

**Where:** The "Home Shopping Network." *Id.*

**When:** "[O]n July 4, 2014." *Id.*

**How:** "Scientific studies show the Repellers do not work." *Id.* ¶¶ 23-24.

Taken together, these allegations identify the who, what, when, where, and how required under Rule 9(b). *See Weisblum*, 2015 WL 738112, at *13 ("As for Gibbs, the Complaint alleges that he viewed an insert containing statements by Karkus "prior to and at the time of purchase" and that he relied on the statements therein when deciding to purchase Cold–EEZE. … [A]ssuming their truth, the allegations are sufficiently plausible and specific to survive scrutiny under either Rule 8 or Rule 9(b) of the Federal Rules of Civil Procedure."). Accordingly, Ms. Hart's CLRA, UCL, and FAL cannot be dismissed.

**Plaintiffs' Warranty Claims Do Not Require Privity:** Defendants contend that Plaintiffs' express warranty claims should be dismissed because "[p]rivity is required for a breach of express warranty claim under both California and Texas law." Letter at 2. That is wrong – neither California nor Texas law require privity to maintain an express warranty claim. *See In re Ford Motor Co. Speed Control Deactivation Switch Products Liab. Litig.*, 664 F. Supp. 2d 752, 764 (E.D. Mich. 2009) ("Where there is an express warranty, however, both Texas and California courts have held that a purchaser's cause of action based on that express warranty does not require privity of contract with the manufacturer."). Indeed, neither California nor Texas law requires privity for express warranty where "the purchaser of a product relied on misrepresentations made by the manufacturer in labels or advertising material." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008); *PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. Ptnshp.,* 146 S.W.3d 79, 90 (Tex. 2004) ("Of course, if manufacturers make representations or warranties directly to consumers, the latter may sue directly (despite the absence of privity) for breach of express warranty or violation of the DTPA."). Nor is privity required for Plaintiffs' claims for breach of implied warranties. *See, e.g., Integrated Marine Servs., L.L.C. v. Hoist Liftruck Mfg., Inc.*, 2012 WL 3779308, at *2 (S.D. Tex. Aug. 30, 2012) ("As to the implied warranty claims, Texas law does not require privity and permits implied warranty claims by a downstream purchaser directly against the remote manufacturer for

---

[1] Defendants' use of the term "Plaintiffs" in this context is a misnomer. While Ms. Hart asserts claims under California consumer protection laws, Ms. Parke does not.

BURSOR & FISHER
P.A.

PAGE 3

economic damages.") (citing *Nobility Homes of Texas, Inc. v. Shivers,* 557 S.W.2d 77, 81 (Tex. 1977)).

**Plaintiffs' MMWA Claims Are Sufficiently Plead**: Defendants argue that Plaintiffs' MMWA claims should be dismissed because "Plaintiffs have failed to state a claim for Breach of Express Warranty … and Breach of the Implied Warranty of Merchantability." Letter at 2. However, this argument fails because, as discussed above, Plaintiffs' warranty claims are not subject to dismissal for lack of privity.

**Plaintiff's Unjust Enrichment Claims Are Not Duplicative**: Defendants argue that Plaintiffs' unjust enrichment claims should be dismissed because "California law and Texas law do not recognize an independent cause of action for unjust enrichment." Letter at 3. But that is incorrect. Under California law, unjust enrichment may be asserted "as part of a claim of restitution based on quasi-contract." *Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796, at *11 (N.D. Cal. May 26, 2011). Here, Plaintiffs' unjust enrichment claim is properly grounded in quasi-contract. *See, e.g.*, *id.* (finding plaintiff's claim that defendant misrepresented its products to be grounded in quasi-contract, and therefore finding it premature to dismiss an unjust enrichment claim on a motion to dismiss); *Hall v. Diamond Foods, Inc.*, 2014 WL 3779012, at *5 (N.D. Cal. July 31, 2014) (same); *see also In re EZ Seed Litig.*, 2013 WL 2303727, at *11 (permitting unjust enrichment claim under California law to proceed).

Moreover, unjust enrichment claims are quite versatile – they may be pled in the alternative, and they are not mutually exclusive with other types of claims. *See, e.g.*, Fed. R. Civ. P. 8(a)(3) ("[A] demand for the relief sought, which may include relief in the alternative or different types of relief."). Under Texas law, Ms. Parke may plead her unjust enrichment claim in the alternative where "the contracts underlying the claim for breach could later [] be[] held as invalid." *Thompson v. Bank of Am., N.A.*, 13 F. Supp. 3d 636, 651 (N.D. Tex. 2014) ("As an initial matter, the Court notes that Plaintiffs were not precluded from asserting claims for breach of contract and unjust enrichment even though such claims are inconsistent. … This is because the contracts underlying the claim for breach [of contract] could later have been held as invalid."). Since, Defendants' Letter confirms that Plaintiffs' contract-based warranty claims will be targeted in Defendants' anticipated motion to dismiss, *see* Letter at 2-3, it therefore follows that the existence of an applicable contract or warranty is disputed. Accordingly, Plaintiffs' unjust enrichment claims are properly plead in the alternative and should not be dismissed.

Very truly yours,

*Joseph I. Marchese* (signature)

Joseph I. Marchese

CC:    All counsel of record (via ECF)