# LEAHY, EISENBERG & FRAENKEL, LTD.

ATTORNEYS AT LAW
33 WEST MONROE STREET, SUITE 1100
CHICAGO, ILLINOIS 60603-5317
(312) 368-4554
FAX: (312) 368-4562
www.lefltd.com

JOLIET OFFICE
20 W. CASS ST., 2ND FLOOR
JOLIET, IL 60432-4116
(815) 723-6514
FAX: (815)723-7466

INDIANA OFFICE
1112 ROUTE 41, SUITE 101
SCHERERVILLE, IN 46375
(219) 865-2647
FAX: (312) 368-4562

August 6, 2015

SCOTT WING
sw@lefltd.com

Honorable William H. Pauley
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 1007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-14-15

**MEMO ENDORSED**

Re: *Joanne Hart and Amanda Parke v. BHH, LLC d/b/a Bell + Howell and Van Hauser LLC*
Case No.:  1:15-cv-04804

Dear Judge Pauley:

We represent BHH, LLC, d/b/a Bell + Howell and Van Hauser, LLC (collectively, "Defendants") in the captioned case, and respectfully submit this letter <u>requesting a pre-motion conference, pursuant to III(A)(i) of your Individual Practices, in regard to Defendants' anticipated Motion to Dismiss Plaintiffs' Class-Action Complaint.</u> The basis for the dismissal of each count in the Complaint is set forth below in the order in which they have been pleaded.

Plaintiffs, Joanne Hart and Amanda Parke, brought this putative class-action on behalf of themselves, a putative national class, a putative California subclass, and a putative Texas subclass. Plaintiffs' Class-Action Complaint contains seven counts, alleging the following claims: **Count I**—Breach of Warranty under the Magnuson-Moss Warranty Act ("MMWA"); **Count II**—Violation of the California Legal Remedies Act ("CLRA"); **Count III**—Violation of the California Unfair Competition Law ("UCL"); **Count IV**—Violation of the California False Advertising Law ("FAL"); **Count V**—Breach of Express Warranty; **Count VI**—Breach of the Implied Warranty of Merchantability; and **Count VII**—Unjust Enrichment.

As an initial matter, Defendants point out that the Complaint concerns two different products made by Defendants—one named the "Solar Animal Repeller," and the other named "Ultrasonic Pest Repellers." (Doc. # 1, ¶¶ 1, 3). Certain allegations in the Complaint specifically refer to the "Solar Animal Repeller" by name, and pertain solely to that product. (Doc. # 1, ¶¶ 17-21, 28-29). Numerous other allegations, including those contained in each of the seven counts, refer to both products collectively as "Repellers." (*See e.g.*, Doc. # 1, ¶¶ 40, 49, 64, 72, 80, 85, 94). However, there is no allegation that the named Plaintiffs purchased the "Solar Animal Repeller." Instead, the Complaint alleges that the named Plaintiffs purchased only the "Ultrasonic Pest Repellers." (Doc. #1, ¶¶ 8, 9). As such, there is no basis for Plaintiffs to assert any cause of action with regard to the "Solar Animal Repeller." *See Cole v. Equitable Life Assur. Soc'y of U.S.*, 1996 WL 932095, at *2 (N.Y. Sup. Ct. 1996) (where the complaint is set forth as a class action, but no motion has been made to certify the class, the factual allegations considered in support of the claims must be those which relate to the named

LEAHY, EISENBERG & FRAENKEL, LTD.

August 6, 2015
Page 2

plaintiffs); Thus, to the extent that the Complaint purports to assert causes of action concerning the "Solar Animal Repeller," Defendants request that the claims be dismissed. *See Mollins v. Nissan Motor Co.*, 14 Misc. 3d 1226(A), 836 N.Y.S.2d 494 (Sup. Ct. 2007) ("[w]here the named plaintiff in a class action does not have a viable claim, the complaint must be dismissed"). Further, to the extent that the claims contain allegations relating to the "Solar Animal Repeller," Defendants request that they be excluded from the Court's consideration of the claims pertaining to "Ultrasonic Pest Repellers." Notwithstanding the foregoing, the basis for the dismissal of each count of the Complaint is as follows.

First, Plaintiffs' claim for Breach of Warranty under the MMWA (**Count I**) should be dismissed because, as explained below, Plaintiffs have failed to state a claim for Breach of Express Warranty (Count V) and Breach of the Implied Warranty of Merchantability (Count VI). The MMWA creates no additional bases for liability, but allows a consumer to recover damages under existing state law. *Diaz v. Paragon Motors of Woodside, Inc.*, 424 F.Supp.2d 519, 540 (E.D.N.Y. 2006). Thus, in the absence of a viable state-law claim for breach of warranty (as discussed below), the MMWA claim must be dismissed. *See Zaccagnino v. Nissan N. Am., Inc.*, 2015 WL 3929620, at *5 (S.D.N.Y. 2015) ("[s]ince the express and implied warranty claims are dismissed for failure to state a claim, the MMWA claim must also be dismissed").

Next, Plaintiffs' claims for violations of the CLRA, UCL, and FAL (**Counts II, III, and IV** respectively), are all subject to—but fail to comport with—the heightened pleading standard required by Rule 9(b). *See Brazil v. Dole Food Co.*, 935 F. Supp.2d 947, 962 (N.D. Cal. 2013) (dismissing plaintiff's CLRA, UCL, and FAL claims for lack of sufficient particularity as required by Rule 9(b)); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.2009) ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL"); *see also, In re Frito-Lay N. Am., Inc. All Natural Litig.*, 2013 WL 4647512, at *24 (E.D.N.Y. 2013) ("[i]n a deceptive advertising case, Rule 9(b) requires that the plaintiff(s) identify specific advertisements and promotional materials; allege when the plaintiff(s) were exposed to the materials; and explain how such materials were false or misleading"). Here, the Complaint alleges that "[p]rior to purchasing the devices, Ms. Hart saw Defendants' representations on the television, including that the devices were 'fast and effective' to repel 'mice, rats, roaches, spiders, and ants,' and were effective to 'Dive Pests Out.'" (Doc. #1, ¶ 8). This allegation is insufficient under Rule 9(b), as it fails to allege the "who, what, when, where, and how" of the misconduct charged. *See Brazil*, 935 F.Supp.2d at 964; *Davis v. Chase Bank U.S.A., N.A.*, 650 F.Supp.2d 1073, 1090 (C.D. Cal. 2009). Therefore, Plaintiffs' claims for violations of the CLRA, UCL, and FAL should be dismissed accordingly.

Plaintiffs' Breach of Express Warranty claim (**Count V**) should be dismissed based on Plaintiffs' lack of privity with Defendants. Privity is required for a breach of express warranty claim under both California and Texas law. *See Anunziato v. eMachines, Inc.*, 402 F.Supp.2d 1133, 1141 (C.D.Cal.2005) ("[a] plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant"); *Scott v. Dorel Juvenile Grp., Inc.*, 773 F.Supp.2d 664, 672 (N.D. Tex. 2011) ("Texas courts still generally require privity between the buyer and seller for recovery on breach of express warranty"). Here, the Complaint alleges that Ms. Hart purchased the product not from Defendants, but from the Home Shopping Network.

## LEAHY, EISENBERG & FRAENKEL, LTD.

August 6, 2015
Page 3

(Doc. #1, ¶ 8). Similarly, the Complaint alleges that Ms. Parke purchased the product not Defendants, but from the Carol Wrights Gift Catalog. (Doc. #1, ¶ 9). As such, the named Plaintiffs are in not privity with Defendants. For this reason, Plaintiffs' Breach of Express Warranty claim should be dismissed. *See Tait v. BSH Home Appliances Corp.*, 2011 WL 3941387, at *3 (C.D. Cal. 2011) (dismissing claim, stating that "[p]laintiffs are not in privity of contract with Defendant and they have not sufficiently alleged an exception to the privity requirement"); *Lujan v. Tampo Mfg. Co.*, 825 S.W.2d 505, 511 (Tex. App. 1992) ("[w]ithout privity, [the plaintiff] could have no cause of action...based on breach of an express warranty").

Plaintiffs' penultimate claim for Breach of the Implied Warranty of Merchantability (**Count VI**), like the previous claim, requires dismissal for lack of privity with Defendants. *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F.Supp.2d 1077, 1100 (S.D. Cal. 2010) ("[t]o state a claim for breach of an implied warranty, plaintiffs must establish vertical privity with the warrantor"); *Cloer v. Gen. Motors Corp.*, 395 F.Supp.1070, 1072 (E.D. Tex. 1975) ("[t]here was no privity of contract between [the plaintiff] and [the defendant]...Therefore, the Plaintiff has no cause of action for breach of express or implied warranties against the Defendant"); *Woodhouse v. Sanofi-Aventis U.S. LLC*, 2011 WL 3666595, at *4 (W.D. Tex. 2011) ("Plaintiff's claim for breach of implied warranties fails because it does not allege a key element for the claim...*the defendant sold or leased a product to the plaintiff*..."). As explained above, the Complaint alleges that Ms. Hart purchased the product from the Home Shopping Network, and that Ms. Parke purchased the product from Carol Wrights Gift Catalog. (Doc. #1, ¶¶ 8, 9). The named Plaintiffs did not purchase the product from Defendants and, therefore, are not in privity with Defendants. Thus, Plaintiffs' claim for Breach of the Implied Warranty of Merchantability should be dismissed.

Finally, Plaintiffs' Unjust Enrichment claim (**Count VII**) should be dismissed, since California law and Texas law do recognize an independent cause of action for unjust enrichment. *In re Apple & AT & T iPad Unlimited Data Plan Litig.*, 802 F.Supp.2d 1070, 1077 (N.D. Cal. 2011) ("there is no cause of action in California for unjust enrichment"); *Oxford v. Williams Cos., Inc.*, 137 F.Supp.2d 756, 762 (E.D.Tex.2001) ("[u]njust enrichment is not an independent cause of action..."). For this reason, Plaintiffs' Unjust Enrichment claim should be dismissed.

Application granted. The pre-motion conference will be held in conjunction with the initial pretrial confrence.

Very truly yours,

LEAHY, EISENBERG & FRAENKEL, LTD.

/s/ *Scott Wing*

SO ORDERED:

By: Scott Wing

_____  8/14/15
WILLIAM H. PAULEY III
U.S.D.J.