**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOANNE HART and AMANDA PARKE, individually and on behalf of all others similarly situated, <br><br>          Plaintiffs, <br><br>    v. <br><br> BHH, LLC d/b/a Bell & Howell and VAN HAUSER LLC, <br><br>          Defendants. | Civil Action No. 15-cv-4804 (WHP) |

**PLAINTIFF JOANNE HART'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Dated:  November 16, 2015

**BURSOR & FISHER, P.A.**

Scott A. Bursor
Joseph I. Marchese
Neal J. Deckant
Yitzchak Kopel
888 Seventh Avenue
New York, NY  10019
Telephone:  (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
       jmarchese@bursor.com
       ndeckant@bursor.com
       ykopel@bursor.com

*Attorneys for Plaintiff Joanne Hart*

# TABLE OF CONTENTS

PAGE(S)

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 2

I.   PLAINTIFF MAY ASSERT CLAIMS ON BEHALF OF PURCHASERS
     OF ALL THE DECEPTIVELY LABELED REPELLERS ............................................. 3

     A.   Defendants' Arguments Regarding Class Allegations Are
          Inappropriate At The Pleading Stage ....................................................... 3

     B.   The Animal Repellers Are Substantially Similar To The Pest
          Repellers ................................................................................................ 6

II.  PLAINTIFF STATES A CLAIM FOR BREACH OF EXPRESS
     WARRANTY ................................................................................................... 7

III. PLAINTIFF STATES A CLAIM FOR VIOLATION OF THE MMWA ......................... 8

     A.   This Court Has Subject Matter Jurisdiction Over Plaintiff's
          MMWA Claim ......................................................................................... 8

     B.   Plaintiff's MMWA Claim Stands With Her State Warranty Claim ..................... 10

IV.  PLAINTIFF PLEADS HER CLAIMS WITH PARTICULARITY ................................ 11

V.   PLAINTIFF STATES A CLAIM FOR UNJUST ENRICHMENT ............................... 13

VI.  IF THIS COURT DISMISSES PLAINTIFF'S CLAIMS, SUCH
     DISMISSAL SHOULD BE WITHOUT PREJUDICE ................................................ 14

CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Abraham v. Volkswagen of Am., Inc.*,
　795 F.2d 238 (2d Cir. 1986) ........................................................................ 10

*Allen v. WestPoint-Pepperell, Inc.*,
　945 F.2d 40 (2d Cir. 1991) ............................................................................ 2

*Anderson v. Jamba Juice Co.*,
　888 F. Supp. 2d 1000 (N.D. Cal. 2012) ........................................................ 6

*Anunziato v. eMachines, Inc.*,
　402 F. Supp. 2d 1133 (C.D. Cal. 2005) ..................................................... 7, 8

*Astiana v. Ben & Jerry's Homemade, Inc.*,
　2011 WL 2111796 (N.D. Cal. May 26, 2011) ............................................. 13

*Astiana v. Dreyer's Grand Ice Cream, Inc.*,
　2012 WL 2990766 (N.D. Cal. July 20, 2012) ............................................... 6

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
　493 F.3d 87 (2d Cir. 2007) .......................................................................... 11

*Barnes v. W., Inc.*,
　249 F. Supp. 2d 737 (E.D. Va. 2003) ............................................................ 9

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ...................................................................................... 2

*Brady v. Basic Research, L.L.C.*,
　--- F. Supp. 3d ---, 2015 WL 1542094 (E.D.N.Y. Mar. 31, 2015) ......... 5, 10

*Brazil v. Dole Food Co.*,
　935 F. Supp. 2d 947 (N.D. Cal. 2013) ........................................................ 10

*Brown v. Hain Celestial Grp., Inc.*,
　913 F. Supp. 2d 881 (N.D. Cal. 2012) .......................................................... 6

*Burr v. Sherwin Williams Co.*,
　268 P.2d 1041 (Cal. 1954) ............................................................................ 7

*Cali v. Chrysler Group LLC*,
　2011 WL 383952 (S.D.N.Y. Jan. 18, 2011) ............................................... 10

*Cardenas v. NBTY, Inc.*,
　870 F. Supp. 2d 984 (E.D. Cal. 2012) ........................................................... 5

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
  2011 WL 159380 (N.D. Cal. Jan. 10, 2011)................................................................ 5

*Cellars v. Pac. Coast Packaging, Inc.*,
  189 F.R.D. 575 (N.D. Cal. 1999) ............................................................................... 7

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,
  504 F.3d 229 (2d Cir. 2007) ....................................................................................... 4

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002) .................................................................................... 2, 3

*Clemens v. DaimlerChrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008) ........................................................................... 1, 7, 10

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997) .................................................................................... 11

*Cortec Indus., Inc. v. Sum Holding L.P.*,
  949 F.2d 42 (2d Cir. 1991) ......................................................................................... 3

*Diaz v. Paragon Motors of Woodside, Inc.*,
  424 F. Supp. 2d 519 (E.D.N.Y. 2006) ....................................................................... 10

*Donohue v. Apple, Inc.*,
  871 F. Supp. 2d 913 (N.D. Cal. 2012) ......................................................................... 5

*Elkind v. Revlon Cons. Prods. Corp.*,
  2015 WL 2344134 (E.D.N.Y. May 14, 2015) .............................................................. 5

*Grandon v. Merrill Lynch & Co.*,
  147 F.3d 184 (2d Cir. 1998) ....................................................................................... 2

*Hall v. Diamond Foods, Inc.*,
  2014 WL 3779012 (N.D. Cal. July 31, 2014) ............................................................ 14

*Hill v. Hoover Co.*,
  899 F. Supp. 2d 1259 (N.D. Fla. 2012) ..................................................................... 11

*In re Frito-Lay N. Am., Inc., All Natural Litig.*,
  2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) .......................................................... 4, 5

*In re Scotts EZ Seed Litig.*,
  2013 WL 2303727 (S.D.N.Y. May 22, 2013) ............................................................ 14

*In re Suprema Specialties, Inc. Sec. Litig.*,
  438 F.3d 256 (3d Cir. 2006) ..................................................................................... 12

iii

*Johns v. Bayer Corp.*,
  2010 WL 476688 (S.D. Cal. Feb. 9, 2010)................................................................. 5

*Jovel v. i-Health, Inc.*,
  2013 WL 5437065 (E.D.N.Y. Sept. 27, 2013) ....................................................... 5, 6

*Keegan v. Am. Honda Motor Co.*,
  838 F. Supp. 2d 929 (C.D. Cal. 2012) ..................................................................... 9

*Lieb v. Am. Motors Corp.*,
  538 F. Supp. 127 (S.D.N.Y. 1982) ........................................................................... 9

*Madenlian v. Flax USA Inc.*,
  2014 WL 7723578 (C.D. Cal. Mar. 31, 2014)........................................................... 5

*Mahon v. Ticor Title Ins. Co.*,
  683 F.3d 59 (2d Cir. 2012) ....................................................................................... 3

*McGee v. Cont'l Tire N. Am. Inc.*,
  2007 WL 2462624 (D.N.J. July 10, 2012) ................................................................ 9

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
  693 F.3d 145 (2d Cir. 2012) .............................................................................. passim

*Pelletier v. Fed. Home Loan Bank of San Francisco*,
  968 F.2d 865 (9th Cir. 1992) ................................................................................... 12

*Quinn v. Walgreen Co.*,
  958 F. Supp. 2d 533 (S.D.N.Y. 2013) .............................................................. 3, 5, 6

*Ronzani v. Sanofi S.A.*,
  899 F.2d 195 (2d Cir. 1990) ................................................................................... 14

*Sosna v. Iowa*,
  419 U.S. 393 (1975) ................................................................................................. 4

*Tait v. BSH Home Appliances Corp.*,
  2011 WL 3941387 (C.D. Cal. Aug. 31, 2011) ......................................................... 7

*Villager Pond, Inc. v. Town of Darien*,
  56 F.3d 375 (2d Cir. 1995) ....................................................................................... 2

*Walsh v. Ford Motor Co.*,
  807 F.2d 1000 (D.C. Cir. 1986)............................................................................... 10

*Weisblum v. Prophase Labs, Inc.*,
  88 F. Supp. 3d 283 (S.D.N.Y. 2015) ............................................................... 4, 7, 9

*Wetzel v. Am. Motors Corp.,*
   693 F. Supp. 246 (E.D. Pa. 1988) ........................................................... 9

*Wright v. Giuliani,*
   No. 99 Civ. 10091(WHP), 2000 WL 777940 (S.D.N.Y. June 14, 2000) ................................ 2

**STATUTES**

15 U.S.C. § 2310(d)(1) ........................................................................ 8

15 U.S.C. § 2310(d)(3)(A) ..................................................................... 8

28 U.S.C. § 1332(d)(2)(A) ..................................................................... 8

Cal. Com. Code § 2313(1)(b) .................................................................. 8

28 U.S.C. § 2310(d)(1) ........................................................................ 9

**RULES**

Fed. R. Civ. P. 15(a) ........................................................................ 13

Fed. R. Civ. P. 23(a) ......................................................................... 4

Fed. R. Civ. P. 9(b) .................................................................... 1, 11, 13

## INTRODUCTION

This is a very simple case.  Defendants BHH, LLC and Van Hauser LLC ("Defendants") represented that their ultrasonic Animal and Pest Repellers were effective to repel pests and animals.  But they lied.  The Repellers are ineffective and worthless.  Plaintiff Joanne Hart ("Plaintiff") purchased Pest Repellers in reliance on Defendants' misrepresentations, but the Repellers were ineffective to rid her house of pests.[1]

In support of their motion to dismiss, Defendants make a number of incorrect arguments.  First, they argue that Plaintiff lacks Article III standing to assert class allegations on behalf of purchasers of the Animal Repellers because she only purchased the Pest Repellers.  Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Class Action Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Defs' Br.") at 9-12.  However, as the Second Circuit has explained, this issue should be addressed at the class certification stage, not the pleading stage.  *See NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 158 n. 9 (2d Cir. 2012) ("What the district court thought was a standing issue was in reality a class certification issue").

Defendants also argue that that Plaintiff's claim for breach of express warranty under California law fails for a lack of privity.  Defs' Br. at 11.  But the Ninth Circuit disagrees.  *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) ("Some particularized exceptions to the [privity] rule exist.  The first arises when the plaintiff relies on written labels or advertisements of a manufacturer.").

---

[1] The Class Action Complaint in this action asserts claims on behalf of two Plaintiffs:  Joanne Hart and Amanda Parke.  However, Ms. Parke voluntarily dismissed her claims without prejudice on November 16, 2015.  *See* Dkt. No. 29.

Finally, Defendants argue that Plaintiff's claims are not pled with sufficient particularity under Fed. R. Civ. P. 9(b) because "there are no facts alleged explaining *how* or *why* the devices were ineffective to rid [Ms. Hart's] house of pests."  Defs' Br. at 9 (quotations omitted, emphasis in original).  But that is wrong too.  The Complaint explicitly cites studies from Utah State University and the University of Nebraska, as well as investigations by the FTC and local media showing that the Repellers do not work.  *See* Complaint ¶¶ 23-29.

## ARGUMENT

On a motion to dismiss, a court typically must accept the material facts alleged in the complaint as true and construe all reasonable inferences in a plaintiff's favor.  *Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998).  A court should not dismiss a complaint for failure to state a claim unless the complaint fails to include "plausible grounds" for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [his claim]").  Dismissal is proper where a plaintiff fails to plead the basic elements of a claim.  *Wright v. Giuliani*, No. 99 Civ. 10091(WHP), 2000 WL 777940, at *4 (S.D.N.Y. June 14, 2000).  The issue on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [his] claims."  *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995) (citation omitted).

In deciding a motion to dismiss, the Court's "consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to such matters of which judicial notice may be taken."  *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991); *see also Chambers v. Time Warner,*

*Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

## I.    PLAINTIFF MAY ASSERT CLAIMS ON BEHALF OF PURCHASERS OF ALL THE DECEPTIVELY LABELED REPELLERS

Defendants argue that Plaintiff's putative class allegations regarding purchasers of the Animal Repellers must be dismissed because she only purchased the Pest Repellers, but did not personally purchase the Animal Repellers.  Defs' Br. at 9-12.  That is incorrect.  The Second Circuit has expressly held that this argument is premature at the pleading stage, and should instead be addressed at the class certification stage.  *NECA-IBEW Health & Welfare Fund*, 693 F.3d at 158 n.9 ("What the district court thought was a standing issue was in reality a class certification issue").  Moreover, Plaintiff has class standing to represent purchasers of the Animal Repellers because it is a substantially similar product to the Pest Repellers.

### A.    Defendants' Arguments Regarding Class Allegations Are Inappropriate At The Pleading Stage

Defendants do not contest that Plaintiff has Article III standing to assert her claims in the first instance.  "To satisfy the irreducible constitutional minimum of [Article III] standing, a plaintiff must demonstrate (1) a personal injury in fact (2) that the challenged conduct of the defendant caused and (3) which a favorable decision will likely redress."  *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citations and internal quotation marks omitted).  There is no question that Plaintiff has Article III standing to pursue claims regarding the Pest Repellers, as she has established a legally cognizable injury to herself caused by Defendants that is likely to be redressed by a decision in her favor.  *See Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 542 (S.D.N.Y. 2013) ("There is no question plaintiffs have standing to assert claims relating to the product they *did* purchase") (emphasis in original).  And once there is "at least one named plaintiff for every named defendant who can assert a claim directly against that defendant …

3

[Article III] standing is satisfied and only then will the inquiry shift to a class action analysis." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 241 (2d Cir. 2007).

In *NECA*-IBEW, the Second Circuit held that the plaintiff, a health and welfare fund, had standing to assert class claims with respect to certain securities offerings by the defendants that the plaintiff did not itself purchase.   693 F.3d at 158.   The court reinforced that standing to assert claims on behalf of other purchasers did not turn on whether the plaintiff had Article III standing for the offerings it did not purchase.   *Id.*   That inquiry, the court reasoned, turned on whether the plaintiff had "'class standing,' that is, standing to assert claims on behalf of purchasers of Certificates from other Offerings."   *Id.*   In other words, once the plaintiff satisfied the Article III (and statutory) standing requirements, the inquiry shifted "from the elements of justiciability to the ability of the named representative to 'fairly and adequately protect the interests of the class.'"   *Id.* at 159 (quoting *Sosna v. Iowa*, 419 U.S. 393, 403 (1975) and Fed. R. Civ. P. 23(a)).   As a result, the court held that the district court erred in requiring the plaintiff to allege an injury identical to that of the putative class members.   *Id.* at 162.

"*NECA–IBEW* thus instructs that, because plaintiffs have satisfied the Article III standing inquiry, their ability to represent putative class members who purchased products plaintiffs have not themselves purchased is a question for a class certification motion."   *In re Frito-Lay N. Am., Inc., All Natural Litig.*, 2013 WL 4647512, at *12 (E.D.N.Y. Aug. 29, 2013).   Accordingly, courts in this Circuit have uniformly declined to dismiss such allegations at the pleading stage. *See, e.g., Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 291 (S.D.N.Y. 2015) ("The [Second] Circuit has held … that Article III standing is satisfied for each named defendant as long as there is 'at last one named plaintiff who can assert a claim directly against that defendant.

Because there is no dispute that the standard is met here, Plaintiffs' claims on behalf of purchasers of other … products can move forward") (quoting *NECA IBEW*, 693 F. Supp. at 159); *Quinn v. Walgreen Co*, 2013 WL 4007568, at *6 (S.D.N.Y. Aug. 7, 2013) ("the Court finds the appropriate time to consider whether plaintiffs can bring claims on behalf of purchasers of all of the various … Supplements is at the class certification stage, not on a motion to dismiss"); *Frito-Lay*, 2013 WL 4647512 at *12 (declining to address defendant's standing arguments on a motion to dismiss, stating: "Whether the plaintiffs' injuries are sufficiently similar to those of the putative class members who purchased other products … is a question the Court will consider on a Rule 23 certification motion"); *Jovel v. i-Health, Inc.*, 2013 WL 5437065, at *10 (E.D.N.Y. Sept. 27, 2013) (declining to dismiss class allegations for products plaintiffs did not purchase for lack of standing, stating "any concerns regarding the differences can be addressed at the class certification stage"); *Brady v. Basic Research, L.L.C.*, --- F, Supp. 3d ---, 2015 WL 1542094, at *5 (E.D.N.Y. Mar. 31, 2015) (denying motion to dismiss claims on behalf of purchasers of supplements plaintiffs did not purchase).

In support of their argument, Defendants cite only one case from within this Circuit, *Elkind v. Revlon Cons. Prods. Corp.*, 2015 WL 2344134 (E.D.N.Y. May 14, 2015). But the *Elkind* decision is contrary to the Second Circuit's holding in *NECA-IBEW*, as well as the overwhelming weight of authority from other District court decisions within this Circuit, cited above. In this light, the Court should not, and indeed cannot, follow *Elkind*'s holding.[2]

---

[2] Similarly, the holdings of the two California cases cited by Defendants, *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10, 2011) and *Johns v. Bayer Corp.*, 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) have been widely rejected by other California District courts. *See Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 991-92 (E.D. Cal. 2012) ("The court here finds the reasoning of *Bruno* more persuasive than the reasoning provided by the dicta of *Bayer Corp.* and its progeny"); *Madenlian v. Flax USA Inc.*, 2014 WL 7723578, at *5-6 (C.D. Cal. Mar. 31, 2014) (declining to follow *Carrea* and *Bayer Corp.*); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1005-06 (N.D. Cal. 2012) (same); *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 922 (N.D. Cal. 2012) (same).

**B.**     **The Animal Repellers Are Substantially Similar To The Pest Repellers**

Although the Court need not reach this issue now on a motion to dismiss, it should be noted that Plaintiff also has *class* standing to assert claims for purchasers of the Animal Repellers because "the products and alleged misrepresentations are substantially similar." *Quinn*, 958 F. Supp. 2d at 541 (declining to dismiss where there were "substantial similarities between all of defendants' … Supplements, and the alleged misrepresentations on the labels of the … Supplements [we]re nearly identical"); *Jovel*, 2013 WL 5437065, at *10 (declining to dismiss class allegations for products plaintiffs did not purchase for lack of standing where all products contained the same challenged representation); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 2990766, at *13 (N.D. Cal. July 20, 2012) (the fact different ice creams have different ingredients is "not dispositive as Plaintiffs are challenging the same basic mislabeling practice across different product flavors"); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012) (plaintiff, who purchased several flavors of at-home "smoothie" kits, had standing to bring claims on behalf of purchasers of other flavors because products were sufficiently similar and "same alleged misrepresentation was on all of the smoothie kit[s] regardless of flavor"); *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012) ("Where product composition is less important, the cases turn on whether the alleged misrepresentations are sufficiently similar across product lines.").  Here, the Animal Repellers are substantially similar to the Pest Repellers because "[t]he Pest and Animal Repellers use the same ineffective ultrasonic technology.  It does not work to repel pests or animals."  Complaint ¶ 4.  Because whether the ultrasonic technology is effective is a question common to all purchasers of both varieties of Repellers, Plaintiff has class standing to represent purchasers of both the Pest and Animal Repellers.

## II.     PLAINTIFF STATES A CLAIM FOR BREACH OF EXPRESS WARRANTY

Defendants contend that Plaintiff's claim for breach of warranty must be dismissed because Plaintiff is not in privity with Defendants.  Defs.' Br. at 14-15.  Stated otherwise, Defendants argue that Plaintiff cannot bring warranty claims because she purchased the Repellers from a *retailer*, rather than directly from Defendants.  *Id.*  This is wrong.

Defendants argue that "While recognized exceptions to the privity requirement exist, a plaintiff must allege an applicable exception."  Defs' Br. at 11.  To that end, the Ninth Circuit has stated that "Some particularized exceptions to the [privity] rule exist.  The first arises when the plaintiff relies on written labels or advertisements of a manufacturer."  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (citing *Burr v. Sherwin Williams Co.*, 268 P.2d 1041, 1048-49 (Cal. 1954)); *see also Prophase Labs*, 88 F. Supp. 3d at 295 ("privity is not required under California law for either breach of warranty claims where, as here, the plaintiff relies on written labels or advertisements of a manufacturer.").  Here, Ms. Hart alleges she "saw Defendants' representations on the television, including that the devices were 'fast and effective' to repel 'mice, rats, roaches, spiders, and ants."  Complaint ¶ 8.  In light of this, a lack of privity does not defeat her claim for breach of express warranty under California law.  Cases cited by Defendants on this point are all inapposite because they do not fall within this important exception.  *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 580 (N.D. Cal. 1999) (acknowledging that "no privity is required in cases … in which a manufacturer warrants its product in labels or advertising material") (quotations omitted); *Tait v. BSH Home Appliances Corp.*, 2011 WL 3941387, at *3 (C.D. Cal. Aug. 31, 2011) (acknowledging "California [courts] have recognized an exception to this general rule where the express warranty claim arises from affirmations of facts made by the manufacturer in labels or advertising"); *Anunziato v.*

*eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005) (finding privity issue for breach of implied warranty but not for express warranty).

Under California law, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." *See* Cal. Com. Code § 2313(1)(b). Here, the Complaint alleges: "Prior to purchasing the devices, Ms. Hart saw Defendants' representations on the television, including that the devices were 'fast and effective' to repel 'mice, rats, roaches, spiders, and ants' and were effective to 'Drive Pests Out.' Ms. Hart believed these representations to be true, and relied on them in that she would not have purchased the Ultrasonic Pest Repellers had she known that these representations were false and misleading." That is sufficient to meet this standard.[3]

## III.   PLAINTIFF STATES A CLAIM FOR VIOLATION OF THE MMWA

### A.   This Court Has Subject Matter Jurisdiction Over Plaintiff's MMWA Claim

Defendants argue that Plaintiff fails to meet the jurisdictional requirements of the Magnuson-Moss Warranty Act ("MMWA") because there are fewer than 100 named plaintiffs. Defs' Br. at 7-8. That is wrong. Defendants' argument confuses the standards for *federal question jurisdiction* under the MMWA pursuant to 15 U.S.C. § 2310(d)(3)(A) with general standards for *cognizable claims* under MMWA pursuant to 15 U.S.C. § 2310(d)(1). That is, while 15 U.S.C. § 2310(d)(3)(A) requires 100 named plaintiffs in order to assert federal question subject matter jurisdiction under the MMWA, 15 U.S.C. § 2310(d)(1) makes clear that MMWA claims may be heard by "any court of competent jurisdiction in any State or the District of Columbia" even where those requirement are not met. 15 U.S.C. § 2310(d)(1). *"*Thus, [MMWA] claims that cannot independently be heard in federal court owing to the absence of the requisite

---

[3] Plaintiff concedes that she does not state a claim for breach of implied warranty due to lack of privity.

amount in controversy, can still be heard in federal court in circumstances where supplemental jurisdiction is properly exercised…. In those circumstances, the amount in controversy requirement is no obstacle to the claim being heard in federal court." *Barnes v. W., Inc.*, 249 F. Supp. 2d 737, 739 (E.D. Va. 2003) (citing *Wetzel v. Am. Motors Corp.*, 693 F. Supp. 246, 250 (E.D. Pa. 1988)); *see also Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 295 (S.D.N.Y. 2015) ("where, as here, the jurisdictional prerequisites of CAFA are satisfied, it may exercise subject-matter jurisdiction over a claim under the MMWA without regard for whether the jurisdictional prerequisites of that statute are also met"); *McGee v. Cont'l Tire N. Am. Inc.*, 2007 WL 2462624, at *2 (D.N.J. July 10, 2012) (denying motion to dismiss MMWA claim on jurisdictional grounds because "CAFA creates an alternate basis of jurisdiction over the MMWA claim"); *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 954-955, n.72 (C.D. Cal. 2012) (collecting cases holding "that where the party invoking federal jurisdiction is able to meet his or her burden of proving jurisdiction under CAFA, the absence of at least one hundred named plaintiffs does not prevent the plaintiff from asserting claims under the Magnuson-Moss Warranty Act").

In this case, Plaintiff has adequately pled subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), "because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants." Complaint ¶ 13. Defendants have not disputed the Court's jurisdiction pursuant to CAFA.

Cases cited by Defendants on this point are inapposite because they predate CAFA's passage in 2005. *Cf. Lieb v. Am. Motors Corp.*, 538 F. Supp. 127, 131 (S.D.N.Y. 1982) and

*Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238 (2d Cir. 1986).  The sole case cited by Defendants that postdates CAFA's passage is *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 965-66 (N.D. Cal. 2013).  But that case dismissed the MMWA claim for lack of alleging the requisite $5 in damages under the MMWA.  *Id.* at 965.  In fact, *Brazil* recognized that "where the party invoking federal jurisdiction is able to meet his or her burden under CAFA, the absence of at least one hundred named plaintiffs does not prevent the plaintiff from asserting claims under the Magnuson-Moss Warranty Act."  *Id.* at 966.

### B.    Plaintiff's MMWA Claim Stands With Her State Warranty Claim

Defendants argue that different standards apply under the MMWA than under express warranty claims brought under state law.  *See* Defs' Br. at 6-7.  That is incorrect.  "[C]laims under the Magnuson-Moss Act stand or fall with the express and implied warranty claims under state law."  *Cali v. Chrysler Group LLC,* 2011 WL 383952 at *4 (S.D.N.Y. Jan. 18, 2011) (citing *Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017, 1022-23 (9th Cir. 2008)); *see also Brady v. Basic Research, L.L.C.*, --- F. Supp. 3d ---, 2015 WL 1542094, at *11 (E.D.N.Y. Mar. 31, 2015) ("[T]he MMWA merely incorporates and federalizes state-law breach of warranty claims, including state-law standards for liability and damages, and thus, plaintiffs' breach of express warranty and MMWA claims stand or fall together.") (internal citations and quotations omitted);  *Diaz v. Paragon Motors of Woodside, Inc.*, 424 F. Supp. 2d 519, 540 (E.D.N.Y. 2006) ("The MMWA ... creates no additional bases for liability, but allows a consumer to recover damages under existing state law ...."); *Abraham v. Volkswagen of Am., Inc.,* 795 F.2d 238, 249 (2d Cir. 1986) (holding that state law governs whether lack of privity is a defense to an MMWA claim); *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1013-14 (D.C. Cir. 1986) ("[W]e think it beyond dispute that, as to both implied and written warranties, Congress intended the

application of state law."); *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1266 (N.D. Fla. 2012)

(holding that the MMWA "borrow[s] state law causes of action for breach of both written and

implied warranties"). Here, because the Complaint states a claim for breach of express warranty

under state law, it also states claims for violation of the MMWA. No additional analysis is

necessary.

Finally, Defendants argue that their representations were "at most, product descriptions."

Defs' Br. at 7. This argument merits little response. Defendants may plausibly argue that the

terms "Animal Repeller" and "Pest Repeller" might be product descriptions. But their

representations that the Pest Repellers are "fast and effective" to repel "mice rats, roaches

spiders, and ants" and "drive pests out," and that the Animal Repellers "PROTECT[] YOUR

YARD FROM UNWANTED ANIMALS" and "KEEP ANIMALS AWAY FROM TRASH" by

using sonic and ultrasonic sound waves to repel animals such as "squirrels, raccoons, skunks,

deer, rabbits, mice, stray cats," and "stray dogs" could not be construed as product mere "product

descriptions" by any reasonable consumer. *See* Complaint ¶¶ 2, 3, 8.

## IV.    PLAINTIFF PLEADS HER CLAIMS WITH PARTICULARITY

Defendants argue that "Plaintiff's "claims for violations of the CLRA, UCL, and FAL

have not been pled with sufficient particularity." Defs' Br. at 8. That is wrong. Fed. R. Civ. P.

9(b) requires that the complaint "(1) specify the statements that the plaintiff contends were

fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4)

explain why the statements were fraudulent." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493

F.3d 87, 99 (2d Cir. 2007). In other words, allegations of fraud must be accompanied by "who,

what, when, where, and how." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). On a

motion to dismiss, the court must read the complaint generously, accepting all allegations as true,

and draw all reasonable inferences in favor of the nonmoving party. *See Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865, 872 (9th Cir. 1992).

Here, Plaintiff's allegations satisfy the heightened pleading standard because they are sufficiently precise to allow Defendants to understand the nature of the allegations and to frame a responsive pleading. These allegations identify Defendants' fraudulent misrepresentations, where and when the misrepresentations were made, and explain why they are false. Plaintiff alleges she purchased a pack of Bell & Howell Ultrasonic Pest Repellers on July 4, 2014 from the Home Shopping Network for $42.95. Prior to purchasing the devices, Plaintiff saw Defendants' representations on the television, including that the devices were "fast and effective" to repel "mice, rats, roaches, spiders, and ants" and were effective to "Drive Pests Out." Plaintiff believed these representations to be true, and relied on them in that she would not have purchased the Ultrasonic Pest Repellers had she known that these representations were false and misleading. Upon receiving the devices in the mail, Plaintiff used the devices as directed, but they were ineffective to rid her house of pests. *See* Complaint ¶ 8.

In sum, the allegations in the Complaint provide "all of the essential factual background that would accompany the first paragraph of any newspaper story – that is the 'who, what, when, where and how' of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006) (citations omitted).

**Who:**     The Complaint specifically identifies Defendants as the entities that made misrepresentations about the Repellers. Complaint ¶ 8.

**What:**    "Ms. Hart saw Defendants' representations on the television, including that the devices were 'fast and effective' to repel 'mice, rats, roaches, spiders, and ants' and were effective to 'Drive Pests Out.'" *Id.* ¶ 8.

**Where:**   The "Home Shopping Network." *Id.*

**When:**    "[O]n July 4, 2014." *Id.*

12

**How:**          "Scientific studies show the Repellers do not work."  *Id.* ¶¶ 23-24.

Plaintiff's allegations therefore meet her burden under Rule 9(b).

Defendant argues that "there are no facts alleged explaining how or why the devices were

ineffective to rid Mr. Hart's house of pests."  Defs' Br. at 9 (emphasis, quotations, and

punctuation omitted).  That is wrong.  The Complaint specifically alleges that "[s]cientific

studies show the Repellers do not work," and explains the findings of those studies.  *Id.* ¶¶ 23-24.

No more could possibly be said about how or why the Repellers did not work.  Simply put, they

were ineffective because they do not work to repel pests or animals.

Defendant also argues that Ms. Hart doesn't allege whether the representations were

made by "one Defendant, both Defendants … or some third party."  Defs' Br. at 10.  But that

defies a plain reading of the complaint, which clearly states that "Ms. Hart saw **Defendants'**

representations on the television."  Complaint ¶ 8 (emphasis added).[4]

## V.    PLAINTIFF STATES A CLAIM FOR UNJUST ENRICHMENT

Defendants assert that Plaintiff's unjust enrichment claim fails because "California …

law do[es] not recognize an independent cause of action for unjust enrichment."  Defs.' Br. at 13.

That is incorrect.

Under California law, unjust enrichment may be asserted "as part of a claim of restitution

based on quasi-contract."  *Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796, at *11

(N.D. Cal. May 26, 2011).  Here, Plaintiff's unjust enrichment claim is properly grounded in

quasi-contract.  *See, e.g.*, *id.* (finding plaintiff's claim that defendant misrepresented its products

---

[4] Defendants also argue that while Ms. Hart states the date of her purchase, she does not state the date she viewed their representations on the Home Shopping Network.  Defs' Br. at 10.  That is nonsense.  It is plainly obvious that Ms. Hart placed her order immediately upon seeing their representations on the television, just like all other purchasers from the Home Shopping Network.

to be grounded in quasi-contract, and therefore finding it premature to dismiss an unjust enrichment claim on a motion to dismiss); *Hall v. Diamond Foods, Inc.*, 2014 WL 3779012, at *5 (N.D. Cal. July 31, 2014) (same); *see also In re Scotts EZ Seed Litig.*, 2013 WL 2303727, at *11 (S.D.N.Y. May 22, 2013) (permitting unjust enrichment claim under California law to proceed).

## VI.   IF THIS COURT DISMISSES PLAINTIFF'S CLAIMS, SUCH DISMISSAL SHOULD BE WITHOUT PREJUDICE

Should the Court find dismissal of any claims justified, Plaintiff seeks leave to amend the Complaint. "Fed. R. Civ. P. 15(a) requires that leave to amend shall be freely given when justice so requires." *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Defendants' motion to dismiss in its entirety.

Dated:  November 16, 2015

Respectfully submitted,

By:     */s/ Yitzchak Kopel*
       Yitzchak Kopel

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
Neal J. Deckant
Yitzchak Kopel
888 Seventh Avenue
New York, NY 10019
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
      jmarchese@bursor.com
      ndeckant@bursor.com

14

ykopel@bursor.com

*Attorneys for Plaintiff Joanne Hart*