# BURSOR & FISHER
P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
**www.bursor.com**

**YITZCHAK KOPEL**
Tel: **646.837.7127**
Fax: **212.989.9163**
ykopel@bursor.com

March 16, 2017

*Via ECF and Hand Delivery*

The Honorable William H. Pauley III
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Hart v. BHH, LLC d/b/a Bell + Howell, et al.*, Case No. 15-cv-04804

**Request to File Under Seal**

Dear Judge Pauley:

      I write on behalf of Plaintiff Joanne Hart and Sandra Bueno ("Plaintiffs") in the above action. Pursuant to Rule V.A of Your Honor's Individual Practices, Plaintiffs respectfully request leave to file under seal the March 16, 2017 Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Class Certification, Declaration of Yitzchak Kopel, and Declaration of Colin Weir.

      On November 10, 2016, the parties entered into an agreement for the discovery of confidential information (the "Agreement") at the request of several third parties who were producing proprietary business information in response to subpoenas served in this action. A copy of the agreement is attached hereto as **Exhibit 1**.

      The filings contain proprietary business information that third parties to this case have designated as confidential under the Agreement. Plaintiffs therefore seek to file the documents under seal to avoid public disclosure of this sensitive information.

      Pursuant to Rule V.A of Your Honor's Individual Practices, I have attached (1) one full set of the documents with the words, phrases, or paragraphs to be redacted highlighted; and (2) one partial set of solely those pages on which the party seeks to redact the material as **Exhibit 2** through **Exhibit 7**:

> **Exhibits 2 & 3:  Plaintiffs' Motion for Class Certification, and individual pages containing redacted information;**
> **Exhibits 4 & 5: Declaration of Yitzchak Kopel, and individual pages containing redacted information; and**
> **Exhibits 6 & 7: Declaration of Colin Weir, and individual pages containing redacted information.**

Very truly yours,

Yitzchak Kopel

CC:   All counsel of record (via email)

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOANNE HART

                Plaintiff,        Civil Action No. 15-cv-4804

    -against-

BHH, LLC,

                Defendant.

---

## AGREEMENT FOR THE
## DISCOVERY OF CONFIDENTIAL INFORMATION

The parties hereto, through their counsel, agree that these proceedings may involve the disclosure of confidential or proprietary information or records; therefore, they further agree that these proceedings shall be governed by the following Confidentiality Agreement:

1. <u>Information That May Be Designated As Confidential</u>. The parties hereto may designate as "Confidential Information" any of the following: (a) documents produced by one or more of them at any time in this litigation; (b) documents produced by a non-party in this litigation; (c) interrogatory answers, responses to document requests, and responses to requests for admissions; (d) deposition transcripts or any part thereof; and (e) access to premises for inspection or information. The parties' agreement to utilize certain definitions of "Confidential Information" herein is solely for the purpose of facilitating discovery in this matter and does not constitute an admission that any particular category of information is "Confidential Information" under the law governing the merits of the parties' respective claims and/or defenses in this litigation.

2. This Agreement shall not apply to information or tangible items obtained by means independent of voluntary production by another party, discovery or other proceedings in this action, provided that the acquisition of the information or tangible item has been through lawful means. The restrictions set forth in this Agreement shall not apply to information or tangible items which at or prior to disclosure in this action, are or were within public knowledge through lawful means, or which, after disclosure, come within public knowledge other than by act or omission of the one receiving the Confidential Information or its agents, consultants or attorneys.

3. <u>Categories of Protected Information</u>.

   a. <u>Use of The Term "Confidential Information"</u>. As used in this Agreement, and except as otherwise set forth, "Confidential Information" includes both information designated as "Confidential" and "Highly Confidential – Attorneys' Eyes Only."

   b. <u>Basis For Designation As "Confidential"</u>. Information may be designated as "Confidential" based upon a good faith belief that the information constitutes or contains information of the designating party which is not available to the general public, including, but not limited to, trade secrets, know-how, proprietary data and/or other technical, commercial, business, financial or personal information.

   c. <u>Basis For Designation As "Highly Confidential – Attorneys' Eyes Only"</u>. Information may also be designated as "Highly Confidential – Attorneys' Eyes Only" based upon a good faith belief that the information constitutes or contains the designating party's (i) highly sensitive personal information which if placed in the hands of a third party may violate the designating party's privacy because said information relates to the designating party's: financial or housing situation,

    employment or family status, or other confidential and private information, as well as highly sensitive matters relating to the designating party's personal and/or professional life; or (ii) highly sensitive business confidential information which if placed in the hands of a third party may place the designating party at a competitive disadvantage because said information relates to the designating party's: pricing, financial records, sales strategies, distribution strategies, manufacturing procedures, technical knowledge, unpatented inventions, patent applications, technical development plans and notes, manufacturing secrets, secret processes, formulae, potential customers, and potential distributors, or other confidential and proprietary information, as well as highly sensitive trade secrets relating to the designating party's market plans in its or his industry.

d.  As used in this Agreement, and except as otherwise set forth, "Confidential Information" includes information designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only."

e.  <u>Dispute Mechanism for Modification to Categories</u>. The parties reserve the right to add additional areas covered under both the "Confidential" and "Highly Confidential – Attorneys' Eyes Only" categories if a party later determines that a particular document should be protected by the designations but for some reason the document does not fall under the above categories of protected information. If a party decides that it or he must modify the particular category to include or exclude a document(s), the party shall notify the other parties of its or his intention to modify the category of protected documents and state precisely the proposed modified category. The document(s) in question should be produced to the

opposing counsel (if any) in the "Highly Confidential-Attorneys' Eyes Only" Category or, if already produced, treated by the parties as if in the "Highly Confidential-Attorneys' Eyes Only" Category. Once the designating party requests a modification of a category to include a document, the document may only be viewed by opposing counsel (if any) in the "Highly Confidential-Attorneys' Eyes Only" Category, unless or until the Court rules otherwise. The parties shall attempt in good faith to resolve any dispute that may arise and should only seek appropriate application with the Court in order to protect the rights created by this Agreement. Within ten (10) business days of a notice, the opposing party(ies) shall either (i) grant the requested broadening of the category, or (ii) file a motion with the Court requesting a determination by the Court as to whether the requested modification to either the "Confidential" category or the "Highly Confidential – Attorneys' Eyes Only" category shall be permitted. If any party opposing the modification fails to file a motion within ten (10) business days as stated, that party shall be deemed to have granted the modification of the category.

4.  <u>Permissible Use Of Confidential Information</u>. Any person having access to Confidential Information shall use it only for the purposes of this litigation (including appeals) and any related claims in bankruptcy court based on underlying facts of this litigation; shall not disclose it to anyone other than those persons designated herein; and shall handle it in the manner set forth in this Agreement. The designation of material as Confidential Information shall not itself affect the rights of the designator (or the designator's authorized representative) to give or disclose the Confidential Information to any person for any

reason, and such giving or disclosing of Confidential Information shall not be deemed a waiver of this Agreement.

5. <u>Persons With Access To Information Designated as Confidential</u>. Access to information designated as "Confidential" shall be limited to:

   a. Plaintiff Joanne Hart, and her attorneys, as well as the attorneys for any class members she may ultimately be held to represent;

   b. Defendant BHH, LLC, and its successors, including its officers, directors, in-house counsel, employees, and former employees;

   c. The Court, the Court's assistants, and court reporters;

   d. During their depositions, witnesses in the action to whom disclosure is reasonably necessary;

   e. Outside counsel for the parties whose law firms have entered an appearance in this case (including their partners, of counsel, associates, employees, agents and clerical assistants) ("Counsel of Record");

   f. Experts and consultants (including their employees and clerical assistants) who are employed, retained, or otherwise consulted by Counsel of Record for the parties for the purpose of analyzing data, conducting studies, or providing opinions for assistance in this litigation;

   g. Witnesses currently employed by any party who previously had access to the information; and

6. **Persons With Access To Information Designated as Highly Confidential – Attorneys' Eyes Only.** Access to information designated as "Highly Confidential – Attorneys' Eyes Only" shall be limited to:

   a. Counsel of Record;

   b. The Court, the Court's assistants, and court reporters;

   c. Experts and consultants (including their employees and clerical assistants) who are employed, retained, or otherwise consulted by Counsel of Record for the parties for the purpose of analyzing data, conducting studies, or providing opinions for assistance in this litigation;

   d. During their depositions, employees or representatives of the producing party;

   e. Any other person only upon order of the Court or upon stipulation of the party that designated the Confidential Information; and

   e. In no event, shall a named party or its employees, officers, directors, affiliates, parent companies, subsidiaries, partners, or shareholders have access to information that another party has designated as "Highly Confidential – Attorneys' Eyes Only," except as set forth in paragraph 6(d), above.

7. Any party disclosing Confidential Information to a person listed in Paragraph 5(e) or 5(f); Paragraph 6(c) or 6(d); or any party who is not a signatory to this Confidentiality Agreement; shall advise such person of the existence of this Confidentiality Agreement and the terms herein (but only to the extent the person is not an officer, director or employee of the producing party). Furthermore, prior to disclosing Confidential Information to a person listed in Paragraph 5(e) or 5(f); Paragraph 6(c) or 6(d); or any party who is not a signatory to this Confidentiality Agreement; the disclosing party shall obtain a signed

declaration (in the form attached as Exhibit "1" hereto) from such person (but only to the extent the person is not an officer, director or employee of the producing party). The executed declaration, Exhibit 1, shall be retained by the disclosing party.

8. <u>Filing And Use Of Confidential Information In The Litigation</u>. Unless provided herein, the label "Confidential Subject to Confidentiality Agreement of Parties" must appear on the front page of all documents filed with the Court that contain Confidential Information. All Confidential Information that bears the label "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be filed, with the Court's permission and consistent with the applicable rules, in a sealed envelope marked on the outside with the title of the action and a statement substantially in the following form:

**CONFIDENTIAL**

**THIS ENVELOPE [*OR OTHER CONTAINER*] CONTAINING PAPERS FILED BY [*NAME OF PARTY*] IS NOT TO BE OPENED OR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY THE COURT OR BY AGREEMENT OF THE PARTIES.**

9. <u>Procedures To Designate Confidential Information</u>. For the purposes of this Agreement, "documents" shall have the broadest possible meaning as defined in both Plaintiff's and Defendants' discovery requests (and such definitions are incorporated by reference herein).

    a. Each party to this litigation, or any non-party that produces or discloses information which the producing party believes, in good faith, to constitute Confidential Information, as defined by this Agreement, may designate the same as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with the provisions of this Agreement. In the case of documents, designation shall be made by placing the words "CONFIDENTIAL" or "HIGHLY

- 7 -

144234.00100/103845317v.1

CONFIDENTIAL – ATTORNEYS' EYES ONLY" on at least the first page of the document prior to production. In the event that documents are produced before they are marked Confidential, once specific documents have been designated for copying, any documents containing Confidential Information will then be marked as "Confidential" after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of Confidential documents before they are copied and marked "Confidential" pursuant to this procedure.

b.  Each party to this litigation may also designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with the provisions of this Agreement any Confidential Information, as defined by this Agreement, produced by a non-party to this litigation by providing written notice to every other party within ten (10) business days from the date of the designating party's receipt of the documents produced by the non-party. Failure to do so within the time prescribed shall constitute a waiver of the party's right to designate the information produced by the non-party as Confidential Information. From the time that information is received from a non-party until the expiration of the 10-day period following any party's receipt, all information produced by a non-party shall be designated "Highly Confidential – Attorneys' Eyes Only."

c.  Whenever a deposition taken on behalf of any party or an inspection of premises is made which involves a disclosure of Confidential Information:

   i.  Said deposition, inspection or portions thereof may be designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only." Such

designations shall be made on the record whenever possible, but a party may designate portions of depositions as "Confidential" or "Highly Confidential – Attorney's Eyes Only" or after transcription by no later than ten (10) business days after that party's receipt of the deposition transcript or notice of errata, whichever is later, informing the other parties to this action in writing of the portions of the transcript designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only"; and

  ii. The disclosing party shall have the right to exclude from attendance at depositions or inspections, during time(s) that Confidential Information is or may be disclosed, any person other than a deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraphs 5 and 6 above. The Confidential Information shall not be disclosed until requirements of this provision have been met or waived; and

  iii. The original transcripts containing Confidential Information and all copies thereof shall bear the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as appropriate.

10. <u>Retention of Confidential Information</u>. All Confidential Information which has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the producing or disclosing party, and any and all reproductions thereof shall be retained only in the custody of counsel (if any) for the receiving party, and experts and consultants authorized to view such information under the terms of this Agreement may retain custody

of such copies as are necessary for their participation in this litigation and any related claims in bankruptcy court based on underlying facts of this litigation.

11. <u>Disclosure Of Confidential Information In Other Actions</u>. In the event that a person (the "recipient") subject to this Agreement receives a subpoena related to another action that seeks the production of Confidential Information (which was produced by another party or non-party in this action), the recipient shall, within not more than ten (10) business days after service or other receipt of the subpoena, provide notice to the party that designated such information as Confidential Information (the "designating party"). To the extent permitted by law, the recipient shall not produce the Confidential Information at issue for at least ten (10) business days from the date the recipient receives the subpoena and shall cooperate fully with the designating party in contesting the subpoena.

12. <u>Return Of Confidential Information</u>. Immediately after entry of final judgment including appeals, or of dismissal in connection with this action and any related claims in bankruptcy court based on underlying facts of this litigation, all Confidential Information produced in this litigation, including any copies thereof and summaries or descriptions thereof contained in other documents, shall be returned to counsel for the party that produced it or destroyed. The party in possession of the information shall provide written confirmation of the destruction of the Confidential Information, upon request.

13. <u>Inadvertent Production</u>. Inadvertent production of information considered Confidential Information without the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation shall not constitute a waiver of the producing party's right to designate the information produced as Confidential Information. The producing party shall give prompt written notice to the party(ies) receiving the information which was produced without the

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation as soon as the omission is discovered. The receiving party(ies) shall then mark as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" all documents or things indicated by the producing party as having been produced without such designation, and treat those documents in accordance with this Agreement. Further, if multiple versions of the same document are produced with different confidentiality designations, the more restrictive designation shall apply to all copies produced even if not so designated.

14. Challenges To Designations Of Confidentiality.

   a. No party concedes that any material designated by any other person as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does in fact contain or reflect trade secret, proprietary or confidential information, or has been properly designated as Confidential Information. Any party may at any time move for relief from the provisions of this Agreement with respect to specific material, as set forth below.

   b. If a receiving party believes that any information labeled Confidential Information is not properly designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the receiving party may, at any time, notify the designating party and request a release of confidentiality or modification of the confidentiality designation. The parties shall attempt in good faith to resolve any dispute that may arise and should only seek appropriate application with the Court in order to protect the rights created by this Agreement after all reasonable efforts to privately resolve their dispute have failed. If the designating party does not grant the requested release or modification of confidentiality within ten (10) business days, the

requesting party may thereafter file a motion with the Court seeking a determination by the Court as to whether the information at issue shall be treated as "Confidential" or "Highly Confidential – Attorney' Eyes Only" under the terms hereof. If a party files a motion with the Court requesting such a determination, the confidential status of the information shall be maintained pending the Court's ruling on the motion. The burden of proving confidentiality of designated information remains with the party asserting such confidentiality. The parties shall not be obligated to challenge the propriety of any designation of information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and the failure to do so promptly shall not preclude any subsequent objection to such designation.

15. <u>Reservation of Rights</u>. The parties agree that the execution of this Agreement shall not constitute a waiver of any rights under any applicable law and/or rules. In addition, nothing in the foregoing provisions of this Agreement shall be deemed to preclude any party or non-party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Agreement with respect to particular material designated as containing Confidential Information.

16. <u>No Waiver of Attorney-Client Privilege.</u> The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is subject to the attorney-client privilege or is protected from discovery as work product within the meaning of Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502. No party shall be held to have waived any rights by such inadvertent production.

144234.00100/103845317v.1

17. Production or disclosure of Confidential Information under this Agreement shall not prejudice the right of any person making that production or disclosure to maintain the trade secret status, confidentiality and/or privacy of that information in other contexts.

18. Nothing in this Agreement shall affect in any way any party's rights to introduce Confidential Information into evidence during trial or at any hearing in the above-captioned matter, or as otherwise directed by the Court.

19. This Confidentiality Agreement may be signed in counterparts.

IT IS SO AGREED:

Dated: October __, 2016

_____
BLANK ROME LLP
Bruce M. Gorman, Jr., Esq.
301 Carnegie Center
Princeton, NJ 08540
(t) (609) 750-7700
(f) (609) 897-7283
Gorman@blankrome.com

*Attorneys for Non-Party Dr. Leonard's Healthcare Corp.*

Dated: ~~October~~ Nov. 10, 2016

_____
BURSOR & FISHER, P.A.
Yitzchak Kopel, Esq.
888 Seventh Ave.
New York, NY 10019
(t) (646) 837-7127
ykopel@bursor.com

*Attorneys for Plaintiff*

Dated: ~~October~~ November 9, 2016

_____
LEAHY, EISENBERG & FRANENKEL, LTD.
Scott Wing, Esq.
33 West Monroe Street, Suite 1100
Chicago, IL 60603
(t) (312) 368-4554
sw@lefltd.com

*Attorneys for Defendant*

- 14 -

144234.00100/103845317v.1

**Exhibit 1 to Confidentiality Agreement**

## DECLARATION

I, _____, hereby understand and agree that information and/or documents designated as Confidential Information shall be provided to me subject to the terms and conditions set forth in the Agreement for the Discovery of Confidential Information (the "Agreement"), which was agreed to by the parties in the matter entitled *Joanne Hart v. BHH, LLC*, Civil Action No. 15-cv-4804.

I hereby acknowledge that I have been given a copy of and have read the Agreement. I agree that I shall not disclose the information and/or documents to others and that the information and/or documents shall be used only for the purpose of this litigation. I agree that, following the conclusion of this litigation, I will return or destroy all Confidential Information, including all copies thereof and all summaries or descriptions thereof contained in other documents.

I further agree to be bound by the terms of the Agreement and to subject myself to the jurisdiction of the United States District Court, Southern District of New York for the enforcement of the Agreement and understand that, in the event that I fail to abide by the terms of the Agreement, I may be subject to sanctions by the Court.

Date: _____     _____
                                                                              Name

144234.00100/103845317v.1