**BURSOR & FISHER**
P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
www.bursor.com

YITZCHAK KOPEL
Tel: **646.837.7127**
Fax: **212.989.9163**
ykopel@bursor.com

April 24, 2017

**MEMO ENDORSED**

*Via ECF and U.S. Mail*

The Honorable William H. Pauley III
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Hart, et al. v. BHH, LLC d/b/a Bell + Howell*, *et al.*, Case No. 15-cv-04804

Dear Judge Pauley:

      Plaintiffs Joanne Hart and Sandra Bueno submit this discovery dispute letter pursuant to Fed. R. Civ. P. 37, Local Civil Rule 37.2, and Rule III(a)(iv) of Your Honor's Individual Practices. Plaintiffs requested that Defendants participate in submission of this letter to the Court, but their requests were ignored.

      Most recently, on April 10, 2017, Plaintiffs emailed a draft of this letter to defense counsel, asking from them to "please complete Defendants' portion and return to me." On April 24, 2017, defense counsel responded that Defendants' offices were "closed this week, and the beginning of next week, for Passover. As such, I request that you give us until the end of next week before filing the dispute letter with the court." Plaintiffs agreed to the extension.

      On April 20, 2017, two days after the conclusion of Passover, Plaintiffs' counsel followed up by email: "When do you think you can get me a response? I'd like to file this tomorrow." Defense counsel never responded.

**Plaintiffs' Statement:**

      As detailed below, Plaintiffs have discovered evidence suggesting that Defendant may have withheld sales figures for additional "item numbers" of the Bell + Howell Pest Repellers ("Pest Repllers") at issue in this case. Plaintiffs request that the Court compel Defendants to either (1) produce any withheld sales figures for these item numbers or (2) produce documents evidencing the fact that the sales of these item numbers were already previously produced to Plaintiffs.

      On November 30, 2016, in the middle of Defendants' Rule 30(b)(6) deposition, Defendants produced a document which (the witness claimed) contained "the entirety of Bell + Howell pest repeller sales between April 20, 2011 and June 15th, 2016." Mishan Dep. at 207:22-208:1. This document, marked as Plaintiffs' Exhibit # 27, is attached hereto as Exhibit 1.

The document shows sales figures for 37 different item numbers of the Pest Repellers, all of which are identified by a five-digit number, ranging from 50101 to 50199.

The back of each device sold displays a "Model No." which corresponds to Defendants' internal item number. As an exemplar, Plaintiffs have attached a photo hereto as Exhibit 2, showing a device marked as "Model No. 50167." This corresponds directly to one of the item numbers listed in Exhibit 1.

However, Plaintiffs recently discovered that many of the devices distributed by Defendants were marked with model numbers listed as "SB-[three numbers]. As an exemplar, Plaintiffs have attached a photo hereto as Exhibit 3, showing a device marked as "Model No. SB-194." This does not correspond to any of the item numbers listed in Exhibit 1, or any other document produced by Defendants.

When Plaintiffs raised this issue with Defendants, Defense counsel responded that "the number printed on the device" was added by the manufacturer and it "may or may not actually correspond to the internal … Van Hauser SKU. So the SB numbered models are included within the sales and return figures we previously produced."

Plaintiffs requested that Defendants provide documentary evidence linking the SB numbered models to the item numbers listed in Defendants' documents. But Defendants have refused.

While Plaintiffs do not doubt Defense counsel's representations regarding these item numbers, they nonetheless request that the Court compel Defendants to produce confirmatory evidence, particularly given the history of discovery in this case.

On February 3, 2016, at the end of the initial Rule 30(b)(6) deposition for Defendants in this case, Plaintiffs' counsel noted that "I am going to be suspending my questioning of you at this time. However, I am going to note for the record that today's testimony revealed that there were significant amounts of documents and other evidence that have not been produced, have been withheld to date. In the coming days Plaintiff will be requesting production of such documents and evidence, and plaintiff will likely be required to reopen this deposition at such time as that evidence is produced. Mishan Dep. at 190:7-19.

On June 2, 2016, the Court ordered Defendants to produce the missing documents, which included complete sales figures for the Pest Repellers. Defendants made further productions through summer 2016.

On November 30, 2016, when the Rule 30(b)(6) deposition was reopened, the witness referenced Exhibit 1 in his testimony. *See* Mishan Dep. 206:11-13 ("We gave you a cume sheet that had all the item numbers and descriptions."). Except that document was never provided to Plaintiffs prior to the deposition. The parties went off the record while the document was produced. But Plaintiffs would have never known the document existed if it had not been mentioned.

BURSOR&FISHER
P.A.

PAGE 3

      Plaintiffs therefore request that the Court compel the production of these documents. Plaintiffs also request that the Court award reasonable costs and attorney's fees as this is now their third motion to compel in this case (all of which were unilaterally filed due to Defendants' refusal to participate).

**Defendants' portion:**

[Defendants refused to participate in this letter].

                      Very truly yours,

                      Yitzchak Kopel

CC:    All counsel of record (via ECF)

```
     Defendants are directed to submit a response to this letter.
```

SO ORDERED:

_____
WILLIAM H. PAULEY III    4-25-17
U.S.D.J.