## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JOANNE HART and SANDRA BUENO,   )
on behalf of themselves and all       )    CASE NO. 1:15-cv-04804-WHP
others similarly situated,             )
                                 )    JUDGE WILLIAM H. PAULEY
          Plaintiffs,         )
                                 )    **DEFENDANTS' ANSWER TO**
      v.                       )    **PLAINTIFFS' AMENDED**
                                 )    **CLASS-ACTION COMPLAINT**
BHH, LLC d/b/a BELL + HOWELL,    )    **AND AFFIRMATIVE DEFENSES**
and VAN HAUSER, LLC,            )
                                 )
         Defendants.        )

     NOW COME Defendants, BHH, LLC d/b/a BELL + HOWELL and VAN HAUSER,

LLC, by and through their counsel, LEAHY, EISENBERG, AND FRAENKEL, LTD., and for

their Answer to Plaintiffs' Amended Class-Action Complaint, state as follows:

## NATURE OF THE ACTION

     1.     This is a class action lawsuit on behalf of purchasers of Bell + Howell Ultrasonic
Pest Repellers ("the Repellers").

**ANSWER:**    **Defendants offer no response to Plaintiff's characterization of this matter,
other than to deny any factual allegations set forth therein.**

     2.     Defendants represent that their Ultrasonic Pest Repellers use "ultrasonic sound
waves" to repel "mice, rats, roaches, spiders, and ants" and are will "Drive Pests Out!" But that is
false and misleading. Scientific evidence shows these devices do not repel pests. Defendants'
Ultrasonic Pest Repellers are ineffective and worthless.

**ANSWER:**    **Denied.**

     3.     Dozens of studies have shown that the ultrasonic technology does not work. In
one study published by Utah State University, the researchers concluded that ultrasonic devices
are ineffective and "not recommended as a solution to rodent problems." In another study from
the University of Nebraska, the researchers concluded that "there have been so many failures
reported with high-frequency sound that little can be said in favor of such devices."

**ANSWER:**    **In response to the allegations in Paragraph 3, Defendants assert that each of
the documents cited by Plaintiffs speaks for itself. Defendants deny Plaintiffs'
characterization of the documents and specifically deny that they have any**

application to Defendants.

4.      Recognizing the weight of the scientific evidence against the efficacy of electronic pest and animal control devices, the Federal Trade Commission ("FTC") has issued multiple letters to, and even instituted several actions against, manufacturers and retailers of these devices. But unscrupulous manufacturers such as Defendants continue to dupe consumers.

**ANSWER:**   **Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 4 with respect to any actions by the FTC and therefore, deny same. Defendants deny the allegations in Paragraph 4 with regard to any alleged acts by Defendants.**

5.      Plaintiffs are purchasers of the Repellers who assert claims on behalf of themselves and similarly situated purchasers of the Repellers for violations of California consumer protection laws, fraud, and breach of express warranty.

**ANSWER:**   **Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 5 and therefore, deny same.**

## PARTIES

6.      Plaintiff Joanne Hart is a citizen of California who resides in Palm Desert, California. Ms. Hart purchased a pack of Bell & Howell Ultrasonic Pest Repellers on July 4, 2014 from the Home Shopping Network for $42.95. Prior to purchasing the devices, Ms. Hart saw and heard Defendants' representations that the devices were "ultrasonic pest repellers" that would repel and drive out "mice," "rats," "roaches," "ants," and "spiders." Ms. Hart believed these representations to be true, and relied on them in that she would not have purchased the Ultrasonic Pest Repellers had she known that these representations were false and misleading. Upon receiving the devices in the mail, Ms. Hart used the devices as directed, but they were ineffective to rid her house of pests.

**ANSWER:**   **Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 6 and therefore, deny same.**

7.      Plaintiff Sandra Bueno is a citizen of California who resides in Pacoima, California. Ms. Bueno purchased a Bell & Howell Ultrasonic Pest Repeller on May 21, 2016 from the Harriet Carter Gifts catalogue. Prior to purchasing the device, Ms. Bueno saw Defendants' representations that the devices were "ultrasonic pest repellers" that would repel and drive out "mice," "rats," "roaches," "ants," and "spiders." Ms. Bueno believed these representations to be true, and relied on them in that she would not have purchased the Ultrasonic Pest Repeller had she known that these representations were false and misleading. Upon receiving the device in the mail, Ms. Bueno used the device as directed, but it was ineffective to rid her house of pests.

**ANSWER:**     **Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 7 and therefore, deny same.**

8.    Defendant BHH, LLC is a New York corporation with a principal place of business at 230 Fifth Ave, New York, NY 10001. BHH, LLC does business as "Bell + Howell" and is responsible for the sales and marketing of the Repellers in the United States.

**ANSWER:**     **Defendants admit that BHH, LLC is a New York corporation with a principal place of business at 230 Fifth Ave, New York, NY 1001. Defendants deny the remaining allegations in Paragraph 8.**

9.    Defendant Van Hauser LLC is a New York corporation with a principal place of business at 230 Fifth Ave, New York, NY 10001. Van Hauser LLC is responsible for the manufacture and distribution of the Repellers in the United States.

**ANSWER:**     **Defendants admit that Van Hauser, LLC is a New York corporation with a principal place of business at 230 Fifth Ave, New York, NY 1001. Defendants deny the remaining allegations in Paragraph 9.**

10.    At all times relevant to the allegations in this matter, each Defendant acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendant within the course and scope of the agency, regarding the acts and omissions alleged.

**ANSWER:**     **Denied.**

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

**ANSWER:**     **Paragraph 11 does not contain allegations of fact, but rather calls for a legal conclusion to which no response is required. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 11.**

12.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants' principal place of business is in this district.

**ANSWER:**     **Paragraph 12 does not contain allegations of fact, but rather calls for a legal conclusion to which no response is required. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 12.**

13.    All conditions precedent necessary for filing this Complaint have been satisfied and/or such conditions have been waived by the conduct of Defendants.

**ANSWER:**     **Defendants assert that Paragraph 13 does not contain allegations of fact, but rather calls for a legal conclusion to which no response is required. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 13.**

## FACTS COMMON TO ALL CAUSES OF ACTION

### A.     Defendants' False Claims of Efficacy

14.     Defendants represent their Ultrasonic Pest Repellers are "Fast and Effective" and use "Ultrasonic sound waves to help repel… mice, rats, roaches, spiders, and ants." Defendants represent their devices are "Easy To Use. Just Plug It In!" Defendants further represent that all the consumer has to do is "Plug It In … Drive Pests Out!"



**ANSWER:**     **The product packaging pictured in connection with Paragraph 14 speaks for itself. Defendants deny Plaintiffs' characterization of the packaging in Paragraph 14 and deny that the quoted language in Paragraph 14 constitutes a specific "representation" by Defendants.**

### B.     Scientific Studies Show The Repellers Do Not Work

15.     Utah State University published a study evaluating various methods for removing

4

household rodents. The purpose of the publication was to educate consumers as to the best ways to remove mice and rats from the household. In doing so, the study looked at the effectiveness of seven different rodent removal techniques. The analysis pertaining to ultrasonic devices warned "advertising claims made by companies that produce ultrasonic devices have not withstood scientific scrutiny." For this reason, researchers concluded that ultrasonic devices are "not recommended as a solution to rodent problems."

**ANSWER:** **The document cited by Plaintiffs in Paragraph 15 speaks for itself. Defendants deny Plaintiffs' characterization of the document and specifically deny that it has any application to Defendants.**

16. Similarly, the University of Nebraska published a meta-analysis of dozens of studies that examined the effectiveness of pest-control techniques, or "frightening methods." The stated purpose of the publication was to determine the best way to scare away unwanted animals. Of the studies reviewed, eight considered ultrasonic sound as a potential frightening method. Ultrasonics, the review says, "will not drive established rodents out of buildings or areas." The researchers conclude "there have been so many failures reported with high-frequency sound that little can be said in favor of such devices."

**ANSWER:** **The document cited by Plaintiffs in Paragraph 16 speaks for itself. Defendants deny Plaintiffs' characterization of the document and specifically deny that it has any application to Defendants.**

**C.** **History of FTC Warning Ultrasonic Pest Repeller Manufacturers**

17. In May of 2001, the FTC sent warning letters to over 60 manufacturers and retailers of ultrasonic pest-control devices. After investigation, the FTC found that many of the advertisements make explicit false claims about the products' ability to eliminate rodents or repel insects. According to FTC staff, these types of claims may not be in compliance with the FTC Act, which prohibits false and deceptive advertising.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 17 and therefore, deny same.**

18. From 1985 to 1997, the FTC brought actions against six companies that made false claims about the effectiveness of ultrasonic devices in controlling rodent and insect infestations.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 18 and therefore, deny same.**

19. The types of claims challenged by the FTC included representations that ultrasonic devices can eliminate rodent infestations, repel insects, and serve as an effective alternative to conventional pest-control products, among others.

**ANSWER:**   **Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 19 and therefore, deny same.**

20.    Prior FTC complaints alleged that any reaction by rodents to ultrasonic sound would be temporary at best because rodents become accustomed to ultrasonic sound, and will return to their nesting or feeding areas even in the presence of an ultrasonic device.

**ANSWER:**   **Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 20 and therefore, deny same.**

## CLASS REPRESENTATION ALLEGATIONS

21.    Plaintiff Joanne Hart seeks to represent a class defined as "all persons who purchased one or more Bell + Howell ultrasonic pest repellers in the state of California from April 16, 2011 to June 15, 2016, excluding persons who purchased for purpose of resale" (the "California Class").

**ANSWER:**   **Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 21 and therefore, deny same.**

22.    Plaintiff Sandra Bueno also seeks to represent another class defined as "all persons who purchased one or more Bell + Howell ultrasonic pest repellers in the United States from April 16, 2011 to June 15, 2016, excluding persons who purchased for purpose of resale" (the "Fraud Class").

**ANSWER:**   **Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 22 and therefore, deny same.**

23.    Ms. Bueno also seeks to represent another class defined as "all persons who purchased one or more Bell + Howell ultrasonic pest repellers in the states of Alaska, California, Colorado, Delaware, Iowa, Kansas, Maine, Minnesota, Missouri, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Texas, Utah, Vermont, Virginia, Washington, West Virginia, and Wyoming from April 16, 2011 to June 15, 2016, excluding persons who purchased for purpose of resale" (the "Breach of Express Warranty Class").

**ANSWER:**   **Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 23 and therefore, deny same.**

24.    Members of the Classes are so numerous that their individual joinder herein is

impracticable. On information and belief, members of the Classes number in the millions. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

**ANSWER:     Denied.**

25.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants' advertising and marketing of the Repellers is false and misleading and whether the Repellers are effective in repelling pests.

**ANSWER:     Denied.**

26.     The claims of the named Plaintiffs are typical of the claims of the Classes in that the named Plaintiffs were exposed to Defendants' false and misleading marketing and representations, purchased the Repellers, and suffered a loss as a result of that purchase.

**ANSWER:     Denied.**

27.     Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

**ANSWER:     Denied.**

28.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**ANSWER:     Denied.**

## COUNT I

**Violation Of California's Consumers Legal Remedies Act ("CLRA"), California**

**Civil Code §§ 1750, *et seq.***

29.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

**ANSWER:     Defendants repeat, re-allege, and incorporate by reference as though fully set forth herein, each and every admission, denial, and qualification set forth in Defendants' answers to the proceeding allegations.**

30.     Plaintiff Hart brings this claim individually and on behalf of the California Class against Defendants.

**ANSWER:     Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 30 and therefore, deny same.**

31.     Plaintiff Hart and the California Class members are consumers who purchased the Repellers for personal, family, or household purposes. Plaintiff Hart and the California Class members are not sophisticated experts with independent knowledge of ultrasonic pest control devices.

**ANSWER:     Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 31 and therefore, deny same**

32.     The Repellers that Plaintiff Hart and other California Class members purchased from Defendants were "goods" within the meaning of Cal. Civ. Code § 1761(a).

**ANSWER:     Admitted.**

33.     Defendants' actions, representations, omissions and conduct have violated and continue to violate the CLRA because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

**ANSWER:     Denied.**

34.     Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have …." Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

**ANSWER:     The cited statutory provisions in Paragraph 34 speak for themselves. Defendants deny Plaintiffs' characterizations of said provisions to the extent that they are inconsistent with the statute as written.**

35.     Defendants violated Cal. Civ. Code § 1770(a)(5) and (a)(9) by misrepresenting

that the Repellers were capable of repelling pests and animals as described above. Defendants knew or should have known, based on pre-market testing, and FTC warnings that the Repellers were not capable of repelling pests.

**ANSWER:**    **Denied.**

36.    A reasonable consumer would not have purchased the Repellers had Defendants disclosed their defective condition or refrained from the affirmative misstatements identified above because that information is material to a reasonable consumer.

**ANSWER:**    **Denied.**

37.    Plaintiff Hart and the California Class suffered injuries caused by Defendants because: (a) they would not have purchased the Repellers had they known the Repellers were ineffective at repelling pests and animals; and (b) the Repellers did not have the characteristics, uses, or benefits as promised.

**ANSWER:**    **Denied.**

38.    On or about June 17, 2015, prior to filing this action, a CLRA notice letter was served on Defendants which complies in all respects with California Civil Code § 1782(a). Plaintiff Joanne Hart sent Defendants a letter via certified mail, return receipt requested, advising it that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. A true and correct copy of the notice letter is attached hereto as Exhibit A.

**ANSWER:**    **The document attached as Exhibit A that is referenced in Paragraph 38 speaks for itself. Defendants deny the allegations in Paragraph 38 to the extent that they are inconsistent with the document as written.**

39.    Wherefore, Plaintiff Hart seeks damages, restitution, and injunctive relief for this violation of the CLRA against Defendants.

**ANSWER:**    **Denied.**

## COUNT II

### Violation Of California's Unfair Competition Law ("UCL"), California Business & Professionals Code §§ 17200, *et seq.*

Count II was dismissed pursuant to the Court's July 7, 2017 Memorandum Opinion and

Order, and therefore, Defendants offer no response to the allegations contained therein. To the

extent that a response is required, Defendants deny the allegations contained in Paragraphs 40-50

of Count II of Plaintiff's Amended Class-Action Complaint.

## COUNT III

**Violation Of California's False Advertising Law ("FAL"), California Business & Professions Code §§ 17500, *et seq.***

Count III was dismissed pursuant to the Court's July 7, 2017 Memorandum Opinion and Order, and therefore, Defendants offer no response to the allegations contained therein. To the extent that a response is required, Defendants deny the allegations contained in Paragraphs 51-59 of Count III of Plaintiff's Amended Class-Action Complaint.

## COUNT IV

**Breach Of Express Warranty**

60.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

**ANSWER:     Defendants repeat, re-allege, and incorporate by reference as though fully set forth herein, each and every admission, denial, and qualification set forth in Defendants' answers to the proceeding allegations.**

61.     Plaintiff Bueno brings this claim individually and on behalf of members of the Breach of Express Warranty Class against Defendants.

**ANSWER:     Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 61 and therefore, deny same.**

62.     In connection with the sale of the Repellers, Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers issued written warranties by representing that the products were "ultrasonic pest repellers" that would repel and drive out "mice," "rats," "roaches," "ants," and "spiders."

**ANSWER:     Denied.**

63.     In fact, the Repellers do not conform to the above-referenced representations because they are ineffective and worthless.

**ANSWER:     Denied.**

64.     Plaintiff Bueno and Breach of Express Warranty Class members were injured as a direct and proximate result of Defendants' breaches because they would not have purchased the Repellers if they had known that the Repellers did not work as warranted.

**ANSWER:**     **Denied.**

## COUNT V

### (Fraud)

65.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

**ANSWER:**     **Defendants repeat, re-allege, and incorporate by reference as though fully set forth herein, each and every admission, denial, and qualification set forth in Defendants' answers to the proceeding allegations.**

66.     Plaintiff Bueno brings this claim individually and on behalf of the members of the Fraud Class against Defendants.

**ANSWER:**     **Defendants lack sufficient knowledge or information to form a belief as to the truth or veracity of the allegations contained in Paragraph 66 and therefore, deny same.**

67.     As discussed above, Defendants misrepresented that the Pest Repellers were "ultrasonic pest repellers" that would repel and drive out "mice," "rats," "roaches," "ants," and "spiders."

**ANSWER:**     **Denied.**

68.     The false and misleading representations and omissions were made with knowledge of their falsehood.
**ANSWER:**     **Denied.**

69.     The false and misleading representations and omissions were made by Defendants, upon which Ms. Bueno and members of the Fraud Class reasonably and justifiably relied, and were intended to induce and actually induced Plaintiffs and Fraud Class members to purchase the Repellers.

**ANSWER:**     **Denied.**

70.     The fraudulent actions of defendant caused damage to Plaintiffs and members of the Fraud Class, who are entitled to damages and other legal and equitable relief as a result.

**ANSWER:**     **Denied.**


WHEREFORE, Defendants, BHH, LLC d/b/a BELL + HOWELL and VAN HAUSER,

LLC, respectfully request that judgment be entered in favor of Defendants and against Plaintiffs, that Plaintiffs take nothing by way of their Amended Class-Action Complaint, and that Defendants be awarded their costs with respect to this action, and for any and all further relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, BHH, LLC d/b/a BELL + HOWELL and VAN HAUSER, LLC, by and through their counsel, LEAHY, EISENBERG, AND FRAENKEL, LTD., and pleading in the alternative, assert the following affirmative defenses.

1.      Plaintiffs' Amended Class-Action Complaint, in whole or in part, is barred by the applicable statute(s) of limitations and/or repose.

2.      Plaintiffs have failed their mitigate damages, if any.

3.      Plaintiffs, and some or all of the purported class members, lack standing to seek the relief requested.

4.      Plaintiffs have failed to meet conditions precedent or other requirements of applicable law with respect to the causes of action set forth in their Amended Class-Action Complaint.

5.      Defendants do not presently know all facts concerning the conduct of Plaintiffs and their claims sufficiently to raise all affirmative defenses at this time.  Defendants reserve the right and will seek leave of Court to amend their Affirmative Defenses should Defendants later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendants, BHH, LLC d/b/a BELL + HOWELL and VAN HAUSER, LLC, respectfully request that judgment be entered in favor of Defendants and against Plaintiffs, that Plaintiffs take nothing by way of their Amended Class-Action Complaint, and that

Defendants be awarded their costs with respect to this action, and for any and all further relief

this Court deems just and proper.

Respectfully submitted,

**BHH, LLC, and VAN HAUSER, LLC**

By:_____*/s/ Scott Wing*_____
One of their Attorneys

Scott Wing
Howard B. Randell
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel. (312) 368-4554

**Counsel for BHH, LLC and VAN HAUSER, LLC**
C:\Users\alf\Desktop\(HBR) S.D.N.Y. HartParke  16823\ANSWER AMEN COMPL\ANSWER AM COMPL.docx

**I HEREBY CERTIFY** that on **July 21, 2017**, I caused to be electronically filed the foregoing Defendants' Answer to Plaintiffs' Amended Class-Action Complaint and Affirmative Defenses with the Clerk of the United States District Court for the Southern District of New York, using the CM/ECF system, that I have served all parties through the CM/ECF system.

By: ___*/s/ Scott Wing*_____
Scott Wing

LEAHY, EISENBERG & FRAENKEL, LTD.
33 W. Monroe Street, Suite 1100
Chicago, Illinois  60603-5317
(312) 368-4554
ARDC #:  6298780
C:\Users\alf\Desktop\(HBR) S.D.N.Y. HartParke  16823\ANSWER AMEN COMPL\ANSWER AM COMPL.docx