# LEAHY, EISENBERG & FRAENKEL, LTD.
### ATTORNEYS AT LAW
33 WEST MONROE STREET, SUITE 1100
CHICAGO, ILLINOIS 60603-5317
(312) 368-4554
FAX: (312) 368-4562
www.lefltd.com

JOLIET OFFICE
20 W. CASS ST., 2ND FLOOR
JOLIET, IL 60432-4116
(815) 723-6514
FAX: (815)723-7466

INDIANA OFFICE
1112 ROUTE 41, SUITE 101
SCHERERVILLE, IN 46375
(219) 865-2647
FAX: (312) 368-4562

September 8, 2017

SCOTT WING
sw@lefltd.com

Honorable William H. Pauley
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 1007

Re:     *Joanne Hart and Sandra Bueno v. BHH, LLC*
        *d/b/a Bell + Howell and Van Hauser LLC*
        Case No.:     1:15-cv-04804

Dear Judge Pauley:

We represent BHH, LLC, d/b/a Bell + Howell and Van Hauser, LLC (collectively, "Defendants") in the captioned case, and respectfully submit this letter, pursuant to III(A)(i) of your Individual Practices, requesting a pre-motion conference concerning Defendants' anticipated "Motion to Enter Proposed Scheduling Order." The basis for this anticipated motion is set forth as follows.

Pursuant to the Court's most recent scheduling order of August 11, 2017, the parties must complete expert discovery by December 22, 2017. (Dkt. #97). Thereafter, Defendants intend to seek leave to file a Motion for Summary Judgment based, at least in part, on Plaintiffs' lack of evidence to establish a crucial element of their claims—namely, that the devices are incapable of repelling pests as represented by Defendants. Should Defendants' prevail on their Motion for Summary Judgment, the issuance of notice to the putative class would be rendered unnecessary. Accordingly, in the anticipated "Motion to Enter Proposed Scheduling Order," Defendants will request that the Court enter a scheduling order that contemplates the issuance of class notice after Court rules on Defendants' Motion for Summary Judgment.

It is within this Court's discretion to set the time for issuing class notice. *County of Suffolk v. Long Island Lighting Co.*, 710 F.Supp. 1428, 1440 (E.D.N.Y. 1989) ("[t]he manner of giving notice and its timing are left to the discretion of the trial court by Rule 23(e)"); *German by German v. Fed. Home Loan Mort. Corp.*, 168 F.R.D. 145, 161 (S.D.N.Y. 1996) ("[t]he timing of notice is not discussed in the text of Rule 23, and the Advisory Committee states that notice may be given 'at any stage'"). Moreover, this Court has stated that lack of class notice "is not a legal obstacle to granting summary judgment." *Brecher v. Republic of Arg.*, 2010 U.S. Dist. LEXIS 95566, at *5 (S.D.N.Y. 2010). "[T]he Court should not be required to refrain from considering the merits of a nominal class action until…notice to the class ha[s] been accomplished, merely for the sake of form, especially where the defendants themselves have moved for summary judgment." *Wooten v. County of Hamilton*, 94 F.R.D. 176, 177 (S.D. Ohio 1982). Thus, "a district court may pass upon a motion for summary judgment prior to…requiring that notice be

sent to an already certified class," and "[t]o require that notice to the class always precede consideration of the merits would unfairly weight the mechanism of Rule 23 to the advantage of plaintiffs by increasing the settlement value of any suit filed as a class action, no matter how mertiless the action may eventually found to be." *Haas v. Pittsburgh Nat'l Bank*, 381 F.Supp. 801, 806 (W.D. Pa. 1974), *rev'd other grounds*, 526 F.2d 1083 (3d Cir. 1975).

The timing of class notice entails consideration of whether delay will prejudice absentee class members and whether issuance of notice will cause defendant any harm. *See* 7B WRIGHT, MILLER & KANE 2d, §§ 1786 at p. 198, 1788 at p.224; *Hamilton v. American Corrective Counseling Servcs.*, 2007 U.S. Dist. LEXIS 34564, at *3-4 (N.D. Ind. 2007). When the timing of class notice may adversely affect one party and delay would not prejudice the other party, courts generally chose to delay class notice. *See e.g., Guippone v. BH S&B Holdings LLC*, 2011 U.S. Dist. LEXIS 36379, at *23-24 (S.D.N.Y. 2011) (delaying class notice until ruling on defendant's anticipated motion for summary judgment based on plaintiff's inability to establish that defendant was a "joint employer" of subsidiary's employees, an issue which allows the court to determine whether the case is actually going to trial); *see also, Hamilton*, 2007 U.S. Dist. LEXIS 34564, at *3-4; *Wooten*, 94 F.R.D. at 177; *Barrera v. Pharmavite*, LLC, 2016 U.S. Dist. LEXIS 46756, at *2 (C.D. Cal. 2016); *Haas*, 381 F.Supp. at 806.

In this case, the Court's entry of a scheduling order setting the issuance of class notice after the Court rules on Defendants' anticipated Motion for Summary Judgment is fully warranted by the relevant considerations. As to the first consideration, Defendants will inevitably suffer harm from the issuance of class notice due to the nature of Plaintiffs' yet unsubstantiated claims. Courts recognize that where class notice "is provided to customers of a commercial defendant, [it] may carry with it an almost inescapable connotation of wrongdoing." *Haas*, 381 F.Supp. at 806; *see also, Hamilton*, 2007 U.S. Dist. LEXIS 34564, at *6 (where defendants argued that "notice would indicate some sort of 'wrongdoing' on the [d]efendants' behalf," court found that "[d]efendants have articulated potential harm if class notice is sent").

Here, Plaintiffs claim that Defendants committed consumer fraud, common law fraud, and breach of warranty based on allegations that Defendants knowingly sold an ineffective and worthless product, and deliberately misrepresented the capabilities of that product to consumers. Defendants, therefore, risk damaging the goodwill and reputation earned by the Bell + Howell name since its inception in 1907. Furthermore, notice of Plaintiffs' claims, though unsubstantiated, may negatively impact Defendants' relationships with retailers, potentially resulting in millions of dollars in lost sales, despite the fact that Plaintiffs' have not yet established even a threshold basis for liability. The need for issuing class notice may be obviated, however, by the Court's ruling on Defendants' anticipated Motion for Summary Judgment, thereby sparing Defendants from any resultant harm.

For instance, in the strikingly similar case of *Jeanne Steigerwald v. BHH, LLC, Van Hauser, LLC, and E. Mishan and Sons, Inc. d/b/a Emson Inc.*, No. 1:15-cv-00741-PAG (N.D. Ohio 2015), the plaintiff brought a class action lawsuit against the these same Defendants, which included many of the same claims and allegations as those made by Plaintiffs in this case about the very same product. After the court granted the plaintiff's Motion for Class Certification, the court elected to delay the issuance of class notice until after dispositive motion practice. At the

close of expert discovery, but before the issuance of class notice, the defendants moved for summary judgment on the basis that the plaintiff could not meet her burden with regard to the allegations that the Repellers were incapable of repelling pests as represented. The court granted summary judgment in favor of the defendants and the matter was closed. Thus, the defendants were not needlessly forced to suffer harm and risk damage to their goodwill and reputation from the issuance of class notice. Given the similarities between the *Steigerwald* case and the present case, there is a compelling reason to similarly schedule class notice here to issue following the Court's determination on Defendants' anticipated Motion for Summary Judgment.

As to the second consideration, the putative class members will not be prejudiced by delaying the issuance of class notice until the ruling on Defendant's Motion for Summary Judgment. Class notice "serves fundamental due process concerns by giving class members notice of rights such as, for example, the option to opt-out of the lawsuit," and "the most important function of class notice is to allow class members to have the opportunity present their objections and make their appearance prior to a resolution of the lawsuit." *Hamilton*, 2007 U.S. Dist. LEXIS 34564, at *6. However, "[t]hese functions will not be affected by a delay" in issuing class notice. *Id*. "At worst, the class members will not be able to exercise the requisite due process rights as quickly as Plaintiffs would like." *Id*.; *see also*, *Wooten*, 94 F.R.D. at 177 (recognizing that all parties may benefit if class notice is delayed until ruling on summary judgment motions "since plaintiff would not have been put to the expense of notifying the class in a losing cause, [and] the members of the class would not have been disturbed by the notice").

Should Defendants fail to prevail on their anticipated Motion for Summary Judgment, there will be ample opportunity to provide notice to the putative class members. Some courts have held that notice sent 120 days before trial is an acceptable time for class notice to issue. *See Tylka v. Gerber Prods. Co*., 182 F.R.D. 573, 579 (N.D. Ill. 1998) ("[a]dequate notification can [] be published approximately 120 days before trial with no resulting prejudice to either side"); *Wooten*, 94 F.R.D. at 177 ("[t]he Court considers three months before trial to be an acceptable time period for notice to go out to the class members, and will therefore forego mailing of class notice until [then]"). Thus, the Court can set a trial date three to four months after the issuance of class notice so as to ensure that the functions to be served by class noticed are fully realized, and the delay in issuing class notice will not prejudice absentee class members. Therefore, in light of the relevant considerations, the Court should enter a scheduling order setting the dissemination of class notice after the Court considers Defendants' anticipated Motion for Summary Judgment.

For these reasons, Defendants ask the Court schedule a pre-motion conference concerning Defendants' anticipated "Motion to Enter Proposed Scheduling Order."

Very truly yours,

LEAHY, EISENBERG & FRAENKEL, LTD.

*/s/ Scott Wing*

By: Scott Wing