UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNE HART and SANDRA BUENO, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>BHH, LLC d/b/a Bell + Howell and VAN HAUSER LLC<br><br>      Defendants. | Civil Action No. 1:15-CV-04804-WHP |

**PLAINTIFFS' PROPOSED NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SCHEDULE FOR DISSEMINATION OF NOTICE**

Dated: October 18, 2017

Plaintiffs Joanne Hart and Sandra Bueno (hereafter, the "Class Representatives") respectfully submit this proposed notice plan and schedule relating to same.

## I. PROPOSED SCHEDULE FOR THE DISSEMINATION OF NOTICE TO THE CLASS

The Court has granted plaintiffs' motion to certify the Class under Fed. R. Civ. P. 23(b)(3). "For any class certified under Rule 23(b)(3), the court must direct the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The following proposed notice program contains all the same major elements utilized in the notice programs that were approved by Judge Rakoff in the consumer class action captioned *Ebin v. Kangadis Food Inc.*, Case No. 13-cv-2311, and by Judge Briccetti in *In re Scotts EZ Seed Litig.*, Case No. 12-cv-4727.

### A. Individual Notice By Email and Regular Mail

The identification of class members in this action will be more challenging than in securities cases where shareholders' identities and contact information can be obtained from the records of brokers or transfer agents. Nevertheless, because individual notice is mandatory under Rule 23 for all class members who can be identified through reasonable effort, the Class Representatives believe the notice plan should begin with substantial efforts to identify class members, so they can be provided with individual notice, which is far superior to notice by publication. The Class Representatives thus propose that the Court enter an order requiring individual notice to be provided in the following manner:

1. Within 17 days after the notice plan is entered by the court, the Class Representatives, though their counsel, shall subpoena the 10 largest retailers and distributors of the Pest Repellers (comprising approximately 85% of all unit sales) identified in Defendants'

records produced to date (the "Retailers and Distributors") to produce "Documents or electronically stored information sufficient to identify Class Members who are identifiable from your records as having purchased Bell + Howell Ultrasonic Pest Repellers from August 20, 2011 to June 15, 2016." These subpoenas shall be issued pursuant to Fed. R. Civ. P. 45 and shall command production within 39 days after the notice plan is entered by the court.

2. Within 60 days after the notice plan is entered by the court, the Class Representatives, through their counsel, shall cause a copy of the Long Form notice to be sent by email to all Class Members for whom email addresses are identified. *See* Exhibit 1 (Long-Form notice).

3. Within 60 days after the notice plan is entered by the court, the Class Representatives, through their counsel, shall cause a copy of the Post-Card notice to be sent by regular mail to all class members for whom mailing addresses are identified, and email addresses are not available. *See* Exhibit 3 (Post Card notice).

**B. Publication Notice**

The Class Representatives recognize that it will not be possible to compile a complete list of class members for the provision of individual notice. Defendants are not retailers and do not make direct sales to class members. The Class Representatives thus propose that the Court enter an order directing that the individual notice described above be augmented with additional notice by publication in the following manner:

1. Within 60 days after the notice plan is entered by the court, the Class Representatives, through their counsel, shall cause a copy of the Long Form notice to be posted on a dedicated website together with links to important case documents, such as the Court's Order Certifying the Classes, the Complaint, and the Answer. Class Counsel have registered

3

www.ultrasonicpestrepellerlawsuit.com ("The Case Website") for this purpose. Class members would be directed to the website by hyperlinks embedded in the email version of the Long Form notice (*see* item A.2 above) and by references in the Long Form, Short Form, and Post-Card notice. *See* Exhibits 1, 2, & 3.

2. Within 60 days after the notice plan is entered by the court, the Class Representatives, through their counsel, shall cause the Short Form to be printed in the form of a poster of 11 x 17 inches and sent to the Retailers and Distributors, together with a cover letter directing them to post it at retail locations where the Pest Repellers were sold in the United States for a period of sixty days. The cover letter shall also state that additional copies of the Short Form poster will be made available upon request, at no cost, to ensure that the Retailers and Distributors have sufficient copies to post at all locations where the Pest Repellers were sold. The package shall also include a copy of the Long Form notice in order to give the Retailers and Distributors a better understanding of the issues at hand so that they can answer any questions they may receive from potential Class Members.

3. Upon receipt of all subpoena responses from the Retailers and Distributors, the parties shall report the results of the subpoena program to the court before a determination is made as to whether additional forms of class notice are necessary.

## II. THE CONTENT OF THE CLASS NOTICE

The requirements for the content of class notices for (b)(3) classes are specified in Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii). The Long Form, Short Form, and Post-Card Form notices meet all of these requirements, as detailed in the following table:

4

| Requirement | Long Form | Short Form | Post-Card |
|---|---|---|---|
| "The nature of the action." Fed. R. Civ. P. 23(c)(2)(B)(i). | First introductory bullet; Q&A nos. 2 and 6. | Col. 1, ¶¶ 1, 2, 5, & 6. | ¶¶ 1, 3. |
| "The definition of the class certified." Fed. R. Civ. P. 23(c)(2)(B)(ii). | Second introductory bullet; Q&A no. 4. | Col. 1, ¶ 3. | ¶ 2. |
| "The class claims, issues, or defenses." Fed. R. Civ. P. 23(c)(2)(B)(iii). | First introductory bullet; Q&A nos. 2, 6 and 7. | Col. 1, ¶¶ 1, 5, & 6. | ¶¶ 1, 3. |
| "That a class member may enter an appearance through an attorney if the member so desires." Fed. R. Civ. P. 23(c)(2)(B)(iv). | Q&A no. 14. | Col. 2, ¶ 1. | ¶ 4. |
| "That the court will exclude from the class any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B)(v). | Table of "Your Legal Rights and Options;" Q&A nos. 11 & 12. | Col. 2, ¶ 3. | ¶ 4. |
| "The time and manner for requesting exclusion." Fed. R. Civ. P. 23(c)(2)(B)(vi). | Fourth introductory bullet; Q&A no. 12. | Col. 2, ¶ 3. | ¶ 4. |
| "The binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(vii). | Table of "Your Legal Rights and Options"; Fourth introductory bullet; Q&A nos. 10 and 11. | Col. 1, ¶ 2; Col. 2, ¶¶ 2 & 3. | ¶ 4. |

In addition to meeting the specific legal requirements of Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii), the Long Form, Short Form, and Post-Card Form notices are based on the Federal Judicial Center's model forms for notice of pendency of a class action. FJC prepared these models at the request of the Subcommittee on Class Actions of the U.S. judicial branch's Advisory Committee on the Federal Rules of Civil Procedure. *See* www.fjc.gov. The FJC models are designed to illustrate how attorneys and judges might comply with Fed. R. Civ. P. 23(c)(2)(B)'s requirement that class action notices "must concisely and clearly state in plain, easily understood language"

specific information about the nature and terms of a class action and how it might affect potential class members' rights. *See* www.fjc.gov. FJC explained its methodology for preparing these models as follows:

> We began this project by studying empirical research and commentary on the plain language drafting of legal documents. We then tested several notices from recently closed class actions by presenting them to nonlawyers, asking them to point out any unclear terms, and testing their comprehension of various subjects. Through this process, we identified areas where reader comprehension was low. We found, for example, that nonlawyers were often confused at the outset by use of the terms "class" and "class action." Combining information from the pilot test with principles gleaned from psycholinguistic research, we drafted preliminary illustrative class action notices and forms. We then asked a lawyer-linguist to evaluate them for readability and redrafted the notices in light of his suggestions.

*Id*. FJC then tested the redrafted model notices "before focus groups composed of ordinary citizens from diverse backgrounds" and also through surveys "[u]sing objective comprehension measures." *Id.*

Based on FJC's testing, the Class Representatives believe that the Long Form, Short Form, and Post-Card notice, which are very closely based on FJC models, with the format and content adopted almost verbatim in most instances, are accurate, balanced, and comprehensible.

### III. OTHER SCHEDULING AND ADMINISTRATIVE MATTERS

The Class Representatives propose that the deadline for Class Members to request exclusion from the Class shall be 6 weeks after the dissemination of notice. This should also allow sufficient time for the opt-out deadline to pass well in advance of the trial.

### CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court enter an order as soon as practicable directing notice to the Class in accordance with the notice plan described herein.

Dated: October 18, 2017　　　　　　　　　Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Yitzchak Kopel*
　　　Yitzchak Kopel

Scott A. Bursor
Joseph I. Marchese
Neal J. Deckant
Yitzchak Kopel
Frederick J. Klorczyk III
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
Email: scott@bursor.com
　　　　jmarchese@bursor.com
　　　　ndeckant@bursor.com
　　　　ykopel@bursor.com
　　　　fklorczyk@bursor.com

*Class Counsel*