# L<span/>EAHY, E<span/>ISENBERG & F<span/>RAENKEL, L<span/>TD.

ATTORNEYS AT LAW

33 WEST MONROE STREET, SUITE 1100
CHICAGO, ILLINOIS 60603-5317
(312) 368-4554
FAX: (312) 368-4562
www.lefltd.com

JOLIET OFFICE
20 W. CASS ST., 2ND FLOOR
JOLIET, IL 60432-4116
(815) 723-6514
FAX: (815)723-7466

INDIANA OFFICE
1112 ROUTE 41, SUITE 101
SCHERERVILLE, IN 46375
(219) 865-2647
FAX: (312) 368-4562

January 29, 2018

SCOTT WING
sw@lefltd.com

Honorable William H. Pauley
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 1007

        Re: *Joanne Hart and Amanda Parke v. BHH, LLC, et al.*
            Case No.: 1:15-cv-04804
            Our File No. 142404-16823

Dear Judge Pauley:

      We represent BHH, LLC, d/b/a Bell + Howell and Van Hauser, LLC (collectively, "Defendants") in the captioned case, and respectfully submit this letter requesting that the Court schedule a pre-motion conference, pursuant to I(D) and III(A)(i) of your Individual Practices, in regard to Defendants' anticipated Motions to Exclude the Testimony of Plaintiffs' Proffered Expert Witness, Dr. Michael F. Potter, and for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(c). The bases for Defendants' anticipated motions are briefly set forth below.

      Defendants will move to exclude the testimony of Dr. Michael F. Potter on the basis that his testimony fails to meet the standards for the admissibility of expert testimony as set forth in *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 293 U.S. 579 (1993). Specifically, 1) Dr. Potter's opinions merely "parrot" those of the authors of the studies he relied upon, studies not produced until after his deposition despite Defendants' requests; 2) Dr. Potter's opinions merely "parrot" conclusions from tests performed on behalf of Plaintiffs by non-disclosed experts in this case; and 3) the tests performed on behalf of Plaintiffs and relied on by Dr. Potter in forming his opinions were nonscientific, unreliable and irrelevant.

      As gatekeeper under *Daubert*, Courts must ensure that an expert does not merely "parrot" the expert opinions of others. *See, Bouygues Telecom, S.A. v. Tekelec,* 472 F.Supp.2d 722, 729 (E.D. N.C. 2007). In his disclosed expert report, Dr. Potter cites several studies on the efficacy of ultrasonic sound at repelling pests, but he fails to exercise independent expertise beyond an *ipse dixit* recitation of the existing data in those studies; studies which notably did not involve the Bell+Howell ("B+H") Ultrasonic Pest Repellers ("UPR"). "When an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." *Amorgianos v. Amtrak,* 303 F.3d 256, 266 (2nd Cir. 2002).

LEAHY, EISENBERG & FRAENKEL, LTD.

January 29, 2018
Page 2

  Similarly, Dr. Potter's report merely "parrots" the findings of supposed independent testing laboratories, improperly passing off their conclusions, sometimes word for word, as his own. *See, Beyer v. Anchor Insulation Co.,* 238 F. Supp. 3d 270, 285-287 (D. Conn. 2017) (excluding expert testimony where, in some places, expert appeared to repeat a non-testifying expert's findings verbatim without application of independent judgment). This was particularly evident with regard to the rodent testing, where Dr. Potter relied heavily on the work of non-disclosed rodent experts to mitigate significant deficiencies in his own qualifications. Such reliance on experts in a different specialization cannot be permitted. *See, Louis Vuitton Malletier v. Dooney & Bourke, Inc.,* 525 F. Supp. 2d 558, at 564 (quoting *Dura Automotive Sys. Of Indiana, Inc. v. CTS Corp.,* 285 F.3d 609, 614 (7th Cir. 2002)).

  Even if Dr. Potter drew independent conclusions from these Plaintiff-commissioned tests, the tests are unscientific, unreliable and irrelevant such that Dr. Potter's opinions related to those tests do not rise to the standard required for admissibility of scientific expert testimony. *See, Daubert,* at 593-94. Plaintiffs' tests were conducted in a manner expressly contrary to the product's instructions as to the proper use of the B+H UPR devices by providing food and harborage. More egregious, the tests applied a hypothesis that tested an unscientific claim not at issue in this case, namely that the B+H UPR are ineffective at repelling pests from nesting areas behind walls, underneath floors or otherwise from areas of harborage protected from the ultrasonic effects of the B+H UPR. For the foregoing reasons, the testimony of Dr. Potter is inadmissible and should be excluded.

  Defendants will also move for summary judgment on all counts on the basis that, discovery having been completed, it is clear Plaintiffs cannot sustain their burden to establish that the B+H UPR do not help repel the identified pests. Plaintiffs cannot meet their burden because the opinions of Plaintiffs' proffered expert should be excluded for the reasons stated above. In the absence of admissible expert testimony, Plaintiffs cannot establish that the B+H UPR are ineffective. Even if the proffered expert testimony is admitted, or excluded only in part, Plaintiffs still cannot meet their burden of proof because Plaintiffs' claims in their First Amended Complaint that the B+H UPR are "ineffective and worthless" are contradicted by their own testing results and their expert's testimony.

  Further, the product's packaging states the device helps repel pests, a claim which is supported by the evidence in this case. In designing their tests of the B+H UPR, Plaintiffs' expert tested the devices in conditions contrary to their intended use and in express violation of the product's user instructions. Plaintiffs' tests were limited to whether the devices repelled pests from nesting areas behind walls, underneath floors or otherwise from areas of harborage protected from the ultrasonic effects of the B+H UPR, a claim not made by the product packaging. In his deposition testimony, Dr. Potter acknowledged that the B+H UPR were effective at repelling pests from an area where the ultrasounds can reach them, the actual claim made on the product packaging.

  Specific to Plaintiffs' Fraud count, Plaintiffs claim that Defendants made alleged false and misleading representations with knowledge of their falsehood. No evidence in the case demonstrates that Defendants had knowledge of the alleged falsehood of their product representations. To the contrary, the evidence shows that Defendants had a reasonable basis to believe, and did so believe, that the B+H UPR performs as intended and as claimed on the product packaging. Defendants' knowledge of the falsehood of their representations is an essential element in an action for fraud, and summary judgment is appropriate where Plaintiffs have failed to make a showing sufficient to

LEAHY, EISENBERG & FRAENKEL, LTD.

January 29, 2018
Page 3

establish the existence of an essential element of their case. *See, Sanitoy, Inc. v. Shapiro,* 705 F. Supp. 152, 154 (S.D. N.Y. 1989).

   Specific to Plaintiffs' Breach of Warranty count, Plaintiffs allege that the B+H UPR product packaging makes certain express warranties and that Defendants are in breach of those warranties. Plaintiffs have offered no evidence in this case that demonstrates the language on the product packaging creates an express warranty, let alone that Defendants have breached any warranty. To the contrary, the evidence developed in the case shows that, even if an express warranty had been created that the B+H UPR helps repels pests, Plaintiffs have offered no evidence that the devices do not help repel pests as advertised. Further, Plaintiffs have put forth no evidence that Defendants created an express warranty that the B+H UPR will drive pests out of a home, office, building or other dwelling. Defendants' experts, qualified in the area of writing and approving product literature, have testified without contradictory testimony from a qualified Plaintiffs' expert, that it is unreasonable to interpret the phrase "drives pests out" to mean drives pests out of buildings, especially in light of product language expressly contrary to that meaning.

   Finally, and specific to Plaintiffs' California statutory count, Plaintiffs have offered no evidence that Defendants have violated California Civ. Code §1770. Again, no evidence has been offered in this case to demonstrate that the B+H UPR was "ineffective and worthless" or that it fails to help repel pests from an area where ultrasonic sounds can reach the pests. As such, Defendants have not represented that the B+H UPR had characteristics, uses or benefits that it did not have, or that they advertised a product with the intent not to sell it as advertised in violation of §1770, and summary judgment is, therefore, appropriate.

   Should your Honor grant Defendants' request for a pre-motion conference, and ultimately grant Defendants leave to file their motions, the Court's ruling on the motions will likely have an impact on the Parties' case-in-chief, claims and defenses, statements of law and fact, expected trial witnesses and exhibits, and general posture at trial. Given this potential impact, Defendants request that the Court also consider as part of this letter motion, whether the February 2, 2018 deadline for submission of a Joint Pre-Trial Order remains practical.

   For these reasons, Defendants respectfully ask that the Court schedule a pre-motion conference concerning Defendants' anticipated Motion to Exclude the Testimony of Plaintiffs' Proffered Expert Witness, Dr. Michael F. Potter, and Defendants' anticipated Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(c).

Very truly yours,

LEAHY, EISENBERG & FRAENKEL, LTD.

/s/ *Scott Wing*

By: Scott Wing

SW/wn
cc: Yitz Kopel (Via Email Only: ykopel@bursor.com)
   Joseph Marchese (Via Email Only: jmarchese@bursor.com)

\\lefpl\Prolaw Files\Documents\E. MISHAN AND SONS, INC\16823\MOTIONS - FEDERAL\471502.doc