UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNE HART, and SANDRA BUENO, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No. 1:15-cv-04804-WHP |
| v. | |
| BHH, LLC d/b/a Bell + Howell and VAN HAUSER LLC | |
| Defendants. | |

Declaration

of

**COLIN B. WEIR**

March 2, 2018

MAY REFERENCE MATERIALS DESIGNATED "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL," AND "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"

I, Colin B. Weir, declare as follows:

I am Vice President at Economics and Technology, Inc. ("ETI"), One Washington Mall, 15th Floor, Boston, Massachusetts 02108.  ETI is a research and consulting firm specializing in economics, statistics, regulation and public policy.

## I.  QUALIFICATIONS, BACKGROUND, AND EXPERIENCE

1.   I hold a Masters of Business Administration, with honors, from the High Technology program at Northeastern University, Boston, Massachusetts.  I hold a Bachelor of Arts degree cum laude in Business Economics from The College of Wooster, Wooster, Ohio.  I have provided expert testimony before federal and state courts, the Federal Communications Commission, and state regulatory commissions, and have contributed research and analysis to numerous ETI publications and expert testimony at the state, federal, and international levels.  I have consulted on a variety of consumer and wholesale products cases, calculating damages relating to electronics, food products, household appliances, herbal remedies, health/beauty care products, automobiles, building materials, and computers.  My Statement of Qualifications, which outlines my professional experience, publications, and record of expert testimony, is attached hereto as Exhibit 1.  This includes a list of all cases in which, during the previous four years, I have testified as an expert at trial or by deposition.  Prior to joining ETI, I worked at Stop and Shop Supermarkets for a period of seven years, working as a cash department head, grocery/receiving clerk, and price-file maintenance head.

## II.  ENGAGEMENT

2.   I provide this rebuttal in connection with the above-captioned action against Defendants BHH, LLC d/b/a Bell + Howell and VAN HAUSER LLC (together, "Defendants").



Declaration of Colin B. Weir
March 2, 2018
Page 2 of 18

I make this declaration based upon my own personal knowledge and, if called as a witness in this action, I would be able to competently testify as to the facts and opinions set forth herein.

3.    I have been asked by Counsel for Plaintiffs to review the December 22nd Report of Stefan Boedeker[1] and to provide support for Plaintiffs' Motion to Preclude the Rebuttal Expert Report of Stefan Boedeker's testimony.

4.    ETI is being compensated at the rate of $600 per hour for my work on this case.  The opinions expressed in this declaration are my own, and my compensation is not dependent upon the substance of these opinions or the outcome of the litigation.

5.    The documents, data and other materials that I relied upon in forming my opinions are identified throughout my report and in Exhibit 1, attached hereto.  In addition, I have relied upon my educational background and more than 14 years of experience.

## III.  RESPONSE TO BOEDEKER REPORT

**Boedeker's reliance upon wholesale prices in his hedonic regression models is inappropriate because Bell + Howell consumers did not pay wholesale prices**

6.    Boedeker sets forth a regression analysis that he alleges is indicative of additional value of ancillary product attributes.[2]  But this analysis is totally irrelevant to the retail market valuation of such ancillary product attributes in this case, because Boedeker ran his model on Bell + Howell's wholesale data, ignoring all of the available retail sales data.

Q. Is there any retail pricing data in that SKU tab that we're looking at?

A. This particular tab has *wholesale prices* in it.

---

[1] Expert Report of Stefan Boedeker, December 22, 2017 ("Boedeker Report").

[2] Boedeker Report, at para 51-61.

Economics and
Technology, Inc.

Declaration of Colin B. Weir
March 2, 2018
Page 3 of 18

Q. Okay. So the *further regression analysis used wholesale prices*?

A. *Yeah*, I used the prices in this data set to, basically, see if Mr. Weir's assessment that features don't change prices could be refuted, and *so I took the prices here, the wholesale prices* that were in the data set.[3]

7.   Bell + Howell consumers did not pay the wholesale price -- they paid the retail price -- and analysis of retail sales data and Defendants' wholesale data shows that the relationship between retail prices and wholesale prices is inconsistent across the Pest Repellers.  Because of this disconnect between retail and wholesale pricing in this instance, measurement of a retail value from wholesale prices provides no reliable information about harm done to Class members by Defendants' misrepresentation of the Products.

8.   A price premium analysis that relies upon wholesale prices is inappropriate in this case because retail and wholesale pricing of the Products is inconsistent and because consumers do not pay wholesale prices for the Products.  While Bell + Howell sets the wholesale price of their Products, the price consumers pay is determined via the retail market.  In his hedonic regression analysis it appears that Boedeker has completely ignored third-party retail pricing data in the record.  As stated in the Weir Declaration, I analyzed *retail* prices in order to assess whether or not a price premium can be attributed to additional features offered by some Bell + Howell Pest Repellers.[4]  For example, I analyzed retail sales data produced by Walmart to assess whether Walmart charges a price premium for Pest Repellers that include a night light.[5] Comparing the average prices of Pest Repellers sold at Walmart, I determined that there is no

---

[3] Deposition of Stefan Boedeker, January 26, 2018 ("Boedeker Deposition"), at 117-118. [Emphasis supplied]

[4] *See* Declaration of Colin B. Weir, October 31, 2017 ("Weir Declaration").

[5] *Id.*, at para 19.



Declaration of Colin B. Weir
March 2, 2018
Page 4 of 18

statistically significant difference in retail price between Pest Repellers that include a night light and those that do not.[6]

    9.   In order to demonstrate why analyzing wholesale prices is inappropriate in this case, I have calculated the percent difference between the average retail price and average wholesale price (also known as the "markup") for 15 different Pest Repellers.

$$Markup = \left( \frac{Average\ Retail\ Price}{Average\ Wholesale\ Price} \right) - 1$$

This analysis shows that the markup is inconsistent across Bell + Howell SKUs, therefore, the relationship between the wholesale prices of the products do not correspond one-to-one with the relationship between the same products sold at retail prices.  In figure 1 below, I illustrate the



Figure 1.
Average Price Markup by SKU

_____

[6] Despite Boedeker's assertion that this analysis was not produced by Plaintiffs, Boedeker cited my work paper containing this analysis on page 1 of his "Exhibit B: Documents Reviewed and Relied Upon" -- "CONFIDENTIAL - Bell & Howell - Price Premium Analysis.xlsx."



Declaration of Colin B. Weir
March 2, 2018
Page 5 of 18

variation in the difference between wholesale and retail prices.

10.    The absolute difference between retail and wholesale prices, as well as the variation in the price differential across SKUs demonstrate that relying upon Defendants' wholesale sales in this case will falsely attribute differences in the wholesale price to differences in the retail price.

11.    Boedeker admits to this frailty:

   Q. Right. Most consumers, they don't pay the wholesale price, they pay a retail price, which is different, right?

   A. The retail price, overall, would be different.[7]

12.    Given that Boedeker's hedonic regressions using wholesale prices cannot convey reliable information about the harm done to Class members and my analysis of retail pricing data demonstrates that no price premiums for additional features exist, Boedeker's hedonic regression analysis should be ignored.

**Boedeker's criticism of my average retail price calculation is based on a misunderstand of the data that I relied upon**

13.    Boedeker does not take issue with the methodology of calculating and using average retail prices *per se*, as I have done.  Rather, Boedeker takes issue with data that I used in these calculations, and asserts that "[Weir] inflates the numbers by including data for which he does not have data for [sic]."[8]  The criticism as to the data sources that I relied upon is baseless, because Boedeker does not appear to understand the full spectrum of data that I used in the first place.  At deposition, Boedeker stated that he didn't know what data I used to calculate the average retail prices:

---

[7] Boedeker Deposition, at 118.

[8] Boedeker Report, at para 19.

ECONOMICS AND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
March 2, 2018
Page 6 of 18

> A.  I don't know. This is the data that I worked with, so I don't know what
> other data he worked with that were not documented, but I used this [SKU
> specific] data that he provided, and I came up with different numbers.[9]

14.  Boedeker then attempts to recast the averages using only a fraction of the available retail data, and comparing his calculation of the averages to mine, claims that I made "several mistakes" in my calculation of total retail sales of Bell + Howell Pest Repellers using retail sales.[10]  Boedeker is wrong.

**Boedeker's recalculation of Bell + Howell's total retail sales is flawed and misleading due to his omission of large portions of relevant pricing data**

15.  In fact, it is Boedeker who has made several mistakes in his analysis.  Boedeker's supposed "correction" of my estimate of Bell + Howell's total retail sales to the Class is fatally flawed due to his omission of large portions of relevant retail pricing data -- among other mistakes.  Below I describe in detail my analysis of third-party retail pricing data and Defendants' wholesale sales, as well as Boedeker's flawed analysis of the data.

16.  As I discussed at length in the Weir Declaration, in order to estimate Bell + Howell's total retail dollar sales to the Class, I applied average retail prices to Bell + Howell's wholesale unit sales.  To perform this analysis, I obtained nationwide wholesale sales data[11] from Defendants as well as retail sales data from several of Defendants' largest customers: ▮

▮▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮

---

[9] Boedeker Deposition, at 131-132.  It should also be noted that the data I relied upon in my calculations was not "undocumented" as claimed by Boedeker.  In paragraph 13 of my October 31, 2017 Declaration, I identify (and cite via footnote) all of the retailer data that I relied upon.  I also cite these documents in Exhibit 2 to the same declaration.  This data was also provided by me through Counsel for Plaintiffs to Defendant in response to document requests made by Defendant.

[10] Boedeker Report, at 19.

[11] BHH, LLC000380-711.pdf; BHH006667-89.pdf

▮ ▮▮▮▮▮▮▮▮

[13] Unit Sales by Month (CA).pdf; Unit Sales By Month and Year (Nationwide).pdf; Unit Sales by Year (CA).pdf



Declaration of Colin B. Weir
March 2, 2018
Page 7 of 18

According to Defendant's wholesale sales records, collectively these retailers account for approximately 63.35% of Bell + Howell's total wholesale sales of Pest Repellers to retail customers.[17]

17.   According to Defendants' wholesale records it appears that Defendants sold 2,583,986 Pest Repellers to its retail customers during the Class Period.[18]

18.   In Table 1 below, I summarize Defendant's nationwide wholesale sales of the Pest Repellers.

19.   In Table 2 below, I summarize the available third-party retail sales of the Pest Repellers.[19]

_____

[The remainder of this page is intentionally left blank.]

_____

[14] B & H Pest Results.xlsx

▪ ██████████████████████████████

▪ ███████████████████████████

[17]BHH, LLC000380-711.pdf;  This document shows that Defendant sold a total of 2,502,654 Pest Repellers to its retail customers during the 01/01/15 - 06/15/16 period and that 1,585,482 units were sold to ████████████  ████████████████████████████

[18] BHH006667-89.pdf

[19] This Table 2 is a reorganization of the data contained in Table 2 from my October 31, 2017 Declaration.  The reorganization is intended to highlight the flaws with Boedeker's analysis, and does not change the results of my analysis.



Declaration of Colin B. Weir
March 2, 2018
Page 8 of 18

| TABLE 1: Nationwide Wholesale Unit Sales by SKU | | |
|---|---|---|
| B+H SKU | Item Description | US Wholesale Unit Sales |
| 50103 | Electro Ultra Repeller | 879 |
| 50105 | S/3 Pest Repellers | 206,115 |
| 50119 | S/8 Micro Pest Repellers | 7,866 |
| 50123 | S/5 Pest Repeller | 58,376 |
| 50130 | S/6 Pest Repellers - Combo | 27,093 |
| 50131 | S/6 Pest Repellers | 59,779 |
| 50141 | S/2 Motion Sensor Pest Repellers | 7,665 |
| 50143 | S/6 Micro Pest Repellers | 46,061 |
| 50153 | Electro Magnetic Repeller | 120,535 |
| 50161 | Pest repeller | 411,674 |
| 50167 | Ultrasonic Pest Repeller | 702,814 |
| 50181 | Ionic Pest Repeller | 12,137 |
| 50186 | S/6 Pest Repeller - Basic | 41,867 |
| 50196 | S/3 Micro Pest Repellers | 37,026 |
| 50199 | S/3 Pest Repellers | 14,676 |
| **Subtotal (Matched Products)** | | **1,754,563** |
| 50101 | Micro Pest Repeller | 34,558 |
| 50102 | S/6 Pest Repellers | 13,058 |
| 50108 | S/9 Micro Pest Repeller - White | 2,080 |
| 50109 | S/9 Micro Pest Repeller - Black | 837 |
| 50120 | S/5 Pest Repeller with Light | 3,201 |
| 50127 | S/5 Clear Micro Pest Repeller | 2,160 |
| 50129 | S/9 Micro Pest Repellers - Black | 792 |
| 50138 | S/5 Pest Repellers | 13,111 |
| 50142 | S/3 Micro Pest Repellers | 3,090 |
| 50144 | S/5 Mini Pest Repellers - Blue | 1,490 |
| 50145 | S/5 Mini Pest Repellers - Green | 1,480 |
| 50146 | 3 Basic Pest Repellers | 27,826 |
| 50150 | S/6 Pest Repellers | 41,099 |
| 50151 | Pest Repeller with night light | 24,841 |
| 50157 | S/6 Black Pest Repellers | 14,674 |
| 50159 | S/5 Repeller | 18,692 |
| 50165 | S/4 Pest repellers | 162,358 |
| 50177 | Electro/Ultra Repeller | 13,968 |
| 50184 | S/3 Pest Repellers | 265,260 |
| 50191 | S/5 Ultra sonic Pest Repellers | 20,712 |
| 50192 | Pest Repeller - 2 LED | 44,298 |
| 50197 | S/4 Pest repellers | 24,452 |
| 50111 | S/9 Pest Repellers | 28,038 |
| 50180 | 5pk Ultrasonic Pest Repellers with light | 58,511 |
| 50152 | S/6 round micro Pest Repellers | 5,312 |
| 50155 | S/8 Classic Pest Repellers | 3,525 |
| **Subtotal (Unmatched Products)** | | **829,423** |
| **Total** | | **2,583,986** |

ECONOMICSAND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
March 2, 2018
Page 9 of 18



Declaration of Colin B. Weir
March 2, 2018
Page 10 of 18

20.   The wholesale data provided by Bell + Howell was presented on a SKU specific basis, i.e., the number of units and dollars sold was provided for each individual product.  Some of the retail data was usable on a SKU specific basis, i.e., the wholesale and retail data could be paired on a product by product basis; some of the retail data was not available on a SKU specific basis.  For Bell + Howell Pest Repellers with SKU-specific information, I applied an average retail price specific to that SKU.  For Repellers without SKU-specific information, I applied a state- or nation-wide average price that is derived from both SKU-specific sales data, and the retail sales data that reflects sales of Bell + Howell Pest Repellers (but that cannot be tied to any specific SKU).  Boedeker misleadingly argues that the average price that should be applied to the latter category of SKUs should be calculated using only the SKU-specific retail data, and ignores all the remaining retail data.[20]

21.   By omitting a whopping 44% ($1,558,728) of the retail sales data of Pest Repellers sold to California retail customers and 40% ($16,217,980) of the retail sales data of Pest Repellers sold to Nationwide retail customers from his analysis, Boedeker artificially deflates the average retail price of the Products.  Boedeker's average prices are skewed downwards, because he ignores the retail sales data for Products that sell at retail prices that are, on average, greater than the prices of the Pest Repellers he included in his calculations.  By excluding relevant pricing data, Boedeker makes two mistakes: (1) Boedeker significantly underestimates the average retail price of the Pest Repellers for California and Nationwide and (2) Boedeker ignores sales of the Products to Class members.

22.   In the following two pages, I demonstrate Boedeker's mistakes visually using nationwide data.  On the first page, I show how Boedeker applied only part of the retail sales data to all of the wholesale data, while omitting 40% of retail sales.  On the second page, I show how I correctly applied the retail sales data to Defendants' wholesale data by matching the SKU-

---

[20] As per the deposition quote cited above, it is possible that Boedeker was simply unaware of the existence of the additional retail data.



Declaration of Colin B. Weir
March 2, 2018
Page 11 of 18

specific prices to the matched Products and the average retail price across all SKUs to the

unmatched Products.

_____

[The remainder of this page is intentionally left blank.]



**Boedeker Calculations**



**Weir Calculations**



Declaration of Colin B. Weir
March 2, 2018
Page 14 of 18

23.   Boedeker suggests that, rather than calculating the average retail price across all Bell + Howell Pest Repellers sold at retail, I should have limited my use of the retail sales data only to Products that can be definitively matched to Bell + Howell SKUs.[21]  Boedeker argues that average prices for some Products are "unverifiable."[22]  As above, Boedeker seems to have been unable to verify the data because he was apparently unaware of its existence.  But the average prices in my report were calculated using third-party retail sales data that was also "reviewed and relied upon" by Boedeker.[23]

24.   In order to obtain total average retail prices for Pest Repellers for California and Nationwide, I applied the following formula:

$$Average\ Retail\ Price = \frac{Sum\ of\ Retail\ Dollar\ Sales}{(Sum\ of\ Retail\ Unit\ Sales - Family\ Dollar\ Unit\ Sales)}$$

25.   Unit sales provided by ███████ were excluded from this calculation because third-party provided no information regarding pricing.

26.   Plugging the appropriate dollar sales and quantities (see Table 2) into the above formula, I calculate the average retail prices for California and Nationwide below:

$$CA\ Average\ Retail\ Price = \frac{\$3,530,976}{(144,873 - 2,491)} = \$24.80$$

---

[21] Boedeker Report, at para 21.

[22] *Id*.





Declaration of Colin B. Weir
March 2, 2018
Page 15 of 18

$$US\ Average\ Retail\ Price = \frac{\$40,684,201}{(1,836,902 - 148,760)} = \$24.10$$

27.  I estimate total retail sales of Bell + Howell Pest Repellers by applying these average prices (across all retail sales data) to Defendants' wholesale unit sales if Bell + Howell SKUs cannot be tied to specific retail sales.  In instances where Bell + Howell SKUs can be tied to specific retail sales, I simply apply the SKU-specific retail prices to the wholesale unit sales.

28.  Applying the same formula but inputting the incorrect dollar sales and quantities, Boedeker obtains the following average retail prices:[24]

$$CA\ Average\ Retail\ Price\ (Boedeker) = \frac{\$1,972,248}{(91,641 - 2,491)} = \$22.12$$

$$US\ Average\ Retail\ Price\ (Boedeker) = \frac{\$24,466,221}{(1,280,682 - 148,760)} = \$21.61$$

29.  Below I calculate the average retail price of the Pest Repellers Boedeker omitted from his analysis for California and Nationwide:

$$CA\ Average\ Retail\ Price\ (Omitted\ by\ Boedeker) = \frac{\$1,558,728}{53,232} = \$29.28$$

$$US\ Average\ Retail\ Price\ (Omitted\ by\ Boedeker) = \frac{\$16,217,980}{556,220} = \$29.16$$

30.  By limiting his analysis to less expensive Pest Repellers, Boedeker significantly underestimates the average retail price of the Products.  Furthermore, my application of the total average retail prices to Bell + Howell's California ($24.80) and Nationwide ($24.10) wholesale

---

[24] *Id*., at para 22.

Declaration of Colin B. Weir
March 2, 2018
Page 16 of 18

unit sales is conservative, because I applied SKU-specific retail prices to Pest Repellers that could be definitively matched to Bell + Howell SKUs.  As discussed above, the matched Products are on average cheaper than the unmatched Products according to third-party retail sales data, therefore applying average retail prices across ALL Pest Repellers to the (more expensive) unmatched Products is conservative.

31.   Table 3 below demonstrates how I applied the Nationwide average retail price across all Pest Repellers, as well as SKU-specific retail prices, to Defendants' wholesale sales in order to obtain an estimate of Defendants' nationwide retail dollar sales.

_____

[The remainder of this page is intentionally left blank.]



| TABLE 3. Nationwide Retail Sales by SKU | | |
|---|---|---|
| **B+H SKU** | **Item Description** | **US Wholesale Unit Sales** |
| 50103 | Electro Ultra Repeller | 879 |
| 50105 | S/3 Pest Repellers | 206,115 |
| 50119 | S/8 Micro Pest Repellers | 7,866 |
| 50123 | S/5 Pest Repeller | 58,376 |
| 50130 | S/6 Pest Repellers - Combo | 27,093 |
| 50131 | S/6 Pest Repellers | 59,779 |
| 50141 | S/2 Motion Sensor Pest Repellers | 7,665 |
| 50143 | S/6 Micro Pest Repellers | 46,061 |
| 50153 | Electro Magnetic Repeller | 120,535 |
| 50161 | Pest repeller | 411,674 |
| 50167 | Ultrasonic Pest Repeller | 702,814 |
| 50181 | Ionic Pest Repeller | 12,137 |
| 50186 | S/6 Pest Repeller - Basic | 41,867 |
| 50196 | S/3 Micro Pest Repellers | 37,026 |
| 50199 | S/3 Pest Repellers | 14,676 |
| **Subtotal (Matched Products)** | | **1,754,563** |
| 50101 | Micro Pest Repeller | 34,558 |
| 50102 | S/6 Pest Repellers | 13,058 |
| 50108 | S/9 Micro Pest Repeller - White | 2,080 |
| 50109 | S/9 Micro Pest Repeller - Black | 837 |
| 50120 | S/5 Pest Repeller with Light | 3,201 |
| 50127 | S/5 Clear Micro Pest Repeller | 2,160 |
| 50129 | S/9 Micro Pest Repellers - Black | 792 |
| 50138 | S/5 Pest Repellers | 13,111 |
| 50142 | S/3 Micro Pest Repellers | 3,090 |
| 50144 | S/5 Mini Pest Repellers - Blue | 1,490 |
| 50145 | S/5 Mini Pest Repellers - Green | 1,480 |
| 50146 | 3 Basic Pest Repellers | 27,826 |
| 50150 | S/6 Pest Repellers | 41,099 |
| 50151 | Pest Repeller with night light | 24,841 |
| 50157 | S/6 Black Pest Repellers | 14,674 |
| 50159 | S/5 Repeller | 18,692 |
| 50165 | S/4 Pest repellers | 162,358 |
| 50177 | Electro/Ultra Repeller | 13,968 |
| 50184 | S/3 Pest Repellers | 265,260 |
| 50191 | S/5 Ultra sonic Pest Repellers | 20,712 |
| 50192 | Pest Repeller - 2 LED | 44,298 |
| 50197 | S/4 Pest repellers | 24,452 |
| 50111 | S/9 Pest Repellers | 28,038 |
| 50180 | 5pk Ultrasonic Pest Repellers with light | 58,511 |
| 50152 | S/6 round micro Pest Repellers | 5,312 |
| 50155 | S/8 Classic Pest Repellers | 3,525 |
| **Subtotal (Unmatched Products)** | | **829,423** |
| **Total** | | **2,583,986** |


ECONOMICSAND TECHNOLOGY, INC.

Declaration of Colin B. Weir
March 2, 2018
Page 18 of 18

## IV.  RESERVATION OF RIGHTS

32.  My testimony is based upon the information and data presently available to me. Additional, different and/or updated data including market research data may be obtained in advance of trial.  I therefore reserve the right to amend or modify my testimony.


### VERIFICATION

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this declaration was executed at Boston, Massachusetts, this 2nd day of March, 2018.

Colin B. Weir



**Exhibit 1**

**Statement of Qualifications**

**of**

**COLIN B. WEIR**

**Statement of Qualifications**

**COLIN B. WEIR**


Colin B. Weir is Vice President at Economics and Technology, Inc.  Mr. Weir conducts economic, statistical, and regulatory research and analysis, and testifies as an expert witness. Mr. Weir's work involves econometric and statistical analysis, multiple regression, surveys, statistical sampling, micro- and macroeconomic modeling, accounting and other economic analysis.  Such analysis often involves analysis of databases, call detail records, and other voluminous business records.  Mr. Weir is familiar with common statistical and econometric software packages such as STATA and Sawtooth Software.  Mr. Weir assists with analysis of economic, statistical and other evidence; and preparation for depositions, trial and oral examinations.  Mr. Weir has provided expert testimony before federal and state courts, the FCC, and state regulatory commissions, and has contributed research and analysis to numerous ETI publications and testimony at the state, federal, and international levels.  Prior to joining ETI, Mr. Weir worked at Stop and Shop Supermarkets as a cash department head, grocery/receiving clerk, and price-file maintenance head.

Mr. Weir's experience includes work on a variety of issues, including: economic harm and damage calculation; liquidated damages provisions; lost profits; false claims; diminution in value; merger/antitrust analysis; Early Termination Fees (ETFs); Late Fees; determination of Federal Excise Tax burden; and development of macroeconomic analyses quantifying the economic impact of corporate actions upon the US economy and job markets.

Mr. Weir has conducted research and analysis in numerous litigation and regulatory matters on behalf of corporate, government and individual clients, including AT&T, MTS Allstream (Canada), The US Department of Justice, Office of the Attorney General of Illinois, Pennsylvania Department of Revenue,  Thomas v. Global Vision, (class action litigation, Superior Court, County of Alameda), Ayyad v. Sprint (class action litigation,  Superior Court, County of Alameda), Forcellati v. Hylands (class action, U.S. District Court, Central District of California), and Ebin v. Kangadis Foods (class action, U.S. District Court, Southern District of New York).

Mr. Weir holds an MBA with honors from Northeastern University.  He also holds a Bachelor of Arts degree *cum laude* in Business Economics from The College of Wooster.

Mr. Weir is a member of the Boston Economic Club, a business member of the Boston Bar Association, serves on the Board of Trustees of the Waring School, and serves as the comptroller for the Sybaris Investment Partnership.

ECONOMICS AND
TECHNOLOGY, INC.

**Publications and Testimony of Colin B. Weir**

Mr. Weir has co-authored the following:

*Interoperability and Spectrum Efficiency: Achieving a Competitive Outcome in the US Wireless Market* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, July 2012.

*The Price Cap LECs' "Broadband Connectivity Plan": Protecting Their Past, Hijacking the Nation's Future* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, September 2011.

*Regulation, Investment and Jobs: How Regulation of Wholesale Markets Can Stimulate Private Sector Broadband Investment and Create Jobs* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of Cbeyond, Inc., Covad Communications Company, Integra Telecom, Inc., PAETEC Holding Corp, and tw telecom inc., February 2010.

*Revisiting Us Broadband Policy: How Re-regulation of Wholesale Services Will Encourage Investment and Stimulate Competition and Innovation in Enterprise Broadband Markets*, (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, February 2010.

*Longstanding Regulatory Tools Confirm BOC Market Power: A Defense of ARMIS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, January 2010.

*Choosing Broadband Competition over Unconstrained Incumbent Market Power: A Response to Bell and TELUS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, April 2009.

*The Role of Regulation in a Competitive Telecom Environment: How Smart Regulation of Essential Wholesale Facilities Stimulates Investment and Promotes Competition* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, March 2009.

*Special Access Overpricing and the US Economy: How Unchecked RBOC Market Power is Costing US Jobs and Impairing US Competitiveness* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, August 2007.

*The AWS Spectrum Auction: A One-Time Opportunity to Introduce Real Competition for Wireless Services in Canada* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, June 2007.

*Comparison of Wireless Service Price Levels in the US and Canada* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of MTS Allstream, May 2007.



*Hold the Phone! Debunking the Myth of Intermodal Alternatives for Business Telecom Users In New York*  (with Susan M. Gately and Lee L. Selwyn) Economics and Technology, Inc., prepared for the UNE-L CLEC Coalition, August 2005.


Mr. Weir has submitted the following testimony:

**United State District Court, Eastern District of Michigan,** *Toby Schechner, Barbara Barnes, Laura Bliss, Kathleen Jordan, Kathryn Limpede, Louise Miljenovic, Candace Oliarny, Beverly Simmons, Richard Thome And Mary Ellen Thome, V. Whirlpool Corporation,* Case No. 16-cv-12409-SJM, on behalf of Robbins Geller Rudman & Dowd, LLP, Declaration submitted February 12, 2018.

**United States District Court, Southern District of California,** *Jose Conde, et al., v. Sensa, et al.*, Case No. 14-cv-51 JLS (WVG), on behalf of Bursor & Fisher, P.A., Declaration submitted February 6, 2018.

**United States District Court, Northern District Of Illinois, Eastern Division,** *Angel Bakov, Julie Herrera, and Kinaya Hewlett, individually and on behalf of all others similarly situated, v.Consolidated World Travel, Inc. d/b/a Holiday Cruise Line, a Florida corporation,* Case No. 15-cv-02980-HDL SEC, on behalf of Bursor & Fisher, P.A., Declaration submitted February 6, 2017.

**United States District Court, Northern District of Illinois,** *Jennifer Beardsall, Daniel Brown, Jennifer Carlsson, Deborah Cartnick, Amy Connor-Slaybaugh, Phyllis Czapski, Raelee Dallacqua, Autumn Dean, Skye Doucette, Christopher Draus, Gerald Gordon, Alexandra Groffsky, Emma Groffsky, Joyce Ivy, La Tanya James, Michelle Jessop, Joy Judge, Kathy Mellody, Susan Nazari, Megan Norsworthy, Deborah Ostrander, Martina Osley, Dana Phillips, Thomas Ramon, Jr., Nancy Reeves, Matthew Robertson, Shelley Waitzman, Jamilla Wang, and Amber Wimberly, Individually and on Behalf of All Others Similarly Situated, v. CVS Pharmacy, Inc., Target Corporation, Walgreen Co., Wal-Mart Stores, Inc., and Fruit of the Earth, Inc.*, Case No. 1:16-cv-06103, on behalf of Greg Coleman Law, Declaration submitted December 22, 2017.

**United States District Court, Southern District of New York,** *Jaish Markos, individually and on behalf of all others similarly situated, v. Russell Brands, LLC*, Case No. 16-CV-04362(CS), on behalf of The Sultzer Law Group, Declaration submitted on December 1, 2017, Deposition on January 4, 2018.

**United States District Court, Northern District of California,** *Siera Strumlauf, Benjamin Robles, and Brittany Crittenden, individually and on behalf of all others similarly situated,  v.  Starbucks Corporation,* Case No. 16-CV-01306-YGR, on behalf of Bursor & Fisher, P.A., Declaration submitted on October 31, 2017, Deposition on December 13, 2017.



**United States District Court, Southern District of California,** *Sheila Dashnaw, William Meier, and Sherryl Jones, individually, and on behalf of all others similarly situated, v. New Balance Athletics, Inc., a corporation; and DOES 1 through 50, inclusive,* Case No. 3:17-cv-00159-L-JLB, on Behalf of The Wand Law Firm, Declaration submitted on September 8, 2017; Deposition on October 5, 2017; Rebuttal Declaration submitted December 11, 2017.

**United States District Court, Central District of California,** *Veronica Brenner, on behalf of herself and all others similarly situated, v. Procter & Gamble Co.*, Case No. 8:16-1093-JLS-JCG, on behalf of Bursor & Fisher, P.A., Declaration submitted September 5, 2017; Deposition on October 10, 2016.

**United States District Court, Eastern District of California,** *Joann Martinelli, individually and on behalf of all others similarly situated, v. Johnson & Johnson And McNeil Nutritionals, LLC*, Case No. 2:15-cv-01733-MCE-DB, on behalf of Bursor & Fisher, P.A., Declaration submitted August 28, 2017, Deposition on December 20, 2017; Reply Declaration submitted on January 5, 2018.

**United States District Court, Northern District of California, San Francisco Division,** *Martin Schneider, Sarah Deigert, Laurie Reese, Theresa Gamage, Tiffanie Zangwill, and Nadia Parikka, Individually and on Behalf of All Others Similarly Situated, v. Chipotle Mexican Grill, Inc.*, Case No. 3:16-cv-02200-HSG, on behalf of Kaplan Fox & Kilsheimer LLP, Declaration submitted August 11, 2017; Deposition on September 22, 2017.

**United States District Court, Southern District of Ohio,** *Tom Kondash, on behalf of himself and all others similarly situated, v. Kia Motors America, Inc., and Kia Motors Corporation*, Case No. 1:15-cv-00506-SJD, on behalf of Gibbs Law Group, LLP, Declaration submitted July 10, 2017, Deposition on November 29, 2017.

**United States District Court, Northern District of Illinois, Eastern Division,** *Ryan Porter and Haarin Kwon, individually and on behalf of all others similarly situated, v. NBTY, Inc., United States Nutrition Inc., Healthwatchers (DE), Inc., and MET-RX Nutrition, Inc.*, Case No. 15-cv-11459, on behalf of Bursor & Fisher, P.A., Settlement Declaration submitted June 22, 2017.

**United States District Court, Northern District of California,** *Sandra McMillion, Jessica Adekoya And Ignacio Perez, on Behalf of Themselves and all Others Similarly Situated, v. Rash Curtis & Associates*, Case No. 16-cv-03396-YGR, on behalf of Bursor & Fisher, P.A., Declaration submitted May 30, 2017, Declaration submitted August 25, 2017, Declaration submitted on October 16, 2017.

**United States District Court, Northern District of California,** *Vincent D. Mullins, et al., v. Premier Nutrition Corporation,* Case No. 13-cv-01271-RS, on behalf of Blood, Hurst, & O'Reardon, LLP, Reply Declaration submitted May 19, 2017; Deposition on July 20, 2017.



**United States District Court, Southern District of California,** *Preston Jones and Shirin Delalat, on behalf of themselves, all others similarly situated, and the general public, v. Nutiva Inc.*, Case No. 16-cv-00711 HSG, on behalf of Law Offices of Jack Fitzgerald, PC, Declaration submitted May 9, 2016; Deposition on August 23, 2017.

**United States District Court, Central District of California, Southern Division,** *Billy Glenn, Kathy Warburton, Kim Fama, and Corinne Kane, on behalf of themselves and all others similarly situated, v. Hyundai Motor America And Hyundai Motor Company*, Case No. 15-cv-02052-DOC-KES, on behalf of Gibbs Law Group, LLP, Declaration submitted May 1, 2017; Deposition on July 27, 2017; Reply Declaration submitted on October 2, 2017; Reply Declaration submitted on October 6, 2017.

**United States District Court, Southern District of California,** *Sherry Hunter, on behalf of herself, all others similarly situated, and the general public, v. Nature's Way Products, LLC, and Schwabe North America, Inc.,* Case No. 3:16-cv-00532-WQH-BLM, on behalf of Law offices of Jack Fitzgerald, PC, Declaration submitted March 24, 2017; Reply Declaration submitted May 26, 2017; Reply Declaration submitted on July 11, 2017.

**United States District Court, Southern District Of New York,** *Joanne Hart, and Sandra Bueno, on behalf of themselves and all others similarly situated, v. BHH, LLC d/b/a Bell + Howell and Van Hauser LLC*, Case No. 1:15-cv-04804-WHP, on behalf of Bursor & Fisher, P.A., Declaration submitted March 16, 2017; Deposition on January 10, 2018; Supplemental Declaration submitted January 30, 2018.

**United States District Court, Eastern District Of New York, Brooklyn Division,** *Reply All Corp., v. Gimlet Media, Inc.,* Case No. 15-cv-04950-WFK-PK, on behalf of Wolf, Greenfield & Sacks, P.C., Declaration submitted March 15, 2017; Deposition on April 26, 2017.

**United States District Court, Northern District of California,** *James P. Brickman, individually and as a representative of all others similarly situated, v. Fitbit, Inc.*, Case No. 3:15-cv-02077-JD, on behalf of Dworken & Bernstein LPA, Declaration submitted February 28, 2017; Deposition on March 8, 2017.

**United States District Court, Northern District of California,** *Jamie Pettit, an individual, on behalf of herself, the general public and those similarly situated, v. Procter & Gamble Company; and Does 1 Through 50*, Case No. 15-cv-02150-RGS, on behalf of Gutride Safier LLP, Declaration submitted February 14, 2017; Deposition on March 3, 2017; Reply Declaration submitted May 11, 2017.

**United States District Court, Southern District of New York,** *Alan Gulkis, individually and on behalf of all others similarly situated, Zicam LLC and Matrixx Initiatives, Inc.*, Case No. 7:15-cv-09843-CS, on behalf of Bursor & Fisher, P.A., Declaration submitted on February 8, 2017; Deposition on July 14, 2017.



**United States District Court, Central District of California,** *Elisabeth Martin, on behalf of herself, all others similarly situated, and the general public, v. Monsanto Company*, Case No. 16-02168-JFW (SPx), on behalf of the Law Office of Jack Fitzgerald, PC, Declaration submitted February 6, 2017; Deposition on February 9, 2017; Reply Declaration on February 27, 2017.

**United States District Court, Southern District of New York,** *Walt Famular, on behalf of himself and all others similarly situated, v. Whirlpool Corporation*, Case No. 16-cv-00944, on behalf of Bursor & Fisher, P.A., Declaration submitted February 3, 2017, Deposition on August 15, 2017.

**United States District Court, Central District of California,** *In re: 5-Hour Energy Marketing and Sales Practices Litigation*, Case No. 2:13-ml-02438 PSG, on behalf of Bursor & Fisher, P.A., Declaration submitted September 26, 2016; Reply Declaration submitted October 14, 2016; Deposition on October 27, 2016; Declaration submitted on December 22, 2016; Rebuttal Declaration submitted on March 15, 2017.

**United States District Court, Southern District of Florida,** *Benjamin Hankinson, James Guerra, Jeanette Gandolfo, Lisa Palmer, Donald Anderson, Catherine Long, and Lisa Prihoda, individually and on behalf of others similarly situated, v. R.T.G. Furniture Corp., d/b/a Rooms to Go, RTG America, LLC, The Jeffrey Seaman 2009 Annuity Trust, RTG Furniture Corp. of Georgia, d/b/a Rooms to Go, Rooms to Go North Carolina Corp., d/b/a Rooms to Go, RTG Furniture of Texas, L.P., d/b/a Rooms to Go, RTG Texas Holdings, Inc., and R.T.G. Furniture Corp. of Texas*, Case No. 9:15-cv-81139-COHN/SELTZER, on behalf of Cohen Milstein, Declaration submitted September 1, 2016; Declaration submitted October 3, 2016; Deposition on November 4, 2016; Declaration submitted on January 5, 2017.

**Circuit Court Of Cook County, Illinois County Department, Chancery Division,** *Amy Joseph, individually and on behalf of all others similarly situated, Benjamin Perez, individually and on behalf of all others similarly situated, Intervening Plaintiff, v. Monster Inc., a Delaware Corporation, and Best Buy Co., Inc., a Minnesota Corporation*, Case No. 2015 CH 13991, on behalf of Interveners, Declaration submitted August 8, 2016; Supplemental Declaration submitted January 22, 2018.

**United States District Court, Central District of California, Eastern Division,** *Jeff Looper, Michael Bright, Scott Johnson, individuals on behalf of themselves and all others similarly situated, v. FCA US LLC, f/k/a Chrysler Group LLC, a Delaware limited liability company, and DOES 1-100 inclusive*, Case No. 14-cv-00700-VAP-DTB, on behalf of Gibbs Law Group, LLP; Declaration submitted August 7, 2016; Deposition on September 29, 2016.

**United States District Court, Eastern District of California,** *Chad Herron, individually, on behalf of himself and all others similarly situation, v. Best Buy Stores, LP, a Virginia limited partnership*, Case No. 12-cv-02103-TLN-CKD, on behalf of Stonebarger Law, A Professional Corporation; Declaration submitted June 24, 2016; Deposition on July 29, 2016; Supplemental Declaration submitted September 8, 2016.



**United States District Court for the Southern District of Florida,** *Angela Sanchez-Knutson v. Ford Motor Company*, Case No. 14:61344-CIV DIMITROULEAS, on behalf of Kelley Uustal Trial Attorneys; Deposition on June 1, 2016.

**United States District Court, Central District of California,** *Jacqueline Dean, on behalf of herself and all others similarly situated, v. Colgate-Palmolive Co.*, Case No. 5:15-cv-00107, on behalf of Bursor & Fisher, P.A.; Declaration submitted April 29, 2016; Deposition on July 13, 2016; Reply Declaration submitted on May 2, 2017; Declaration submitted on October 2, 2016; Reply Declaration submitted on December 14, 2017.

**United States District Court, District of New Jersey,** *In re: AZEK Decking Marketing & Sales Practices Litigation*, Case No. 12-cv-06627-MCA-MAH, on behalf of Seeger Weiss, LLP; Declaration submitted February 26, 2016; Declaration submitted May 16, 2016; Deposition on July 6, 2016; Reply Declaration submitted August 29, 2016.

**United States District Court. Northern District of California,** *In re: Nest Labs Litigation*, Case No. 5:14-cv-01363-BLF, on behalf of Bursor & Fisher, P.A.; Declaration submitted on January 22, 2016; Deposition on March 2, 2016; Reply Declaration submitted on June 3, 2016.

**United States District Court, Northern District of California,** *Rohini Kumar, an individual, on behalf of herself, the general public and those similarly situated, v. Salov North America Corp.; And Italfoods, Inc.*, Case No. 4:14-cv-02411-YGR, on behalf of Gutride Safier LLP; Declaration submitted on January 19, 2016; Deposition on February 24, 2016; Reply Declaration submitted on May 10, 2016; Declaration submitted on April 11, 2017, Declaration submitted on May 16, 2017.

**United States District Court, Northern District of Ohio, Eastern Division,** *Christopher Meta, On Behalf Of Himself And All Others Similarly Situated v. Target Corporation, et al.*, Case No. 4:14-0832-DCN, on behalf of Tycko & Zavareei, LLP, Declaration submitted January 6, 2016; Deposition on March 15, 2016; Reply Declaration submitted on March 18, 2016.

**United States District Court, District of New Jersey,** *Charlene Dzielak, Shelley Baker, Francis Angelone, Brian Maxwell, Jeffery Reid, Kari Parsons, Charles Beyer, Jonathan Cohen, Jennifer Schramm, and Aspasia Christy on behalf of themselves and all others similarly situated, v. Whirlpool Corporation, Lowe's Home Center, Sears Holdings Corporation, The Home Depot, Inc., Fry's Electronics, Inc., And Appliance Recycling Centers Of America, Inc.*, Case No. 12-cv-0089-KM-JBC, on behalf of Bursor & Fisher, P.A., Declaration submitted December 28, 2015; Deposition on April 22, 2016; Rebuttal Declaration submitted June 10, 2016.

**United States District Court, District of New Jersey,** *In re: Tropicana Orange Juice Marketing and Sales Practices Litigation,* Case No. 12-cv-7382-WJM-JBC, on behalf of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC.; Declaration submitted on November 6, 2015; Deposition on January 28, 2016.



**United States District Court, Northern District of California**, *Scott Koller, an individual, on behalf of himself, the general public and those similarly situated v. Deoleo USA, Inc. and Med Foods, Inc.*, Case No. 3:14-cv-02400-RS, on behalf of Gutride Safier LLP; Declaration submitted on October 29, 2015; Deposition on December 21, 2015; Reply Declaration submitted on April 3, 2017.

**United States District Court, Eastern District Of New York,** *Patrick Hughes and Nafisé Nina Hodjat, individually and on behalf of others similarly situated, v. The Ester C Company; NBTY, Inc.; and Naturesmart, LLC*, Case No. 12-cv-00041-JFB-ETB, on behalf of Reese LLP and WhatleyKallas LLP; Declaration submitted October 22, 2015; Deposition on December 1, 2015; Reply Declaration submitted on January 28, 2016; Surrebuttal Declaration submitted on April 20, 2016; oral testimony and cross examination on September 20, 2016.

**United States District Court, District Of Connecticut,** *Glen Grayson, and Doreen Mazzanti, individually and on behalf of themselves and all others similarly situated, v. General Electric Company*, Case No. 3:13-cv-01799-WWE, on behalf of Izard Nobel LLP; Declaration submitted October 15, 2015; Deposition on November 17, 2015; Rebuttal Declaration submitted March 23, 2016.

**United States District Court, District of New Jersey,** *Lynne Avram, on behalf of herself and all others similarly situated, v. Samsung Electronics America Inc., and Lowe's Home Centers, Inc.*, Case No. 11-cv-6973-KM-MCA, on behalf of Faruqi & Faruqi LLP; Declaration filed July 15, 2015; Deposition September 29, 2015.

**United States District Court, District of Connecticut,** *Heidi Langan, on behalf of herself and all others similarly situated, v. Johnson & Johnson Consumer Companies, Inc.*, Case No. 3:13-cv-01471-RNC, on behalf of Izard Nobel LLP; Declaration filed June 23, 2015; Deposition on July 21, 2015; Reply Declaration filed October 15, 2015.

**United States District Court, Eastern District of California,** *Yesenia Melgar, on behalf of herself and all others similarly situated, v. Zicam LLC, and Matrixx Initiatives, Inc.*, Case No. 2:14-cv-00160-MCE-AC, on behalf of Bursor & Fisher, PA; Declaration filed June 8, 2015.

**United States District Court, Central District of California, Eastern Division-Riverside** *Michael J. Otto, individually, and on behalf of other members of the general public similarly situated, v. Abbott Laboratories, Inc.*, Case No. 12-01411-SVW(DTBx), on behalf of Baron & Budd; Declaration filed May 25, 2015; Deposition on June 2, 2015; Supplemental Declaration filed July 6, 2015.

**United States District Court, Central District of California,** *Russell Minoru Ono, individually and on behalf of others similarly situated, v. Head Racquet Sports USA, a corp. and Head USA Inc.*, Case No. 13-04222-FMO, on behalf of Baron & Budd; Declaration filed April 24, 2015, Deposition on June 30, 2015; Reply Declaration filed July 2, 2015.



**United States District Court, Southern District of Florida,** *Vanessa Lombardo, on behalf of herself and all others similarly situated, v. Johnson & Johnson Consumer Companies and Neutrogena Corporation*, Case No. 13-60536-SCOLA, on behalf of Morgan & Morgan; Declaration filed March 31, 2015.

**United States District Court, Eastern District of New York,** *D. Joseph Kurtz, individually and on behalf all others similarly situated, v. Kimberly-Clark Corporation and Costco Corporation*, Case No. 14-01142-JBW, on behalf of Robbins Geller Rudman & Dowd LLP; Declaration filed February 27, 2015; Rebuttal Declaration filed March 27, 2015.

**United States District Court, Eastern District of New York,** *Anthony Belfiore, on behalf of himself and all others similarly situated, v. Procter & Gamble*, Case No. 14-04090-JBR, on behalf of Wolf Popper LLP; Declaration filed February 27, 2015; Rebuttal Declaration filed April 30, 2015.

**United States District Court, Northern District of California,** *Patrick Hendricks, individually and on behalf of all others similarly situated, v. StarKist Co.*, Case No. 13-0729-YGR, on behalf of Bursor & Fisher, PA; Declaration filed January 20, 2015; Deposition on February 10, 2015; Reply Declaration filed April 7, 2015.

**United States District Court, Northern District of California, San Francisco Division,** *Scott Miller and Steve Leyton, individually and on behalf themselves, the general public and those similarly situated v. Ghirardelli Chocolate Company*, Case No. 12-04936-LB, on behalf of Gutride Safier LLP, Declaration filed January 8, 2015; Reply Declaration filed February 5, 2015.

**United States Bankruptcy Court, Eastern District of New York,** *In re: Kangadis Food Inc., d/b/a The Gourmet Factory, Debtor*, Case No. 14-72649-REG, on behalf of Bursor & Fisher, PA; Declaration filed August 5th, 2014; Oral testimony on November 24, 2014.

**United States District Court, Southern District of New York,** *Joseph Ebin and Yeruchum Jenkins, individually and on behalf of all others similarly situated v. Kangadis Family Management LLC, Aristidia Kangadis a/k/a "Mr. Aris," Andromahi Kangadis a/k/a "Mrs. Mahi," and Themis Kangadis*, Case No. 14-cv-1324-JSR, on behalf of Bursor & Fisher, PA; Declaration filed August 5, 2014; Deposition on October 9, 2014.

**United States District Court, Northern District of California, San Francisco Division,** *Erin Allen, on behalf of herself and all others similarly situated, v. Con Agra Foods, Inc.*, Case No. 13-cv-01279-VC, on behalf of Hagens Berman Sobol Shapiro LLP and The Eureka Law Firm; Declaration filed August 11, 2014; Deposition on September 30, 2014.



**United States District Court, Eastern District of California,** *Kyle Dei Rossi and Mark Linthicum, on behalf of themselves and those similarly situated, v. Whirlpool Corporation*, Case No. 12-cv-00125-TLN-CKD, on behalf of Bursor & Fisher, P.A.; Declaration filed July 31, 2014, Deposition on August 20, 2014.

**United States District Court, Northern District of Illinois, Eastern Division,** *In re: Southwest Airlines Voucher Litigation.*, Case No. 11-cv-8176, Hon. Matthew Kennelly, on behalf of Siprut PC; Declaration filed June 4, 2014; Oral testimony and cross examination on June 16, 2014.

**United States District Court, Central District of California, Western Division,** *In re: ConAgra Foods, Inc.*, Case No. 11-cv-05379-MMM, MDL No. 2291, on behalf of Milberg LLP and Grant & Eisenhofer, P.A.; Declaration filed May 5, 2014; Deposition on May 23, 2014; Declaration filed June 30, 2014; Declaration filed September 8, 2014; Deposition on September 16, 2014, Declaration filed October 27, 2014.

**United States District Court, Southern District of New York,** *In re: Scotts EZ Seed Litigation*, Case No. 12-cv-4727-VB, on behalf of Bursor & Fisher, PA; Declaration filed March 31, 2014; Deposition on May 21, 2014; Declaration filed on January 8, 2016; Deposition on February 10, 2016; Reply Declaration submitted June 30, 2016; Declaration submitted September 1, 2016; Declaration submitted on October 20, 2016.

**United States District Court, Central District of California,** *Julie Fagan, Michael Fagan, Melissa Pennalatore, Amy Sapeika and Shelley Trinchero, individually and on behalf of all others similarly situated v. Neutrogena Corporation*, Case No. 13-cv-01316-SVW, on behalf of Izard Nobel LLP; Declaration filed March 21, 2014; Deposition on April 3, 2014; Supplemental Declaration filed August 4, 2014; Deposition on August 13, 2014; Declaration filed September 9, 2014.

**United States District Court, Central District of California,** *Enzo Forcellati and Lisa Roemmich, individually and on behalf of all others similarly situated v. Hyland's Inc., Standard Homeopathic Laboratories, Inc. and Standard Homeopathic Company*, Case No. 12-cv-01983-GHK, on behalf of Faruqi and Faruqi; Declaration filed December 13, 2013; Deposition on February 27, 2014.

**United States District Court, Southern District of Florida,** *Adam Karhu, on behalf of himself and all others similarly situated, v. Vital Pharmaceuticals, Inc., d/b/a VPX Sports*, Case No. 13-cv-60768-JIC, on behalf of Thornton, Davis, & Fein, P.A., Declaration filed December 13, 2013; Declaration filed January 6, 2014; Declaration filed March 31, 2014.

**Trial Court of Massachusetts, District of Edgartown,** *Schepici v. JetBlue Airways Corp.,* on behalf of plaintiff; Mediation on December 4, 2013.

**Superior Court of California, County of Alameda,** *In re: Cellphone Termination Fee Cases, Ramzy Ayyad, et al, v. Sprint Spectrum, L.P.,* JCCP No. 4332, Case No. RG03-121510, on behalf of the Executive Committee; Declaration filed September 18, 2013.



**United States District Court, Northern District of California,** *Maria Torres, Gabriel Rojas, and Ian Kerner, individually and on behalf of all others similarly situated v. JC Penney Corporation, Inc.; and JC Penney Company, Inc.,*, Case No. cv-12-01105-RS, on behalf of Bramson, Plutzik, Mahler and Birkhaeuser; Declaration filed September 13, 2013; Deposition on October 2, 2013.

**United States District Court, Southern District of New York,** *Joseph Ebin and Yeruchum Jenkins, individually and on behalf of all others similarly situated v. Kangadis Foods Inc*, Case No. 13-cv-02311-JSR, on behalf of Bursor & Fisher, PA; Declaration filed August 26, 2013; Deposition on October 21, 2013.

**United States District Court, Northern District of California,** *Desiree Moore, on behalf of themselves, the general public, and all those similarly situated, v. Verizon Communications*, Case No. 4:09-cv-01823-SBA, on behalf of David Schachman and Associates PC, Jacobs Kolton Chtd., and Keller Grover, LLP; Declaration filed June 24, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on March 1, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 20, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 19, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of  Claimant; Oral testimony and cross examination on February 13, 2013.

**American Arbitration Association,**  *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 7, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 4, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on January 24, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on December 12, 2012.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on December 10, 2012.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on November 28, 2012.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant, Declarations filed October 4, 2012 and November 5, 2012; Oral testimony and cross examination on November 27, 2012.



**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant, Declaration filed April 16, 2012; Oral testimony and cross examination on May 11, 2012.

**United States District Court, District of Massachusetts,** *Marcy Cruz v. Justin Kagan, Arthur Hegarty, Ronald Teachman, and the City of New Bedford*, Case No. 1:09-cv-11793-RGS, on behalf of Marcy Cruz, Expert Report filed February 28, 2011; Oral testimony and cross examination on December 1, 2011.

**United States District Court, Southern District of New York,** *Bursor & Fisher P.A., v. Federal Communications Commission*, Case No. 1:11-cv-05457-LAK, on behalf of Bursor & Fisher P.A., Declaration filed August 17, 2011.

**United States District Court, District of New Jersey,** *In Re: Sprint Premium Data Plan Marketing and Sales Practices Litigation,* Master Case No. 10-6334 (SDW) MDL No. 2228, on behalf of Thornton, Davis, & Fein, P.A., Declaration filed August 11, 2011.

**United States District Court, Northern District of California,** *Patrick Hendricks, on behalf of himself and all others similarly situated, v. AT&T Mobility LLC,* Case No. C11-00409, on behalf of Bursor & Fisher, P.A., Declaration filed August 7, 2011.

**Federal Communications Commission,** *In the Matter of Applications of AT&T Inc. & Deutsche Telekom AG for Consent to Assign or Transfer Control of Licenses and Authorizations*, WT Docket No. 11-65, on behalf of Butch Watson, Declaration filed June 20, 2011.

**California Public Utilities Commission,** *Pacific Bell Telephone Company d/b/a AT&T California (U1001C) Complainant, vs. O1 Communication, Inc. (U 6065 C), Defendant*, Case No. C.08-03-001, on behalf of the O1 Communications, Inc., Reply Testimony filed November 6, 2009; Oral testimony and cross examination on November 16, 2009.

**Superior Court of California, County of Alameda**, *James Thomas, on behalf of themselves, the general public, and all those similarly situated, v. Global Vision Products, Inc., Anthony Imbriolo, Derrike Cope, David L. Gordon, Powertel Technologies, Inc., Craig Dix, Henry Edelson and Robert Debenedictis,* Case No. RG03-091195, on behalf of the Law Offices Of Scott A. Bursor, Oral testimony and cross examination on November 9, 2009.

**United States District Court, District of New Jersey,** *Judy Larson, Barry Hall, Joe Milliron, Tessie Robb, and Willie Davis, individually and on behalf of all others similarly situated, v. AT&T Mobility LLC f/k/a Cingular Wireless LLC and Sprint Nextel Corporation and Sprint Spectrum L.P. d/b/a Sprint Nextel and Nextel Finance Company, Civ. Act. No. 07-5325 (JLL)*, on behalf of PinilisHalpern, LLP and Law Offices of Scott A. Bursor, Declaration filed *under seal* October 19, 2009.

**California Public Utilities Commission,** *Pacific Bell Telephone Company d/b/a AT&T California (U1001C) Complainant, vs. Pac-West Telecomm, Inc. (U 5266 C), Defendant*, Case No. C.08-09-017, on behalf of the Pac-West Telecomm, Inc., Rebuttal Testimony filed May 1, 2009.



**Illinois Commerce Commission,** Illinois Bell Telephone Company Annual Rate Filing for Non-Competitive Services Under an Alternative Form of Regulation, Ill. C. C. Docket No. 08-0249, on behalf of the People of the State of Illinois, Declaration filed May 2, 2008.

**Federal Communications Commission,** Qwest Petition for Forbearance Under 47 U.S.C. §160(c) From Title II and *Computer Inquiry Rules* with Respect to Broadband Services, Petition of AT&T Inc, For Forbearance Under 47 U.S.C. §160(c) From Title II and *Computer Inquiry Rules* with Respect to Broadband Services, Petition of BellSouth Corporation For Forbearance Under 47 U.S.C. §160(c) From Title II and *Computer Inquiry Rules* with Respect to Broadband Services, Petition of the Embarq Local Operating Companies for Forbearance Under 47 U.S.C. §160(c) From Application of *Computer Inquiry* and certain Title II Common Carriage Requirements; WC Docket Nos. 06-125 and 06-147, on behalf of the AdHoc Telecommunications Users Committee, Declaration filed October 9, 2007.

**Superior Court of California, County of Alameda**, *James Thomas, on behalf of themselves, the general public, and all those similarly situated, v. Global Vision Products, Inc., Anthony Imbriolo, Derrike Cope, David L. Gordon, Powertel Technologies, Inc., Craig Dix, Henry Edelson and Robert Debenedictis,* Case No. RG03-091195, on behalf of the Law Offices Of Scott A. Bursor, Declaration filed January 5, 2007; Deposition on November 13, 2007; Oral testimony and cross-examination on December 19, 2007; Oral testimony on January 9, 2008.

Mr. Weir has served as a consultative expert in numerous proceedings that did not result in testimony, and has contributed research and analysis to numerous additional publications and testimony at the state, federal, and international levels.


ECONOMICS AND TECHNOLOGY, INC.

# Exhibit 2

# Documents Reviewed

- First Amended Class Action Complaint, January 23, 2017

- Expert Report of Stefan Boedeker, December 22, 2017 (and associated documents produced)

- Exhibit A of Boedeker Rebuttal Report

- Exhibit B of Boedeker Rebuttal Report

- Appendix to Boedeker Rebuttal Report

- Declaration of Colin B. Weir, 31 October, 2017

- Declaration of Colin B. Weir, 30 January, 2018

- Deposition of Stefan Boedeker, January 26, 2018

- BHH, LLC000380-711.pdf

- DL000521 - 000535.pdf

- DL000536.pdf

- Unit Sales by Month (CA).pdf

- Unit Sales By Month and Year (Nationwide).pdf

- Unit Sales by Year (CA).pdf

- B & H Pest Results.xlsx

- 2016.11.09 HSN Answer to Doc Request.pdf

- WM2016-025417C000001 to 08, Native.XLSX

- BHH,LLC006640-6666.pdf

- 2490906_Exhibit_27_JeffreyMishanday2.pdf

- BHH006667-89.pdf

- Affidavit of Jeffrey Mishan, filed April 25, 2017

- Intellitec SB-104-.pdf

- PDF copy KOPEL - 4252017.PDF

- *Hedonic Prices and Implicit Markets: Product Differentiation in Pure Competition.* Rosen, Sherwin, The Journal of Political Economy, Vol. 82, No. 1. (Jan. - Feb., 1974)

- *The Use of Hedonic Analysis for Certification and Damage Calculations in Class Action Complaints*, Doane, Michael (Analysis Group) and Hartman, Raymond, Journal of Law, Economics, & Organization, Vol. 3, No. 2 (Autumn, 1987), pp. 351-372

- walmart.com

- hsn.com

- harrietcarter.com

- drleonards.com

- familydollar.com

- DL000537-45.xlsx

- Christie Holt - HSNi, LLC - Bell & Howell Customer Data Pull, 11-13-17.xlsx

- Customer LIst.xlsx; SUB_0001_HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY.xlsx

- Bug Repeller Buyers 20170420 to 20160615.xlsx

- 12.11.2017 CONFIDENTIAL PER PROTECTIVE ORDER HART V.  BHH - Winston Brands Customer Data for Production.xlsx

- Copy of UltraSonic Pest Repeller Sales.xlsx

- Programming Code.nb

- Regression Results Log Weighted.xlsx

- Regression Results Normal Weighted.xlsx

- BH Product Matrix_12-14-17 (003) TL.XLSX