IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNE HART and SANDRA BUENO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BHH, LLC d/b/a BELL + HOWELL, and VAN HAUSER, LLC,<br><br>Defendants. | CASE NO. 1:15-cv-04804-WHP<br><br>JUDGE WILLIAM H. PAULEY<br><br>**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCDURE 56(c)** |

# TABLE OF CONTENTS
## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(c)

Argument................................................................................................................1

I.   Plaintiffs Have Failed to Meet Their Burden for a Breach of Warranty Claim.............1

II.  Plaintiffs Have Failed to Meet Their Burden For a Fraud Claim...............................6

III. Plaintiffs Have Failed to Meet Their Burden to Show Violation of the CLRA............8

IV.  The Court Should Apply the Statute of Limitations to Limit the Class......................10

Conclusion............................................................................................................10

## TABLE OF AUTHORITIES

## FEDERAL CASES

*Abu Dhabi Commer. Bank v. Morgan Stanley & Co.*, 888 F. Supp. 2d 431 (S.D.N.Y. 2012)......7

*Atik v. Welch Foods, Inc.*, 2016 WL 5678474 (E.D.N.Y. 2016)............................................2

*Ault v. J.M. Smucker Co.*, 2014 WL 1998235 (S.D.N.Y. 2014)............................................2

*Dachauer v. NBTY, Inc.*, 2017 WL 2304209 (N.D. Cal. 2017)............................................2

*Eli Lilly & Co. v. Zenith Goldline Pharms., Inc.*, 364 F. Supp. 2d 820 (S.D. Ind. 2005)..........6

*Fink v. Time Warner Cable*, 714 F.3d 739 (2d Cir. 2013)..............................................2, 5

*Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995)......................................................6

*Gould v. Helen of Troy, Ltd.*, 2017 U.S. Dist. LEXIS 54611 (S.D.N.Y. 2017)......................10

*In re: 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d 910 (N.D. Ill.2017)...............................................................................................................5

*In re: Bear Stearns Cos., Secs., Derivative, & ERISA Litig.*, 995 F. Supp. 2d 291(S.D.N.Y. 2014).................................................................................................................10

*In re: DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677 (2d Cir. 2009)....................7, 8

*In re: GNC Corp.*, 789 F.3d 505 (4th Cir. 2015)..........................................................8

*In re: Integrated Health Servs.*, 358 B.R. 637 (D. Dela. 2007)............................................3

*In re Sony PS3 "other OS" Litig. v. Sony Computer Entm't Am., Inc.*, 551 Fed. Appx. 916 (9th Cir. 2014).................................................................................................................10

*Johns v. Bayer Corp.*, 2013 U.S. Dist. LEXIS 51823 (S.D. Cal. 2013)..............................9

*Korolshteyn v. Costco Wholesale Corp.*, 2017 U.S. Dist. LEXIS 135303 (S.D. Cal. 2017).....8, 9

*Kraft v. Staten Island Boat Sales, Inc.*, 515 F. Supp. 3d 464 (S.D.N.Y. 2010)........................3

*Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867 (N.D. Cal. 2016)..........................3, 8

*Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666 (E.D.N.Y. 2017).................................4, 5

*Paulino v. Conopco, Inc.*, 2015 WL 4895234 (E.D.N.Y. 2015)..............................................2

*Platex Prods. v. Procter & Gamble Co.*, 2003 U.S. Dist. LEXIS 8913 (S.D.N.Y. 2003)..........3

*Racies v. Quincy Bioscience, LLC*, 2017 WL 6418910 (N.D. Cal. 2017)..............................8

*Ramseur v. Chase Manhattan Bank*, 865 F.2d 460 (2d Cir. 1989).........................................7

*Reed v. NBTY, Inc*, 2014 U.S. Dist. LEXIS 197398 (C.D. Cal. 2014)..................................8

*Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 5360022 (E.D.N.Y. 2015).............................2

*Sonner v. Schwabe N. Am., Inc.*, 231 F. Supp. 3d 502 (C.D. Cal. 2017)..............................8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)..................................7, 8

*Tennenbaum v. Miller*, 2011 U.S. Dist. LEXIS 99645 (D. Ariz. 2011)................................8

*Wechsler v. Steinberg*, 733 F.2d 1054 (2d Cir. 1984)........................................................6

*Williams v. Gerber Prods., Co.*, 552 F.3d 934 (9th Cir. 2008).........................................4, 5

NOW COME Defendants, BHH, LLC d/b/a BELL + HOWELL and VAN HAUSER, LLC, by and through their counsel, LEAHY, EISENBERG, AND FRAENKEL, LTD., and for their Reply in Support of their Motion for Summary Judgment, state as follows:

### ARGUMENT

Realizing they cannot meet their burden to prove that the Bell+Howell devices are ineffective and worthless, Plaintiffs resort to grasping at argumentative, conclusory statements to pass off as material facts in dispute. The Court should not be deceived. The issues on summary judgment are not as complicated as Plaintiffs' 66 page, 265 paragraph Statement of Material "Facts" would have one believe. Plaintiffs have failed to prove that Defendants made the product warranty Plaintiffs desire ("drives pests out" of a house). Plaintiffs have failed to prove that Defendants' product breached the warranty by not meeting Plaintiffs' new invented standard ("real world" effectiveness). Finally, Plaintiffs have failed to put forth any, let alone sufficient, evidence that Defendants had the fraudulent intent necessary to survive summary judgment. For the following reasons, summary judgment should be granted.

**I.**   **Plaintiffs Have Failed to Meet Their Burden for a Breach of Warranty Claim.**

Plaintiffs' Response argues that Defendants have warranted that the devices "drive pests out of the house." Doc. #149, at p. 3. Without citing authority, Plaintiffs demand that, by law, this Court must insert language into the device's packaging that does not exist. Moreover, Plaintiffs demand that Defendants' product must be held to a brand new legal standard, that the Defendants' product must not simply be effective as actually warranted, but the product must instead be held to Plaintiffs' "real world" standard of warranty. Yet, the sole evidence Plaintiffs present to support this contention are statements made by Intellitec (not Defendants) and alleged

1

representations by various retailers (not Defendants).[1] Plaintiffs should be limited to litigating their case based on representations made by Defendants and what those statements, in the context of the entire product packaging, mean to a consumer.

Defendants' product states that it is an "ultrasonic pest repeller," that it "helps repel" pests, and that it "drive[s] pests out." Realizing that Defendants' product performs as stated on the product packaging, Plaintiffs seek to insert language that does not appear. In particular, Plaintiffs demand that the language "of the house" and "from behind walls and under floors" be added to the product's packaging, even though the product language clearly states that the device does not work in that way. Plaintiffs want the product's statements to read this way and now invent an undefined "real world" standard because Plaintiffs know that Plaintiffs cannot meet the burden Plaintiffs established for themselves when Plaintiffs claimed the devices were completely ineffective and worthless. This was the standard Plaintiffs argued for and the standard certified by this Court. *See,* Doc. #93 at p. 7 ("Plaintiffs allege the repeller failed to work at all").

Plaintiffs agree that product representations are subject to a "reasonable consumer" standard. Doc. #149, p. 11. Plaintiffs cite several cases for the proposition that the "reasonable consumer" inquiry is an issue of fact. However, each of the cases Plaintiffs cite evaluated the "reasonable consumer" standard at the pleadings stage, on a motion to dismiss. *See, Ault v. J.M. Smucker Co.,* 2014 WL 1998235, at *6 (S.D.N.Y. 2014) ("But what a reasonable consumer's interpretation might be is a matter of fact which is not appropriate on a motion to dismiss"); *Silva v. Smucker Nat. Foods, Inc.,* 2015 WL 5360022, at *10 (E.D.N.Y. 2015) (same); *Paulino v. Conopco, Inc.,* 2015 WL 4895234, at *2 (E.D.N.Y. 2015) (same); *Atik v. Welch Foods, Inc.,* 2016 WL 5678474, at *13 (E.D.N.Y. 2016) (same); *But see; Fink v. Time Warner Cable,* 714

---

[1] Plaintiffs also rely on erroneous deposition testimony from Defendants' expert Dr. Paul Borth that was corrected by Errata on February 14, 2018. *See,* Doc. #145, Ex. C.

F.3d 739 (2d Cir. 2013) ("It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer"). Where a court deciding a motion to dismiss must accept all allegations in a pleading as true, a court deciding a motion for summary judgment has no such obligation to accept unsupported allegations. *See, In re: Integrated Health Servs.*, 358 B.R. 637, 641 (D. Dela. 2007) ("Unlike a motion to dismiss, a motion for summary judgment is entitled to no presumption that the facts as alleged are true.").

Here, Plaintiffs offer plenty of argument, but have offered <u>no evidence</u> of what a reasonable consumer would understand Defendants' representations to mean, which is essential to whether a consumer was reasonable in relying on the alleged warranty. This burden is necessary to successfully prove that the statement falls within the definition of a warranty. *See, Kraft v. Staten Island Boat Sales, Inc.*, 515 F. Supp. 3d 464, 473 (S.D.N.Y. 2010) (citing *Friedman v. Medtronic, Inc.*, 42 A.D.2d 185, 190-191 (N.Y. App. Div. 2d Dep't 1973), wherein trial court erred by allowing an express warranty to go to the jury based on an interpretation not supported by the evidence). Simply put, after almost three years of discovery, Plaintiffs have no actual evidence to support their claim. Plaintiffs did not perform a consumer survey or conduct other market research to support their claims. *See, Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 876 (N.D. Cal. 2016) ("Marketing research shows that consumers consistently buy and use Joint Juice because they have joint pain, raising the reasonable inference that consumers believe the product would provide a remedy for such afflictions"); *Platex Prods. v. Procter & Gamble Co.*, 2003 U.S. Dist. LEXIS 8913, at *3 (S.D.N.Y. 2003) ("In support of Playtex's allegation that P&G is falsely advertising that its Tampax Pearl tampons are more absorbent…Playtex relies on a consumer survey"). Nor have Plaintiffs offered qualified expert testimony as to what a reasonable consumer would think and expect when using the devices in

3

their home. *See,* Doc. #142, Ex. 2, ("Potter Deposition") at 180:20-25 ("Q. Have you tried to research what consumers of the Bell & Howell devices actually experience...? A. No"). Aside from Plaintiffs speculative assertion that a reasonable consumer would interpret "drives pests out" to mean drives pests out of a house, there is absolutely no evidence in the record that a reasonable consumer would interpret the product language this way, especially in light of other language on the product's packaging to the contrary. In fact, Plaintiffs' expert was so dismissive of the product's actual language that Plaintiffs' expert testified that reading the other language, let alone following the instructions, was immaterial. *See,* Potter Deposition, at 189:15-190:5. Thus, Plaintiffs have not met their burden to demonstrate that Defendants made an affirmation of fact or promise that the Bell+Howell devices would drive pests from a home.

Plaintiffs next argue that the court should disregard the other language on the package that contradicts Plaintiffs' assertion that "drives pests out" means out of a house. Doc. #149, pp. 12-13. The product packaging says the Bell+Howell device will repel, and the device does repel. The additional information on the product packaging helps frame that statement so that the consumer can maximize the effectiveness of the device. Nevertheless, Plaintiffs rely on *Williams v. Gerber Prods., Co.,* 552 F.3d 934, 939 (9th Cir. 2008) for the proposition that a manufacturer cannot, in small print elsewhere on a product's packaging, disclaim a product's representations. Doc. #149, p. 13. "But Plaintiffs argument ignores the general rule, articulated by *Williams* and other cases, that disclaimers fail to cure allegedly misleading representations on the front of packaging only where the alleged misrepresentation is clearly stated and the disclaimer is exceedingly vague or requires consumers to make inferences." *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 675 (E.D.N.Y. 2017). Here, the language on the product packaging, conspicuously located alongside other relevant product information, is clear and unambiguous.

4

*See,* Doc. # 140, Ex. 4 ("Borth Deposition") at 296:23:297:2 ("Q. Okay. Just so I'm clear, it's your opinion, based upon your expertise, that the Bell + Howell product literature, the user instructions are clear; correct? A. Yes"). "An effective disclaimer would have 'explicitly stated' the relevant information such that it would be 'impossible' for those who viewed it to be deceived." *Nelson,* at 675 (citing *Williams,* at 939). By stating "[u]ltrasonic signals lose intensity as it travels. It is also absorbed by soft objects such as carpeting and is reflected by hard surfaces, such as furniture," Defendants have "explicitly stated" that the devices efficacy will be impacted by distance, soft objects like carpeting, and hard objects like furniture. By stating "[u]ltrasonic signals cannot reach nesting or feeding places behind walls, under floors, or within cracks," Defendants have "explicitly stated" that the devices cannot work in these locations.

Plaintiffs claim the rule in *Williams,* and cases applying a similar rule, directs that the product representation prevails over other language on the product packaging where the two are inconsistent. However, this rule is narrowly interpreted. "These principles yield this rule: Where a plaintiff contends that certain aspects of a product's packaging are misleading in isolation, but an ingredient label or other disclaimer would dispel any confusion, the crucial issue is whether the misleading content is ambiguous; if so, context can cure the ambiguity and defeat the claim, but if not, then context will not cure the deception and the claim may proceed." *In re: 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.,* 275 F. Supp. 3d 910, 923 (N.D. Ill. 2017). In other words, where the representation is ambiguous, the rule in *Williams* is inapplicable, and a reasonable consumer can be expected to seek clarification elsewhere on the product packaging. *See, Id.,* at 924 ("[h]ere by contrast, Defendants "100%" assertion is ambiguous, rendering *Williams* inapposite"); *See also, Fink,* at 742 ("even if a statement on a package or advertisement might be ambiguous or unclear in isolation, the presence of a

5

disclaimer or similar clarifying language may defeat a claim of deception"); *Freeman v. Time, Inc.,* 68 F.3d 285, 290 (9th Cir. 1995) ("[a]ny ambiguity that [the plaintiff] would read into any particular statement is dispelled by the promotion as a whole").

Finally, Plaintiffs argue that Plaintiffs' expert testified that the devices are ineffective because any deterrent effect represents only statistical, not biological or commercial, significance. Doc. #149 at p. 14. Plaintiffs cite *Eli Lilly & Co. v. Zenith Goldline Pharms., Inc.,* 364 F. Supp. 2d 820, 868-869 (S.D. Ind. 2005) as an example of a statistically significant, but not biologically significant effect. However, as the *Zenith* court aptly stated, "[t]he determination of whether or not a statistically significant change is clinically significant depends on context." *Id.* at 868. Neither Plaintiffs nor Plaintiffs' expert has ever provided context for their claim that the device's repellency is only statistically, not biologically or commercially, significant because they have not articulated what commercial significance looks like. In contrast, Defendants' expert explained that a reduction in the observed pest population would be a relevant measure of the commercial significance of a pest control product. *See,* Borth Deposition 141:24-143:25. Where the evidence demonstrates a reduction in the pest population, the Bell+Howell devices cannot be said to be ineffective and worthless. For the foregoing reasons, Plaintiffs have failed to demonstrate a claim for breach of warranty and the Court should reject their Response.

II.     **Plaintiffs Have Failed to Meet Their Burden For a Fraud Claim.**

Plaintiffs have absolutely no evidence to suggest that Defendants knew or should have known that the product representations were allegedly inaccurate or false. Plaintiffs make argument, but fail to point to any witness, fact or expert, to show actual knowledge and conscious choice to deceive. *See, Wechsler v. Steinberg,* 733 F.2d 1054, 1059 (2d Cir. 1984) (plaintiffs "pointed to evidence competent to show not only that defendants possessed and chose

6

not to disclose the information, but also that defendants were attempting by their choice of accounting methods to artificially increase the market price of [defendants'] shares"). Plaintiffs have offered no evidence of internal company discussions contradicting product representations. *See, Ramseur v. Chase Manhattan Bank,* 865 F.2d 460, 467 (2d Cir. 1989) (internal company memo recommending company should take preemptive measures to strengthen defense in the event of future litigation was sufficient pretext in discrimination action); *Abu Dhabi Commer. Bank v. Morgan Stanley & Co.,* 888 F. Supp. 2d 431, 459 (S.D.N.Y. 2012) (internal company emails stated company "had difficulties explaining 'HOW we got to those numbers since there is no science behind it" and had "no actual data backing the current model assumptions" was sufficient for jury to infer intent to defraud). Nor have Plaintiffs presented evidence that Defendants were told by a regulatory body, such as the Federal Trade Commission, that their specific product claims had been rejected. *See, In re: DDAVP Direct Purchaser Antitrust Litig.,* 585 F.3d 677, 683 (2d Cir. 2009) (After being told by the Patent and Trade Office that certain claims made in their drug patent application had been rejected, Defendants failure to disclose affiliated scientific support on reapplication was sufficient inference of fraudulent intent). The only evidence presented by any expert is that Defendants acted reasonably in relying on the pre-market testing demonstrating effectiveness. *See,* Borth Deposition, at 291:9-22.

In fact, none of the cases Plaintiffs cite stands for the proposition that <u>no evidence</u> of scienter constitutes an issue of fact. There must be some minimum evidentiary basis for a jury to reasonably infer that Defendants had fraudulent intent. Plaintiffs argue that evidence need not be of the "smoking gun" variety. Doc. #149, pp. 15-16 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 324 (2007)). "Yet the inference of scienter must be more than merely 'reasonable' or 'permissible'--it must be cogent and compelling, thus strong in light of other

7

explanations." *See, Tellabs,* at 324. Further, Plaintiffs again primarily cite to cases deciding a motion to dismiss, on which all allegations are presumed true. On a motion to dismiss, courts often determine only that "pleadings could plausibly lead to additional findings that would satisfy [evidence of intent]." *See, In re: DDAVP* at 693. In contrast, on summary judgment, the court must decide not if the evidence presented can lead to other, better evidence, but instead, if the evidence presented is itself sufficient. *See, Tennenbaum v. Miller,* 2011 U.S. Dist. LEXIS 99645, *18 (D. Ariz. 2011) ("Unlike a motion to dismiss, at summary judgment…[c]onclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment"). Plaintiffs have failed to present sufficient, or any, evidence of scienter such that a reasonable juror could infer fraudulent intent, and, therefore, summary judgment is appropriate.

### III.   Plaintiffs Have Failed to Meet Their Burden to Show Violation of the CLRA.

Plaintiffs argue that Plaintiffs do not have to prove actual falsity to succeed on their CLRA claim. Not surprisingly, Plaintiffs cite *Mullins*, as it is the poster case for the divergent position on Plaintiffs' burden of proving falsity in the face of scientific evidence supporting advertised claims of efficacy. California courts are, admittedly, split on this issue. *Compare, Mullins v. Premier Nutrition Corp.,* 178 F. Supp. 3d 867, 876 (N.D. Cal. 2016), *Racies v. Quincy Bioscience, LLC,* 2017 WL 6418910, *5 (N.D. Cal. 2017), *and, Dachauer v. NBTY, Inc.,* 2017 WL 2304209, *2 (N.D. Cal. 2017); *with, Korolshteyn v. Costco Wholesale Corp.,* 2017 U.S. Dist. LEXIS 135303, *17 (S.D. Cal. 2017), *In re: GNC Corp.,* 789 F.3d 505, 515 (4th Cir. 2015), *Sonner v. Schwabe N. Am., Inc.,* 231 F. Supp. 3d 502, 512 (C.D. Cal. 2017), *and, Reed v. NBTY, Inc,* 2014 U.S. Dist. LEXIS 197398, *14 (C.D. Cal. 2014). In *Korolshteyn,* the court labeled *Mullins* the outlier in holding that whether evidence was equivocal was for the jury to decide, and that the jury could decide that claims were literally false, or literally true but still misleading.

*Korolshteyn,* at *14. However, as the *Korolshteyn* court explained, whether the alleged claims are literally false or literally true is a binary choice – they are either true, or they are false. *See, Korolshteyn,* at *15 ("notwithstanding Plaintiff's arguments otherwise, Plaintiff is only alleging…that the Label Claims are literally false. Although the [Third Amended Complaint] alleges and Plaintiff argues on summary judgment that the Label Claims are 'false and misleading,' [Plaintiff] is really alleging and arguing that the Label Claims are misleading *because they are false*") (emphasis in original).

Like the plaintiffs in *Koloshteyn,* Plaintiffs here now claim, as an alternative, that Defendants' claims regarding the efficacy of the devices may be literally true, but misleading. Doc. #149 at p. 22. But this alternative argument is simply not supported by Plaintiffs' persistent position throughout this litigation. *See,* Doc. #93 at p. 7 ("Plaintiffs allege the repeller failed to work at all"), and Doc. #149, at p. 9 ("the devices don't work – period"). The same circular reasoning employed by Plaintiffs in their Response was highlighted in *Johns v. Bayer Corp.*:

> Plaintiffs' arguments that the Prostate Claims are deceptive and/or misleading are confusing at best and rely on circular reasoning. For example, although Plaintiffs fervently argue that they do not have to prove that [Defendant's] representations are in fact false to proceed under the…CLRA, Plaintiffs simultaneously argue that their "evidence is not limited to criticisms about the amount of substantiation [Defendant] had, but that the advertisements are not true." Thus, in an attempt to plead around the "lack of substantiation" bar to recovery, it appears Plaintiffs are alleging that [Defendant's] representations are deceptive because they are unsubstantiated.

*Johns v. Bayer Corp.,* 2013 U.S. Dist. LEXIS 51823, *48 (S.D. Cal. 2013). The *Koloshteyn* and *Johns* courts rejected this faulty logic, instead finding plaintiffs' arguments that claims of efficacy could be misleading because a jury could find that defendants did not prove them literally true is little more than a lack of substantiation claim, and summary judgment was granted. *See, Koloshteyn,* at *17; *Johns,* at *48. For the same reasons, this court should reject Plaintiffs' flawed argument and grant summary judgment as to Plaintiffs' CLRA claims.

9

Finally, Plaintiffs argue that Defendants ignore their claims under Section 1770(a)(5) of the CLRA. However, the prohibition under this section amounts to a claim for breach of warranty. *See, In re Sony PS3 "other OS" Litig. v. Sony Computer Entm't Am., Inc.,* 551 Fed. Appx. 916, 920 (9th Cir. 2014) (explaining Section 1750(a)(5), governed by the "reasonable consumer" test, requires plaintiffs to show (1) a misrepresentation; (2) reliance on that misrepresentation; and (3) damages caused by the misrepresentation). As explained in Section I above, Plaintiffs have not offered sufficient evidence that Defendants represented that the devices have characteristics, uses, benefits or qualities which they do not. Defendants packaging stated that the devices repel pests and drive pests out from areas exposed to ultrasound. They do. Thus, summary judgment is appropriate.

IV.    **The Court Should Apply the Statute of Limitations to Limit the Class.**

Plaintiffs' Response did not argue that certain class members were not time barred by applicable Statutes of Limitation. As Plaintiffs suggest, the Court should apply subclasses to distinguish between those class members that are time barred by the applicable statutes and those who are not. Finally, there is hardly consensus that New York would recognize cross-jurisdictional class-action tolling. *See, e.g., Gould v. Helen of Troy, Ltd.,* 2017 U.S. Dist. LEXIS 54611, *9 (S.D.N.Y. 2017) ("Plaintiff's New York [General Business Law] claims are not tolled by *American Pipe*"); *In re: Bear Stearns Cos., Secs., Derivative, & ERISA Litig.,* 995 F. Supp. 2d 291, 311 (S.D.N.Y. 2014) ("cannot say that New York would adopt cross-jurisdictional tolling").

## CONCLUSION

WHEREFORE, Defendants, BHH, LLC d/b/a BELL + HOWELL, and VAN HAUSER, LLC respectfully request that the Court enter an order granting Defendants' Motion for Summary Judgment.

Respectfully submitted,

**E. MISHAN & SONS, INC.**

By: _____/s/ Scott Wing_____
One of Its Attorneys

Scott Wing
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel. (312) 368-4554
*Counsel for BHH, LLC, and VAN HAUSER, LLC*
\\lefpl\Prolaw Files\Documents\E. MISHAN AND SONS, INC\16823\MOTIONS - FEDERAL\375737.docx