# BURSOR & FISHER
P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
**www.bursor.com**

YITZCHAK KOPEL
Tel: **646.837.7127**
Fax: **212.989.9163**
ykopel@bursor.com

May 2, 2018

*Via ECF and U.S. Mail*

The Honorable William H. Pauley III
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Hart, et al. v. BHH, LLC d/b/a Bell + Howell*, *et al.*, Case No. 15-cv-04804

Dear Judge Pauley:

  I represent Plaintiffs and the certified classes in the above action. I write pursuant to Rule III(A)(ii) of Your Honor's Individual Practices to request a pre-motion conference regarding Plaintiffs' motion for certain of Plaintiffs' Rule 56.1 Statements of material fact to be deemed admitted due to Defendants' noncompliance with the Rule. While Plaintiffs are formally requesting a pre-motion conference for this motion in compliance with Your Honor's Individual Practices, Plaintiffs do not believe that a court conference and/or full-length briefing are necessary due to the simplicity of the issues presented. However, Plaintiffs are ready to appear for a conference and/or submit full-length briefing if the Court so orders.

  The basis for Plaintiffs' motion is Defendants' noncompliance with Local Civil Rule 56.1 in their responses to Plaintiffs' statements. As this Court has noted:

> Any material fact in a movant's Rule 56.1 Statement not controverted by the opposing party is deemed admitted. Local Civil Rule 56.1(c). However, parties are not permitted to controvert a moving party's material facts with conclusory or unsupported statements, as "each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible ...." Local Civil Rule 56.1(e); *cf. Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir.2003) (even though plaintiff's Rule 56.1 counter-statement failed to specifically controvert certain of defendant's assertions, those assertions were unsupported and therefore must be "disregarded and the record independently reviewed") (citing *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001)).

*Loucar v. Boston Market Corp.*, 294 F. Supp. 2d 472, 478 (S.D.N.Y. 2003) (Pauley, J.). Here, Defendants' defective responses fall into three categories: (1) "responses" in which Defendants fail to provide any substantive response; (2) responses in which Defendants fail to controvert the corresponding statements; and (3) responses in which Defendants conclusorily state that each of

the corresponding statements is "an opinion and is not supported by evidence" without controverting it in any way.  Each of these three categories of responses merit admittance of their corresponding statements.

**Failure To Provide A Substantive Response**

Defendant failed to provide substantive responses to Paragraphs Nos. 9, 16-18, 31, 73, 88-100, 102-121, 124-150, 155-180, 182, 186, 190, 198, 202, 206, 210-212, 216, 217, 222, 229, 231-235, 237, 238, 240-242, 244, 245, and 251-253.  For example, Plaintiffs' statement in Paragraph No. 9 and the corresponding response reads:

Statement:   The aforementioned catalog listing stated that the Bell + Howell Pest Repeller (1) is an "ultrasonic pest repeller" that (2) repels "ants," "roaches," "spiders," "mice," and "rats," and (3) will "rid your home" of pests.  Bueno Decl. (ECF NO. 68) ¶ 3.

Response:    The catalog listing speaks for itself.  Defendants object to Plaintiffs' statement to the extent that it is inconsistent with the catalog listing as written.

*See* ECF No. 157-1 ¶ 9.  This is nothing in Rule 56.1 that allows a party to avoid responding to a statement by claiming that a document "speaks for itself."  Such an assertion belies the entire purpose of Rule 56.1.  Because these non-substantive responses do not controvert the corresponding statements, they should be deemed admitted.

**Failure To Controvert Statements Of Fact**

Defendant also provided dozens of responses which failed to actually controvert the statement of fact, but instead focused on some tangential issue which was not present in Plaintiffs' statement.  This was done in responses to Paragraphs Nos. 21, 24, 28, 45-47, 56-60, 63-65, 68, 70-72, 74-79, 153, 246, 249, 214, 220-223, 225-228, and 243.  For example, Plaintiffs' statement in Paragraph 21 and the corresponding response reads:

Statement:   Intellitec's owner and Managing Director, Debbie Feuerstein, is "the inventor of Bell + Howell Pest Repellers."  Kopel Decl. Ex. 8, Feuerstein Dep. at 88:10-13 ("Q:  And you consider yourself the inventor of the Bell + Howell pest repellers, correct?  A:  Correct.").

Response.    Disputed.  Plaintiffs' statement mischaracterizes Ms. Feuerstein's testimony.  Ms. Feuerstein testified that she has design patents for several companies including Sunbeam, First Alert, and Bell + Howell.  *See* Feuerstein Dep. at pp. 86:20-89:3.

*See* ECF No. 157-1 ¶ 21.  Here, although Defendants purport to "dispute" the statement, and even include a citation to evidence, their response fails to actually controvert Plaintiffs statement.  Of course, the fact that Ms. Feuerstein may hold certain patents does not controvert the fact that she is the inventor of the pest repellers.  This disconnect is immediately apparent in each of the above-referenced responses.  They must therefore be deemed admitted.

**Responses Stating Only That The Statement Is An "Opinion Not Supported By Evidence"**

  Defendant also provided dozens of responses that stated that each of the referenced statements were an "opinion not supported by evidence." But Defendant does not even address, let alone controvert, the statements or cite to admissible evidence in support of its positions. This was done in responses to Paragraph Nos. 49, 50, 86, 91, 122, 123, 183-185, 187-189, 191-197, 199-201, 203-205, 207-209, 213, 219, 224, 230, 239, 247, 254, 255, 257, and 259-261. For example, Plaintiffs' statement in Paragraph No. 49 and the corresponding response reads:

Statement: Ultrasonic and electromagnetic emissions diminish in intensity at short distances from the device, conflicting with manufacturer claims about their purported range of effectiveness. Kopel Decl. Ex. 2, Potter Report ¶ 16.

Response: Disputed. Plaintiffs' statement is an opinion that is not supported by the evidence in this case.

ECF No. 157-1 ¶ 49. Here, Plaintiffs' statement is a direct quote from the report of their expert witness, Michael F. Potter. *See* ECF No. 156-5 ¶ 16. Expert opinions are often included in Local Rule 56.1 statements. *See, e.g., Medinol Ltd. v. Guidant Corp.*, 412 F. Supp. 2d 301, 318 n.127 (S.D.N.Y. 2005) (citing paragraphs in Local Rule 56.1 statement discussing expert opinion); *Vargas v. Transeau*, 514 F. Supp. 2d 439, 443-44 (S.D.N.Y. 2007) (same). Preventing a party from citing expert opinions in a Local Rule 56.1 statement would cut against the purpose of Local Rule 56.1, which is to "streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Christians of California*, 2014 WL 3407108, at *2. Here, in response to Plaintiffs' statements, Defendants' responses fail to actually controvert the statements or cite to any admissible evidence or testimony supporting their position. This same issue is present in all of the above-referenced responses. They must therefore also be deemed admitted.

             Very truly yours,

             */s/ Y. Kopel*

             Yitzchak Kopel

CC: All counsel of record (via ECF)