# LEAHY, EISENBERG & FRAENKEL, LTD.

### ATTORNEYS AT LAW
33 WEST MONROE STREET, SUITE 1100
CHICAGO, ILLINOIS 60603-5317
(312) 368-4554
FAX: (312) 368-4562
www.lefltd.com

JOLIET OFFICE
20 W.  CASS ST., 2ND FLOOR
JOLIET, IL 60432-4116
(815) 723-6514
FAX: (815)723-7466

INDIANA OFFICE
917 RIDGE ROAD, UNIT 3328
MUNSTER, IN 46321
(219) 865-2647
FAX: (312) 368-4562

May 7, 2018

SCOTT WING
sw@lefltd.com

Honorable William H.  Pauley
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 1007

Re:     ***Joanne Hart and Amanda Parke v.  BHH, LLC d/b/a Bell
+ Howell and Van Hauser LLC***
Case No.:       1:15-cv-04804

Dear Judge Pauley:

We represent BHH, LLC, d/b/a Bell + Howell and Van Hauser, LLC (collectively, "Defendants") in the captioned case, and respectfully submit this letter in response to Plaintiffs' May 2, 2018 letter motion requesting a pre-motion conference regarding Plaintiffs' motion for certain of Plaintiffs' Rule 56.1 counter-statement of material facts to be deemed admitted.  We request that the Court deny Plaintiffs' request. The bases for Defendants' request are set forth as follows.

Plaintiffs argue that Defendants' responses to Plaintiffs' Rule 56.1 counter-statement of facts was non-compliant with Local Rule 56.1 and seek to have a multitude of Plaintiffs' statements admitted. Firstly, Defendants responses were in compliance with Rule 56.1. For example, Defendants did not fail to provide a substantive response when responding that certain documents authored by non-parties and quoted by Plaintiffs speak for themselves. Defendants noted potential inconsistencies between the document as quoted in Plaintiffs' counter-statement and the actual document cited by Plaintiffs. *See, e.g.,* Doc. 159, ex. 1, ¶31 (Plaintiffs misquoted the Retail Packaging of the Bell+Howell Repellers by including the word "will" which does not appear on all of the cited Retail Packaging and the word "unites" which does not appear on any of the cited Retail Packaging).

Nor do Defendants fail to controvert Plaintiffs' statement of facts. Plaintiffs blatantly mischaracterize testimony by attaching argumentative, conclusory characterization to cherry-picked words or phrases of testimony. Defendants appropriately disputed the statement and provided evidence in the record to add context and correct the mischaracterization. *See, e.g.,*Doc. #159, ex. 1, ¶21 (Plaintiffs again misquote the actual document cited by including the word "correct" in Ms. Feuerstein's response where it does not appear, and mischaracterize her testimony for the fact that she <u>actually is</u> the inventor of the Bell+Howell Pest Repellers, when she merely testified that she <u>considered</u> herself the inventor because she holds the patents).

# LEAHY, EISENBERG & FRAENKEL, LTD.

May 7, 2018
Page 2

Finally, Plaintiffs argue that proffering the opinion of Plaintiffs' expert as material fact is somehow helpful to the Court's review of the summary judgment motion. Plaintiffs cite to cases which Plaintiffs suggest permit expert testimony to stand as fact in a Rule 56.1 statement. However, Plaintiffs reliance on *Medinol Ltd. v. Guidant Corp.,* 412 F. Supp. 2d 301 (S.D.N.Y. 2005) and *Vargas v. Transeau,* 514 F. Supp. 2d 439 (S.D.N.Y. 2007) is misplaced. In *Vargas,* the court considered opinion testimony of plaintiff's expert that was based on a methodology defendant conceded was appropriate, and which opinion was shared by defendant's expert. *Vargas,* at 443-444. *See also, Medinol Ltd.,* at 318 (considering an expert's definition that "the parties broadly agree" applied). Here, Defendants neither concede Plaintiffs' expert utilized a proper methodology, nor do Defendants's experts agree with Plaintiffs' expert. In contrast, Defendants have offered expert testimony that all experts do agree on, that the Bell+Howell devices do repel pests. *See,* Doc. #140, ex. 1, ¶27.

To the extent any of Defendants' responses were non-compliant (which they are not), in order to deem Plaintiffs' counter-statements admitted, the Court would have to agree that these statements are "facts", are themselves compliant with Rule 56.1, and are not argumentative, conclusory, unsupported allegation or opinion. In this regard, Plaintiffs' citation to Your Honor's ruling in *Loucar v. Boston Market Corp.* is, again, misplaced and does more to discredit Plaintiffs' counter-statement to Defendants' Rule 56.1 statement than it does Defendants' response to the counter-statement. In *Loucar*, Your Honor's criticisms were directed at conclusory, unsupported statements in plaintiff's counter-statement of material facts, not defendant's response to same. *Loucar,* 294 F. Supp. 2d 472, 478 (S.D.N.Y. 2003) ("Under Local Rule 56.1, *a party opposing summary judgment* must file a separate statement of material facts 'as to which it is contended that there exists a genuine issue of material fact,' and that controverts all material facts set forth in the moving party's Rule 56.1 Statement") (emphasis added).

When viewed in light of Your Honor's opinion in *Loucar,* and other decisions in the Southern District of New York interpreting Rule 56.1, it is clear that it was Plaintiffs' Rule 56.1 counter-statement, not Defendants' response, that was non-compliant. *See, e.g., Ofudu v. Barr Labs., Inc.,* 98 F. Supp. 2d 510, 512-513 (S.D.N.Y. 2000) (striking as non-compliant those statements that "are purely conclusory, do not set forth specific facts, and are proffered without any evidentiary support"); *and, Obeid v. La Mack,* 2018 U.S. Dist. LEXIS 73452, *50 (S.D.N.Y. 2018) (rejecting plaintiff's Rule 56.1 responses as "excessive in length...infused with legal arguments, and [including] lengthy narrative and argumentative factual proffers....nor compliant with Rule 56.1(b)'s provision for a 'separate, short and concise statement of facts…'") (emphasis in original). In *Ofudu*, the court found that plaintiff's counter-statement under Rule 56.1 "appears to be the statement of counsel, as it is argumentative without demonstrating any personal knowledge of the matters set forth therein. (I hesitate to use the word 'facts' because so many of the entries in the Rule 56.1 Statement are obviously opinions or arguments)." *Ofudu,* at 513.

Like plaintiff in *Ofudu*, Plaintiffs' counter-statement is rife with statements that mischaracterize the evidence or are supported by only Plaintiffs' argumentative and conclusory statements. As Your Honor chose to do in *Loucar,* Defendants ask that the Court disregard the statements in Plaintiffs' Rule 56.1 counter-statement that do not comport with the Rule and

# LEAHY, EISENBERG & FRAENKEL, LTD.

May 7, 2018
Page 3

review the record independently. *Loucar,* at 478 (citing *Giannullo v. City of New York,* 322 F.3d 139, 140 (2d Cir. 2003)).

   For these reasons, Defendants ask that the Court deny Plaintiffs' request for a pre-motion conference. For these reasons, Defendants also ask that the Court disregard those statements in Plaintiffs' Rule 51.6 counter-statement that do not comply with the Rule.

       Very truly yours,

       LEAHY, EISENBERG & FRAENKEL, LTD.

       /s/ *Scott Wing*

       By: Scott Wing

Cc: Yitz Kopel (ykopel@bursor.com
   Joseph Marchese (jmarchese@bursor.com)