UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOANNE HART and SANDRA BUENO, *on behalf of themselves and all others similarly situated*,

Plaintiffs,

-against-

BHH, LLC d/b/a BELL + HOWELL and VAN HAUSER, LLC,

Defendants.

Case No. 1:15-cv-04804-WHP

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION BASED ON NEW AUTHORITY**

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Robert L. Raskopf
Steig D. Olson
Todd Anten
Kate E. Cassidy
Donald J. Reinhard, II
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000
robertraskopf@quinnemanuel.com
steigolson@quinnemanuel.com
toddanten@quinnemanuel.com
katecassidy@quinnemanuel.com
donaldreinhard@quinnemanuel.com

LEAHY, EISENBERG & FRANKEL, LTD.
Scott Wing
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel: (312) 368-4554
sw@lefltd.com

*Attorneys for Defendants BHH, LLC d/b/a Bell + Howell and Van Hauser, LLC*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....... 1

PROCEDURAL HISTORY ....... 3

ARGUMENT ....... 6

I. INTERVENING SUPREME COURT AUTHORITY DIRECTS THAT THE COURT EXCLUDE CLASS CLAIMS COVERING THE PERIOD DURING WHICH THOSE CLAIMS WERE DISMISSED ON THE MERITS ....... 7

II. THE COURT SHOULD RECONSIDER ITS DECISION REGARDING THE DATE ANY CLASS ACTION CLAIMS COMMENCED FOR STATUTE OF LIMITATIONS PURPOSES ....... 10

CONCLUSION ....... 11

# TABLE OF AUTHORITIES

**Page**

## Cases

*American Pipe & Constr. Co. v. Utah*,
414 U.S. 538 (1974) ........ 5, 7, 10, 11

*Capitol Records, Inc. v. MP3tunes, LLC*,
2013 WL 1987225 (S.D.N.Y. May 14, 2013) ........ 6

*Chavez v. Occidental Chem. Corp.*,
300 F. Supp. 3d 517 (S.D.N.Y. 2018) ........ 11

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018) ........ *passim*

*Clinton v. Brown & Williamson Holdings, Inc.*,
652 F. Supp. 2d 528 (S.D.N.Y. 2009) ........ 2, 3, 6

*Cooper v. Fed. Reserve Bank of Richmond*,
467 U.S. 867 (1984) ........ 8

*Crown, Cork & Seal Co. v. Parker*,
462 U.S. 345 (1983) ........ 7

*Esquire Trade & Fin., Inc. v. CBQ, Inc.*,
562 F.3d 516 (2d Cir. 2009) ........ 8

*Hecht v. United Collection Bureau, Inc.*,
691 F.3d 218 (2d Cir. 2012) ........ 9

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*,
729 F.3d 99 (2d Cir. 2013) ........ 6

*Liao v. Holder*,
691 F. Supp. 2d 344 (E.D.N.Y. 2010) ........ 8

*Sacerdote v. N.Y. Univ.*,
2017 WL 4736740 (S.D.N.Y. Oct. 19, 2017) ........ 6

*Shrader v. CSX Transp., Inc.*,
70 F.3d 255 (2d Cir. 1995) ........ 6

*Weston Funding Corp. v. Lafayette Towers, Inc.*,
550 F.2d 710 (2d Cir. 1977) ........ 8

## Rules and Regulations

Local Rule 6.3 ........ 1, 6

Defendants BHH, LLC d/b/a Bell + Howell and Van Hauser, LLC ("Defendants") respectfully submit this memorandum of law in support of their Motion for Reconsideration of the Court's Opinion and Order dated September 5, 2018, Dkt. 164 ("September Order") pursuant to Local Rule 6.3, requesting that the Court: (i) limit the time period of Plaintiffs' class action claims for fraud and breach of express warranty to April 17, 2015 through June 15, 2016; or (ii) in the alternative, hold that the start date for statute of limitations purposes is June 19, 2015.

**PRELIMINARY STATEMENT**

This case presents an unusual procedural posture: Plaintiffs, whose class action claims for fraud and breach of express warranty were denied on the merits in one federal court, subsequently pursued the *same* claims on behalf of the *same* classes in this Court. But new, intervening Supreme Court authority, issued several months after the close of briefing on dispositive motions in this case, instructs that such duplicative class action filings are precluded as a matter of law. Reconsideration of this Court's Order that presumed such filings were permissible is therefore warranted, and the Court should limit the temporal scope of the certified classes to comport with this precedent.

The new Supreme Court authority which dictates this result is *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018), issued on June 11, 2018. In *China Agritech*, the Supreme Court held that a plaintiff who was an absent class member in a failed class action may not "resuscitate[]" or "exhume" that class action by filing new, repetitive class action claims that would be untimely without the benefits of class-action tolling from the original class action. *Id.* at 1808, 1811. Instead, such a plaintiff may subsequently bring only an *individual* action concerning the claims that failed on a class basis. *Id.* at 1804. The Court emphasized that this ruling was guided by the principle that, after the filing of an initial class action, "any additional *class* filings should be made early on,

soon after the commencement of the first action seeking class certification," so that the class issues can be resolved once and for all, rather than allowing class claims to be litigated "time and again." *Id.* at 1806, 1808.

Certain class claims presented in this case violate *China Agritech*'s directive: Specifically, Plaintiffs' class claims for fraud and breach of express warranty purport to cover the same time period (April 16, 2011 to April 16, 2015) for which those exact class claims were previously adjudicated and dismissed *on the merits* in the Northern District of Ohio. *Steigerwald v. BHH, LLC*, No. 15-cv-741, Dkt. 41 (N.D. Ohio Nov. 29, 2016) (granting summary judgment to defendants). While Plaintiffs have pleaded a slightly longer time period for those class claims in this case, Plaintiffs' effort to "exhume" dismissed class claims from the previously-adjudicated period cannot be reconciled with *China Agritech*.

In light of this intervening and controlling precedent, this Court should reconsider its September Order and hold that Plaintiffs' *class* claims for fraud or breach of express warranty must exclude the period covered by the *Steigerwald* judgment (April 16, 2011 to April 16, 2015). Instead, Plaintiffs may bring such class claims only for the period of April 17, 2015 through June 15, 2016, which Plaintiffs identify as the end-date of their class claims. In the alternative, and at a bare minimum, *China Agritech* requires that the Court at least reconsider its decision regarding the date this action commenced for statute of limitations purposes, and hold that the applicable start date of the litigation for statute of limitations purposes is June 19, 2015.

Defendants are aware that reconsideration of the Court's earlier orders is not granted lightly; however, intervening and controlling Supreme Court authority is a quintessential basis for revisiting an earlier decision. *See, e.g., Clinton v. Brown & Williamson Holdings, Inc.*, 652 F.

Supp. 2d 528, 530 (S.D.N.Y. 2009) (citing cases modifying decisions based on intervening Supreme Court decision). Defendants' motion should be granted.

## PROCEDURAL HISTORY

As noted, this case involves an effort by Plaintiffs to re-litigate class action claims that were litigated and resolved on the merits in another federal court.

***The Ohio Action.*** The first class action complaint involving BHH ultrasonic pest repellers was filed on April 16, 2015 in the Northern District of Ohio, where the plaintiffs pleaded, *inter alia*, nationwide fraud and breach of express warranty class claims. *See Steigerwald v. BHH, LLC*, No. 15-cv-741, Dkt. 1 (Class Action Complaint) at ¶¶ 56-65 (fraud), 74-80 (breach of express warranty) (N.D. Ohio Apr. 16, 2015) (Gaughan, J.). The instant New York action was filed two months later on June 19, 2015, *see* Dkt. 1 (Complaint), but Plaintiffs—which included Ms. Hart, who remains a named Plaintiff today—did *not* allege a fraud claim nor a nationwide fraud class.

On February 22, 2016, in *Steigerwald*, Judge Gaughan certified a nationwide fraud class of purchasers of BHH ultrasonic pest repellers from April 16, 2011 to April 16, 2015. *See Steigerwald*, Dkt. 24 (Order), *available at* 2016 WL 695424. Hart was well aware of the certification of this nationwide fraud class. But rather than promptly seeking to join the *Steigerwald* case, she instead waited to see how it would unfold, and only six-months later filed a motion to intervene in *Steigerwald*, notwithstanding her status as a named Plaintiff in the instant case. *See Steigerwald*, Dkt. 28 (motion to intervene) (Aug 16, 2016). In her motion, Hart acknowledged that she was a member of the nationwide fraud class pending in *Steigerwald*, and that the claim was "based on the same underlying facts" as the claims she was bringing in this Court under California law. *Id.* at 3. Hart further acknowledged that she had purposefully chosen *not* to bring a nationwide fraud class claim of her own. *See id.* (stating that, "after seeing that the

class was certified in this action, [Hart] decided that she would only seek to certify her claims [in New York] under the California consumer protection laws"). And she expressly acknowledged that the adjudication of the class fraud and breach of express warranty claims in the Northern District of Ohio would be "binding on all the absent class members," including Hart herself. *Id.* at 8-9.

On November 8, 2016, Judge Gaughan denied Hart's motion to intervene in *Steigerwald*. *Id.*, Dkt. 40. The court recognized that Hart was "a class member of the herein action," but held that her motion to intervene to serve as a class representative was "untimely given the extent to which this suit has progressed and the extreme delay which would result if intervention is allowed." *Id.* at 5, 7. Judge Gaughan further noted that "[t]his lawsuit was filed in early 2015, all discovery has been completed, and a dispositive motion is ripe for ruling." *Id.* at 7. Hart does not appear to have taken any further action in response to this ruling, or to have brought the denial of her motion to the attention of this Court.

Three weeks later, on November 29, 2016, Judge Gaughan granted summary judgment for the defendants in *Steigerwald*, disposing of the nationwide class action fraud and breach of express warranty claims on the merits. *Id.*, Dkts. 41 (Memorandum of Opinion and Order), 42 (Judgment). This award of summary judgment occurred after class certification but before plaintiffs in *Steigerwald* had provided notice to class members of their right to opt out. No appeal was taken.

***The New York Action.*** Only *after* the *Steigerwald* court dismissed the nationwide class action claim did Hart seek to amend the complaint in the instant case to add the *same* just-dismissed fraud claim on behalf of the *same* just-dismissed nationwide fraud class she knew had just been defeated in the Northern District of Ohio. Dkt. 62 (First Amended Complaint) (Jan. 23, 2017). This class action fraud claim covered the same time period at issue in *Steigerwald*, except it also

purported to extend the class period for approximately one extra year, to June 15, 2016. *Id.* ¶¶ 22-23. Hart apparently knew it would be beyond the pale to bring the defeated fraud class claim herself, given her concessions in her untimely motion to intervene. So Plaintiffs added a new class representative (Ms. Bueno), who they put forward as the putative class representative for the nationwide fraud claim. *Id.* Notably, Ms. Bueno allegedly made her qualifying purchase in May 2016, which is presumably why Plaintiffs extended the class date to June 2016. *Id.* ¶ 7.

Plaintiffs also purported to rely on the benefits of class-action tolling, under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), to secure the benefits of the earlier filing date of the (defeated) fraud claim in *Steigerwald*. Dkt. 149 (opposition to summary judgment) (Apr. 2, 2018).

***This Court's Decisions.*** On July 7, 2017, this Court certified the fraud and breach of express warranty classes. Dkt. 93 at 20.[1] In a separate decision, on September 5, 2018, this Court rejected Defendants' arguments that sought to "limit the date from which certain Plaintiffs may recover." September Order at 8. Specifically addressing when the date of the action commenced for statute of limitations purposes, the Court agreed with Plaintiffs that they are entitled to class-action tolling under the *American Pipe* doctrine, effective from the filing date of the *Steigerwald* action—*i.e.*, April 16, 2015. *Id.* at 8-9.

As explained below, *China Agritech* warrants reconsideration of the Court's construction of the applicable time period for the fraud and breach of express warranty classes in this case.

---

[1] This Court also: (i) dismissed Plaintiffs' California claims under Unfair Competition Law and False Advertising Law, *see* Dkt. 93 at 10; and (ii) certified the class for Plaintiffs' California claim under the Consumer Legal Remedies Act, *id.* at 20. Those rulings are not challenged by the instant motion.

**ARGUMENT**

Under Local Rule 6.3, a party moving for reconsideration must set forth the "the matters or controlling decisions which counsel believes the Court has overlooked." For example, reconsideration is proper where "the defendant identifies an intervening change of controlling law." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quotations omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (reconsideration warranted when "the moving party can point to controlling decisions … that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); *Capitol Records, Inc. v. MP3tunes, LLC*, 2013 WL 1987225, at *1 (S.D.N.Y. May 14, 2013) (Pauley, J.) (reconsidering earlier orders in light of intervening authority). "Controlling authority" includes "decisions of … the U.S. Supreme Court." *Sacerdote v. N.Y. Univ.*, 2017 WL 4736740, at *1 (S.D.N.Y. Oct. 19, 2017); *see also Brown & Williamson Holdings, Inc.*, 652 F. Supp. 2d at 530 (citing cases modifying decisions based on intervening Supreme Court decision).

Here, based on *China Agritech*, the Court should reconsider its decision that Plaintiffs can maintain class claims for fraud and breach of express warranty for a time period that includes April 16, 2011 to April 16, 2015, given that identical class claims during that period were dismissed on the merits in *Steigerwald* and are thus barred by res judicata In the alternative, the Court should reconsider its decision that, for statute of limitations purposes, the date any class action claims for fraud and breach of express warranty commenced is April 16, 2015.

## I. INTERVENING SUPREME COURT AUTHORITY DIRECTS THAT THE COURT EXCLUDE CLASS CLAIMS COVERING THE PERIOD DURING WHICH THOSE CLAIMS WERE DISMISSED ON THE MERITS

First, the Court should reconsider its September Order to the extent it permits Plaintiffs to maintain identical class action claims in this Court that were expressly dismissed on the merits by an earlier federal court as irreconcilable with *China Agritech*.

*China Agritech* resolved an unsettled issue related to class-action tolling. Earlier, *American Pipe* had established "that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554. Where class action status is denied, members of the failed class could timely intervene as individual plaintiffs in the still-pending action, shorn of its class character. *See id.* at 544, 552-53. Later, in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983), the Supreme Court clarified that a plaintiff could benefit from this tolling rule when bringing a new individual suit (as opposed to intervening in the existing action).

The question addressed in *China Agritech* was whether an absent member of a putative class that failed to secure class certification could still rely on class-action tolling to resuscitate the failed class action by filing *another class action* (as opposed to an *individual* claim). The Court responded, without equivocation, that the "answer is no." 138 S. Ct. at 1804. Thus, *China Agritech* confirmed that when a class action claim has failed, plaintiffs cannot "piggyback on an earlier, timely filed class action" by filing untimely class claims. *Id.* at 1806. Put differently, individual plaintiffs cannot use class-action tolling to "resuscitate[]" unsuccessful class claims or try to "exhume failed class actions by filing new, untimely class claims." *Id.* at 1808, 1811.

Application of *China Agritech* here requires the rejection of Plaintiffs' class claims of fraud and breach of express warranty to the extent that they include impermissible attempts to

"resuscitate[]" unsuccessful class claims or "exhume failed class actions." *Id.* Indeed, the policy considerations underpinning *China Agritech* apply with even greater force here. In *China Agritech*, the earlier class action failed because class certification status was denied, and the second attempt to bring the class action was legally barred because it was untimely. Here, the earlier class action (*Steigerwald*) failed *entirely*, on the merits, and the second attempt to bring the class action is legally barred because of that prior adjudication by principles of res judicata.[2] *See Liao v. Holder*, 691 F. Supp. 2d 344, 352 n.9 (E.D.N.Y. 2010) ("Summary judgment dismissal is considered a decision on the merits for *res judicata* purposes.") (citing *Weston Funding Corp. v. Lafayette Towers, Inc.,* 550 F.2d 710, 714-15 (2d Cir. 1977)). And "[t]here is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984).

The Supreme Court explained that its decision was premised on the need to resolve class action issues early in a litigation—stressing that, after the filing of an initial class action, "any additional *class* filings should be made early on, soon after the commencement of the first action seeking class certification." *China Agritech*, 138 S. Ct. at 1806. This is important so that the class issues can be resolved once and for all, rather than allowing class claims to be litigated "time and again." *Id.* at 1808. For example, consistent with these principles, if Hart wanted to be a class representative for a nationwide fraud class, it was incumbent on her to file that claim in a timely manner, before it was litigated on the merits in *Steigerwald*. She failed to do so. As she

2 Res judicata "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Esquire Trade & Fin., Inc. v. CBQ, Inc.*, 562 F.3d 516, 520 (2d Cir. 2009) (internal quotations omitted).

acknowledged to the *Steigerwald* court, she purposefully waited on the sidelines and declined to file a class action fraud claim in reliance on the plaintiffs in *Steigerwald*.

Having waited too long to be involved in the prosecution of those claims before they failed in the Northern District of Ohio, Plaintiffs are not entitled to re-litigate those exact same class claims in this Court. Nor does the addition of Bueno as another plaintiff change this result. Plaintiffs have never explained exactly how they think the addition of Bueno cures the preclusion effect of the *Steigerwald* judgment. But they have conceded that Bueno did not even allegedly make her purchase of a BHH pest repellent until *after* the time period covered by that judgment. Certainly then she cannot represent a class from the period covered by that judgment, a period during which she is not even a class member.

That the plaintiffs in *Steigerwald* failed to provide formal notice and opt-out rights to class members before judgment was entered also does not change this result. Because the claims were for money damages, due process provides that absent class members were permitted to opt out of that class and file their own *individual* claims in a timely manner. *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 222 (2d Cir. 2012). But due process does not provide absent class members like Hart or Bueno the right to file repeat *class action* claims that are barred by the preclusive effect of a prior judgment. That effort runs squarely into the concerns underlying *China Agritech*. It is one thing to allow successive *individual* claims after a class action has failed. It is quite another to allow plaintiffs to re-litigate failed class actions entirely. *See China Agritech*, 138 S. Ct. at 1806 ("The 'efficiency and economy of litigation' that support tolling of individual claims, do not support maintenance of untimely successive class actions.").

Any class lawyer would welcome the luxury of being able to watch class actions fail only to prosecute them again, having learned whatever lessons were available. But that is not how our

system works. Allowing this result is fundamentally unfair to defendants, who should not be required to repeatedly defeat the same class action. And it "would deprive Rule 23 class actions of the efficiency and economy of litigation which is a principal purpose of the procedure." *American Pipe*, 414 U.S. at 553.

Because *China Agritech*—which indisputably represents an intervening decision of controlling law—prohibits "do over" class actions for the same claims on behalf of the same class, the Court should reconsider its September Order. Specifically, the Court should rule that the scope of the class action claims for fraud and breach of express warranty must exclude the period covered by the *Steigerwald* judgment, and thus that the applicable date for those class action claims is limited to the period from April 17, 2015 (the day after the *Steigerwald* judgment) to June 15, 2016 (the date Plaintiffs allege that the class ends).

## II. THE COURT SHOULD RECONSIDER ITS DECISION REGARDING THE DATE ANY CLASS ACTION CLAIMS COMMENCED FOR STATUTE OF LIMITATIONS PURPOSES

In the event that the Court disagrees with Defendants and finds that Plaintiffs may maintain their class action claims for fraud and breach of express warranty during the period covered by the *Steigerwald* judgment, then, in the alternative, *China Agritech* warrants reconsideration of this Court's decision in its September Order regarding the proper date any class action claims commenced for statute of limitations purposes.

In the September Order, the Court ruled that the action effectively commenced on April 16, 2015—the date when the class filed suit in *Steigerwald*—because "the most recent and persuasive case law in this District predicts that New York would permit cross-jurisdictional class-action tolling." September Order at 8. Although "New York state courts have yet to decide the issue," *id.*, *China Agritech* is now the most recent and highly persuasive word on the matter. There is little reason to believe that New York courts would not be influenced by this recent Supreme Court

precedent, especially since the most recent case law that the September Order relies upon is premised on the notion that New York courts would adopt rules similar to those applied by federal courts. *See Chavez v. Occidental Chem. Corp.*, 300 F. Supp. 3d 517, 534 (S.D.N.Y. 2018) (assuming that "New York would adopt the reasoning of *American Pipe* and its progeny" and that "New York would apply tolling rules similar in substance to those applied in the federal system").

*China Agritech* prohibits the application of cross-jurisdictional tolling in this action because it is a "successive class action[]" that "piggyback[s] on an earlier, timely filed class action." 138 S. Ct. at 1806. Consistent with *China Agritech*, Hart and Bueno should not be permitted to represent classes dating back to April 16, 2015, two months before they even filed their Complaint in this action, by enjoying class-action tolling from class actions that *failed*. This Court should therefore, at a bare minimum, reconsider its decision regarding the date this action commenced for statute of limitations purposes and find that the start-date of the litigation for statute of limitations purposes is June 19, 2015—the date that the instant action was initiated.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court reconsider its September 2018 Order in light of *China Agritech* and hold that: (i) Plaintiffs' class action claims for fraud or breach of express warranty are limited to the period between April 17, 2015 and June 15, 2016; or (ii) if the Court disagrees, and in the alternative, that the proper start-date for those claims for statute of limitations purposes is June 19, 2015, not April 16, 2015.

Dated: September 19, 2018
New York, New York

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

/s/ Robert L. Raskopf

Robert L. Raskopf
Steig D. Olson
Todd Anten
Kate E. Cassidy
Donald J. Reinhard, II
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000
robertraskopf@quinnemanuel.com
steigolson@quinnemanuel.com
toddanten@quinnemanuel.com
katecassidy@quinnemanuel.com
donaldreinhard@quinnemanuel.com

LEAHY, EISENBERG & FRANKEL, LTD.
Scott Wing
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel: (312) 368-4554
sw@lefltd.com

*Attorneys for Defendants BHH, LLC d/b/a Bell + Howell and Van Hauser, LLC*