UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOANNE HART and SANDRA BUENO, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

-against-

BHH, LLC d/b/a BELL + HOWELL and VAN HAUSER LLC,

Defendants.

---

15cv4804

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

BHH, LLC d/b/a Bell + Howell and Van Hauser LLC (collectively, "BHH") move for reconsideration of this Court's September 5, 2018 Opinion & Order denying their motion for summary judgment ("Order"). For the reasons that follow, BHH's motion is denied.

BACKGROUND

In the Order, this Court denied summary judgment and permitted cross-jurisdictional class action tolling, deeming this action commenced on April 16, 2015, the date that a similar class action against BHH was filed in Ohio (the "Steigerwald" action). See Hart v. BHH, LLC, 323 F. Supp. 3d 560, 566 (S.D.N.Y. 2018); Steigerwald v. BHH, LLC, No. 15-cv-741 (N.D. Ohio). BHH now argues that an intervening Supreme Court case—China Agritech, Inc. v. Resh, 138 S. Ct. 1800 (2018)—warrants reconsideration.

The Steigerwald action was commenced on April 16, 2015. Plaintiffs commenced this action on June 19, 2015, prior to class certification in the Steigerwald action. Although both actions set forth claims for breach of express warranty, only the Steigerwald

action included a fraud claim. On February 22, 2016, the district judge granted Steigerwald's motion for class certification. Thereafter, Joanne Hart, a named plaintiff in this action, moved to intervene in the Steigerwald action, but that motion was denied in November 2016. Later that month, the district judge granted BHH's motion for summary judgment in Steigerwald and dismissed that case. On January 23, 2017, Plaintiffs amended their complaint in this action, adding a claim for fraud and a new Plaintiff—Sandra Bueno—who purported to represent the fraud and breach of warranty classes.

Now, in view of China Agritech, BHH argues that because the Steigerwald action was dismissed, Plaintiffs claims cannot benefit from cross-jurisdictional class action tolling. First, BHH argues that the breach of warranty and fraud claims should be limited to the time period not covered by the same claims in Steigerwald, namely, between April 17, 2015 and June 15, 2016. Specifically, BHH asserts that similar claims covering the same time period as in Steigerwald should be barred as res judicata. Second, and in the alternative, BHH argues that China Agritech precludes cross-jurisdictional class action tolling, so this action should be deemed commenced on the date the Complaint was filed (June 19, 2015), rather than on the date Steigerwald began (April 16, 2015).

## DISCUSSION

### I. Standard

A motion for reconsideration under Local Civil Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). It "is not an opportunity to obtain a second bite at the apple." Hosokawa v. Screen Actors Guild-Am., Fed'n of

Television & Radio, Artists, 2017 WL 5508454, at *1 (S.D.N.Y. Mar. 20, 2017) (quotation marks omitted); accord Analytical Survey, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). Accordingly, such a motion "cannot assert new arguments or claims which were not before the court on the original motion," because "Rule 6.3 is intended to ensure the finality of decisions and to prevent the practice of a losing party examining a decision then plugging the gaps of a lost motion with additional matters." Ret. Bd. of Policemen's Annuity & Ben. Fund of Chi. v. Bank of N.Y. Mellon, 2013 WL 593766, at *2 (S.D.N.Y. Feb. 14, 2013) (quotation marks omitted). "Stated differently, a motion for reconsideration is not an invitation for parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018). The reconsideration standard is strict, and the decision is ultimately within the sound discretion of this Court. See Robbins v. H.H. Brown Shoe Co., 2009 WL 2496024, at *1 (S.D.N.Y. July 22, 2009).

## II. Merits

In China Agritech, the Supreme Court addressed the following question: "Upon denial of class certification, may a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, commence a class action anew beyond the time allowed by the applicable statute of limitations?" China Agritech, 138 S. Ct. at 1804. The Court answered "no," holding that it would not "permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action." China Agritech, 138 S. Ct. at 1806. Thus, a plaintiff may not bring a "follow-on class action past expiration of the statute of limitations" after the denial of class certification in an earlier class action. China Agritech, 138

S. Ct. at 1804. The Supreme Court's chief concern was that if tolling in circumstances similar to those in China Agritech were allowed, "the statute of limitations [would] be extended time and again; as each class is denied certification, a new named plaintiff could file a class complaint that resuscitates the litigation." China Agritech, 138 S. Ct. at 1808. These concerns are not triggered here, and China Agritech does not warrant reconsideration of this Court's Order.

With respect to BHH's res judicata argument, it is inappropriate on a motion for reconsideration. China Agritech does not address res judicata, as it relates only to the statute of limitations. And, as BHH concedes, the Supreme Court stated—well before BHH moved for summary judgment—that "[t]here is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on members in any subsequent litigation." Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867, 874 (1984). ("Basic principles of res judicata (merger and bar or claim preclusion) and collateral estoppel (issue preclusion) apply. . . . A judgment in favor of the defendant extinguishes the claim, barring a subsequent action on that claim."); Hecht v. United Collection Bureau, Inc., 691 F.3d 218, 222 (2d Cir. 2012) (holding that "[r]es judicata generally applies to judgments in class actions"); see also Restatement (First) of Judgments § 86 (1942) (October 2018 update) ("A person who is one of a class of persons on whose account action is properly brought or defended in a representative action or defense is bound by and entitled to the benefits of the rules of res judicata with reference to the subject matter of the action."). In other words, res judicata was available when BHH moved for summary judgment, and nothing in China Agritech expanded res judicata or made it applicable where it otherwise was not.[1] Therefore, because BHH "chose not to raise this argument at an earlier stage in the litigation and cannot now advance a new

[1] This Court makes no finding regarding whether BHH's res judicata argument would have succeeded had it been raised at summary judgment.

argument that was not previously presented to the Court," this Court will not address BHH's res judicata arguments. Analytical Surveys, Inc. v. Tonga Partners, L.P., 2009 WL 1514310, at *3 (S.D.N.Y. May 29, 2009), aff'd, 684 F.3d 36 (2d Cir. 2012); see Williams v. Romarm, -- F. App'x --, 2018 WL 4519950, at *3 (2d Cir. Sept. 20, 2018) (summary order) ("The motion for reconsideration . . . raised new arguments that could have been raised in the opposition to the motion to dismiss. The court therefore acted within its discretion when it denied the motion." (citation omitted)); In re 650 Fifth Ave. & Related Properties, 2014 WL 3744404, at *1 (S.D.N.Y. July 28, 2014) ("[M]otions for reconsideration cannot be based on new arguments that were not properly raised.").

BHH's argument regarding when this action should be deemed commenced fares no better. The linchpin of the China Agritech decision was that plaintiffs there brought the action after the denial of class certification in the prior action. China Agritech, 138 S. Ct. at 1804. Indeed, BHH concedes that "[t]he question addressed in [China Agritech] was whether an absent member of a putative class that failed to secure class certification could still rely on class-action tolling to resuscitate the failed class action by filing another class action." (Defs.' Mem. of Law in Supp. of their Mot. for Recons. Based on New Auth., ECF No. 176, at 7 (emphasis added).) Here, Plaintiffs brought the action before Steigerwald's dismissal.[2]

In addition, BHH's interpretation of China Agritech would lead to an absurd result if applied here. BHH argues that because Steigerwald was dismissed, this action should be deemed commenced when the original Complaint was filed (June 2015), rather than benefitting

[2] Because BHH argues that this action should be deemed commenced June 2015—not January 2017, when the complaint was amended—this Court finds that BHH concedes that any amendments relate back to the filing of the original complaint pursuant to Rule 15. And, in any event, Rule 15 permits relation back where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading," which is the case here. Fed. R. Civ. P. 15(c)(1)(B).

from tolling and being deemed commenced at the same time as Steigerwald. But the Steigerwald class action was dismissed in November 2016, over a year after Plaintiffs filed the original Complaint here. In other words, the very reason BHH argues that tolling should not apply—Steigerwald's dismissal—did not exist at the time BHH argues this action should be deemed commenced. This would distort the timeline of this litigation as follows: In June 2015, when Plaintiffs brought this action, Steigerwald had not yet been dismissed, so this action would have been properly tolled and deemed commenced in April 2015. For the next year and five months, this action would have been considered timely and deemed commenced in April 2015. Then, after Steigerwald's dismissal in November 2016, tolling would had to have been retroactively annulled, and this action would be deemed commenced in June 2015. Paradoxically, this new commencement date occurred before the event triggering its adoption.

## CONCLUSION

For the foregoing reasons, BHH's motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion pending at ECF No. 175. This Court adopts the proposed subclasses set forth in Plaintiffs' September 26, 2018 letter (ECF No. 179). The parties are directed to appear for a status teleconference on November 14, 2018 at 10:00 a.m. Counsel for BHH is directed to circulate dial-in information prior to the teleconference.

Dated: November 2, 2018
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.