UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------

JOANNE HART and SANDRA BUENO, *on behalf of themselves and all others similarly situated*,

                    Plaintiffs,

                    -against-

BHH, LLC d/b/a BELL + HOWELL and VAN HAUSER LLC,

                    Defendants.

--------------------------------------------------

15cv4804

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        On April 1, 2019, after oral argument, this Court reserved decision on Defendants' second and third motions in limine. After further consideration, those motions are denied in part and decision is reserved in part.

## DISCUSSION

I.     Defendants' Second Motion *In Limine*

        Defendants' second motion in limine seeks to preclude the testimony of Plaintiffs' efficacy expert, Michael Potter, and the testimony of Plaintiffs' consulting experts who performed efficacy tests on BHH products.

        By way of background, on February 9, 2018, this Court conducted a pre-motion conference and discussed a Daubert motion concerning Potter with the parties. This Court fixed a deadline for Defendants to submit that motion. (ECF No. 128.) Thereafter, Defendants filed their motion and argued that the underlying product tests were unreliable, and that Potter lacked expertise and "parroted" the consulting experts. (See generally ECF No. 142.) On July 19,

2018, this Court denied that motion. See Hart v. BHH, LLC, 2018 WL 3471813, at *7–8 (S.D.N.Y. July 19, 2018).

At a conference on February 12, 2019, after learning that Defendants planned to move to preclude Potter's testimony again, this Court asked why Defendants should be permitted to file a second Daubert motion. Defense counsel replied that "[o]ur follow-up motion for Potter is not a Daubert motion." (Feb. 12, 2019 Conference, ECF No. 243 at 14:12–13.) Defendants then filed their second motion in limine, which challenged Potter's expertise to testify about certain topics and the reliability of the underlying tests, all couched as "foundation" arguments.

But these are classic Daubert questions which could have been raised in the first Daubert motion. Accordingly, this Court construes Defendants' second motion in limine as an untimely Daubert motion in violation of this Court's scheduling order or as an untimely motion for reconsideration. See United States v. Teva Pharm. USA, Inc., 2019 WL 1245656, at *12 (S.D.N.Y. Feb. 27, 2019) ("As far as this court is concerned, the Parties have waived any Daubert arguments by not raising them at summary judgment."); Fleming v. Verizon N.Y., Inc., 2006 WL 2709766, at *12 (S.D.N.Y. Sept. 22, 2006) ("Failure to submit a timely motion for reconsideration may result in denial of the motion."); Local Civil Rule 6.3 (setting for deadline for motions for reconsideration); Fed. R. Civ. P. 16(f)(1)(C) (providing that a court "may issue any just orders" if a party fails to obey a scheduling order).

But even if Defendants' motion were timely, this Court would deny the second motion in limine on the merits. Defendants concede that Potter is qualified to interpret the results of the product tests. And Rule 703 explicitly states that experts may rely on facts or data "perceived by or made known to the expert." Fed. R. Evid. 703 (emphasis added). Indeed, "[t]he expert need not have conducted [his] own tests." Gussack Realty Co. v. Xerox Corp., 224

F.3d 85, 95 (2d Cir. 2000). Thus, the only issues are whether the underlying tests were reliable and whether Potter can testify to their reliability.

This Court held that the tests were sufficiently reliable in its first <u>Daubert</u> opinion. See <u>Hart</u>, 2018 WL 3471813, at *7–8. After scouring that Opinion & Order, BHH now argues that Potter cannot testify to the reliability of the tests because (1) he is not a physicist, (2) he does not have expertise in controlled lab experiments, (3) he is not a statistician, and (4) he lacks expertise in consumer behavior.

These arguments are unpersuasive. First, as Defendants conceded at oral argument, only two portions of Potter's expected opinion relate to physics—his opinions regarding whether the products tested were representative of all BHH products and whether they were similar to products tested in other studies (the "Representative and Similarity Opinions"). The rest of Potter's opinions are unrelated to physics and do not require expertise in that field. Second, Potter's education and experience qualify him to opine on controlled lab tests. Third, while Potter may not be a statistician by trade, his education, experience, and declarations demonstrate that he is qualified to offer the statistical opinions contained in his report. And fourth, this Court previously ruled that efficacy experts cannot testify about consumer understanding, so any arguments related to Potter's opinions on consumer behavior are moot.

Accordingly, Potter has the expertise to testify about the reliability of the product tests. See <u>Tomita Techs. USA, LLC v. Nintendo Co.</u>, 2013 WL 4101251, at *2 (S.D.N.Y. Aug. 14, 2013), <u>aff'd</u>, 594 F. App'x 657 (Fed. Cir. 2014) (holding that plaintiff's expert had not "parroted" a consulting expert where the challenged expert "reviewed documentation . . . in addition to his own testing . . . and applied to that information his extensive experience"); <u>Medisim Ltd. v. BestMed LLC</u>, 861 F. Supp. 2d 158, 169 (S.D.N.Y. 2012) ("Where a testifying

expert has expertise in the field covered by a consulting expert and independently verifies the latter's conclusions, there is no danger that the former is acting as a mere 'mouthpiece or conduit' of the latter.").

However, at this stage, it is unclear whether Plaintiffs can lay the requisite foundation to qualify Potter to offer the Representative and Similarity Opinions. And even though Defendants' motion is untimely, this Court has a gatekeeping obligation to ensure the jury hears expert opinion testimony only from qualified witnesses. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993). Therefore, this Court reserves decision on whether Potter can offer the Representative and Similarity Opinions. Finally, this Court finds that it is more appropriate to address Defendants' arguments regarding the consultant experts in the discussion of Defendants' third motion in limine.

## II. Defendants' Third Motion *In Limine*

In their third motion in limine, Defendants move to preclude the admission of pictures, videos, and other materials generated during Plaintiffs' product testing (the "Exhibits"). Specifically, Defendants argue that the exhibits cannot be authenticated and that they are otherwise inadmissible. This Court rejects both arguments.

With respect to authentication, Defendants argue Potter cannot authenticate the Exhibits because he was not present at the test sites. In addition, Defendants argue that the only people with firsthand knowledge of the tests were deemed non-testifying experts under Rule 26 and therefore cannot testify, even as fact witnesses.

The Second Circuit generally disfavors the exclusion of otherwise relevant evidence on technical grounds. See Rodriguez v. Vill. Green Realty, Inc., 788 F.3d 31, 47 (2d Cir. 2015) (quoting Cargill, Inc. v. Sears Petroleum & Transp. Corp., 334 F. Supp. 2d 197, 247

(N.D.N.Y. 2004)). In addition, the bar for authentication is "relatively low." Smith v. City of N.Y., 2016 WL 5793410, at *3 (S.D.N.Y. Sept. 30, 2016). Plaintiffs need only offer "sufficient proof . . . [by which] a reasonable juror could find in favor of authenticity or identification. The trial court has broad discretion in determining whether an item of evidence has been properly authenticated." United States v. Dhinsa, 243 F.3d 635, 658 (2d Cir. 2001) (citations and quotation marks omitted).

In this Court's view, the most effective way to resolve this issue and ensure a fair trial is to allow Defendants to depose the consultant experts and permit them to testify at trial, solely for the purpose of authenticating the Exhibits. They may <u>not</u> offer opinions about the tests or the efficacy of BHH's products. See Fed. R. Evid. 611(a).

Defendants' other arguments about the admissibility of the Exhibits are unpersuasive. First, Defendants' argument that photos and videos of various pests that do not contain any written or spoken words are hearsay, while imaginative, is without merit. See Fed. R. Evid. 801 (defining "[h]earsay" as "a statement," and a "[s]tatement" as "a person's oral assertion, written assertion, or nonverbal conduct"); United States v. Munoz-Mosquera, 101 F.3d 683, 1996 WL 281591 (Table), at *2 (2d Cir. 1996) ("The visual images on the videotapes at issue were not 'oral or written assertion[s] or . . . nonverbal conduct of a person . . . intended by the person as an assertion'" (quoting Fed. R. Evid. 801)); United States v. Moskowitz, 581 F.2d 14, 21 (2d Cir. 1978) (holding that a police sketch was not a statement and "therefore can no more be 'hearsay' than a photograph identified by a witness"). Defendants also argue that Trial Exhibits 161 and 162 are hearsay. These exhibits contain a BHH product manual, a shipping label, and pictures of repellers received by Plaintiffs' consultants. These are not being offered for the truth of the matters asserted and are therefore admissible. See Fed. R. Evid. 801.

5

Finally, Defendants move to preclude Trial Exhibits 156, 163, 180, 181, 182, and 183. Trial Exhibits 163, 182, and 183 appear to be logs and notes from Plaintiffs' product testing sites. Exhibits 180 and 181 are apparently reports written by Plaintiffs' product testers. And Trial Exhibit 156 is a hodgepodge of various documents. This Court reserves decision on these exhibits until trial.

## CONCLUSION

For the foregoing reasons, Defendants' motions are denied in part and decision is reserved in part. The motions to preclude Potter and the consultant experts, the video and photographic evidence of the product testing sites, and Trial Exhibits 161 and 162 are denied. Defendants are directed to depose the consultant experts forthwith. The consultant experts' testimony shall be limited to authentication issues. This Court reserves decision on the Representative and Similarity Opinions, as well as on Trial Exhibits 156, 163, 180, 181, 182, and 183. The Clerk of Court is directed to terminate the motions pending at ECF Nos. 206, 209, 212, 216, 219, and 223.

Dated: April 4, 2019  
      New York, New York

SO ORDERED:

_____  
WILLIAM H. PAULEY III  
U.S.D.J.