UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

JOANNE HART and SANDRA BUENO, *on behalf of themselves and all others similarly situated*,

      Plaintiffs,

    -against-

BHH, LLC d/b/a BELL + HOWELL and VAN HAUSER LLC,

      Defendants.

------------------------------------------------

15cv4804

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

    In a joint letter dated May 8, 2019, the parties raise three discovery disputes related to forthcoming depositions of Plaintiffs' consultant experts (ECF No. 265). First, Plaintiffs seek to limit the scope of the depositions to the authentication of various trial exhibits. Second, Plaintiffs seek to use the deposition testimony of the consultants at trial to authenticate exhibits. Third, Plaintiffs argue that the depositions of Kristine Styer and Dr. Richard Mankin are unnecessary and should not proceed.

    With respect to the scope of the depositions, this Court's April 4, 2019 Memorandum & Order and colloquy during the April 1, 2019 oral argument could not be clearer. BHH's questions should be limited to authentication issues. Accordingly, these depositions are not an opportunity to probe whether the trial exhibits "fairly and accurately represent the testing conditions," (ECF No. 265 at 5)—rather, they should focus on whether the trial exhibits are fair and accurate depictions of what is depicted, and whether the items in question "[are] what the proponent claims [they are]." Fed. R. Evid. 901(a). BHH already made its arguments with

respect to whether authentication meant that the testing conditions were fair, and those arguments were rejected. (See Apr. 1, 2019 Oral Arg. Tr., ECF No. 262, at 35:13-16 (stating that Defendants' quarrels with how the tests were conducted went "way beyond authentication. Testifying that a photograph is an accurate depiction of what was depicted at that moment in time is one thing. It is not an assertion that the test was fairly done.").)[1]

Next, Plaintiffs may use the consultants' depositions at trial to authenticate exhibits. The Federal Rules of Civil Procedure specifically allow the use of a deposition "for any purpose" at trial if "the witness is more than 100 miles from the place of hearing or trial." Fed. R. Civ. P. 32(a)(4)(B). BHH offers nothing to demonstrate that Rule 32(a) should be disregarded. And, contrary to BHH's assertions, Plaintiffs need not demonstrate unavailability beyond the fact that the witness is more than 100 miles from the site of the trial. See Samad Bros., Inc. v. Bokara Rug Co., 2012 WL 43613, at *2 (S.D.N.Y. Jan. 9, 2012) ("A witness is 'unavailable' when . . . the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition."); Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas, 2009 WL 3111766, at *19-20 (S.D.N.Y. Sept. 28, 2009) (explaining that only the "clear language of Rule 32" must be satisfied and that there is "no requirement that a party must show that they have made a reasonable effort to procure the attendance of witnesses"). Thus, to the extent the witnesses are beyond 100 miles from the courthouse, and their absences are not procured by Plaintiffs, their depositions may be used at trial.

---

[1] This Court would be remiss if it did not call out BHH's selective and misleading quotation of this Court's Memorandum & Order. In the joint letter, BHH stated that this Court "allowed 'Defendants to depose the consultant experts'" and "did not provide exceptions." (ECF No. 265 at 4.) Yet the second half of the sentence that BHH quotes specifically limits that testimony: "solely for the purpose of authenticating the Exhibits." (Apr. 4, 2019 Mem. & Order, ECF No. 259 ("M&O"), at 5.)

Finally, Plaintiffs' application with respect to whether Styer and Mankin may be deposed is granted in part and denied in part. First, Plaintiffs argue that the testimony of Styer, the Executive Director of i2L laboratory, is needlessly duplicative of Timothy Foard's, the Study Director responsible for conducting the tests in question. This Court agrees. Once again, these depositions are limited to authentication issues. It is not necessary for two witnesses to authenticate the same documents. Accordingly, BHH may not depose Styer.

Second, Plaintiffs argue that Mankin's testimony is unnecessary because he has firsthand knowledge of only two exhibits, both of which Plaintiffs do not seek to offer into evidence. However, it is unclear how Plaintiffs plan on using these documents, and this Court left open the issue of whether Plaintiff's efficacy expert can testify about the Representative and Similarity Opinions. Given that a deposition intended to authenticate only <u>two</u> documents will not be burdensome, the Mankin deposition may proceed.

The Clerk of Court is directed to terminate the motion pending at ECF No. 265.

Dated: May 8, 2019
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.