UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------

JOANNE HART and SANDRA BUENO, *on behalf of themselves and all others similarly situated*,

                Plaintiffs,

                -against-

BHH, LLC d/b/a BELL + HOWELL and VAN HAUSER LLC,

                Defendants.

---------------------------------

15cv4804

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND <u>APPROVING NOTICE PLAN</u>

WILLIAM H. PAULEY III, Senior United States District Judge:

        Joanne Hart and Sandra Bueno ("Plaintiffs") have revised the proposed settlement agreement and renewed their motion for preliminary approval. (<u>See</u> ECF No. 296.) This Court, having reviewed the proposed settlement agreement, hereby preliminarily approves the proposed settlement in its entirety subject to the final approval hearing.

        For preliminary approval, courts examine whether the proposed settlement is "likely" able to be approved under Rule 23(e)(2). Fed. R. Civ. P. 23(e)(1)(B)(i); <u>see also</u> <u>In re Traffic Exec. Ass'n–E. R.R.s</u>, 627 F.2d 631, 634 (2d Cir. 1980) ("[Preliminary approval] is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness."). A court should preliminarily approve a proposed settlement which "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible

approval." In re Nasdaq Market-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997); see also 4 William Rubenstein, Newberg on Class Actions § 13.13 (5th ed. 2015) (same).

Plaintiffs' initial motion for preliminary approval of the proposed settlement was denied. See Hart v. BHH, LLC, 2020 WL 254779 (S.D.N.Y. Jan. 17, 2020). Since then, the parties have cured the deficiencies. The revised proposed settlement no longer contains the quick-pay provision. Instead, the class, class representatives, and counsel will be paid 30 days after Final Approval. (See ECF No. 296-1, at 15, 20, 21.) Additionally, the parties will no longer arbitrate Plaintiffs' counsel's fee award and instead class counsel will request an award less than $6,500,000.00 from this Court. (See ECF No. 296-1, at 20.)

This Court finds that, subject to the final approval hearing, the proposed settlement agreement appears to be fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the settlement class set forth below. This Court also finds that the proposed settlement agreement appears to be the result of arm's-length negotiations between experienced class action attorneys, appears to meet all applicable requirements of law, including Rule 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, and is sufficient to warrant notice of the settlement and the final approval hearing to be disseminated to the Settlement Class.

**Final Approval Hearing**

The final approval hearing shall be held before this Court on September 15, 2020, at 10:00 a.m. in Courtroom 20B at the United States Courthouse, 500 Pearl Street, New York, New York to determine (a) whether the proposed settlement of this action on the terms and conditions provided for in the proposed settlement agreement is fair, reasonable, and adequate and should be given final approval by this Court; (b) whether a judgment and order of dismissal

with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to class counsel; and (d) whether to approve the payment of an incentive award to the class representatives. This Court may adjourn the final approval hearing without further notice to members of the settlement class.

By no later than August 25, 2020, the claims administrator, Digital Settlement Group, shall provide to class counsel a report stating how many claims were filed, how many claims were approved, the total dollar amount of the approved claims, and the amount the claims administrator believes will be disbursed to the class. Class counsel shall promptly file the report on the docket of this action.

By no later than May 22, 2020, class counsel shall file papers in support of their fee award and class representatives' incentive awards (collectively, the "Fee Petition") with this Court. Defendants may—but are not required to—file a response to class counsel's Fee Petition with this Court no later than August 18, 2020. Class counsel may file a reply in support of their Fee Petition or responses to objections, if any, with this Court no later than August 25, 2020. Class counsel shall also file their papers in support of final approval no later than August 25, 2020.

**Notice and Administration**

This Court approves, as to form, content, and distribution, the notice plan set forth in the proposed settlement agreement, including the claim form attached to the proposed settlement agreement as Exhibit A, the notice plan and all forms of notice to the settlement class as set forth in the proposed settlement agreement and Exhibits C and D thereto (including the revisions made pursuant to this Court's directions during the October 7, 2019 telephonic hearing), and finds that such notice is the best notice practicable under the circumstances, and

that the notice complies fully with the requirements of the Federal Rules of Civil Procedure. This Court also finds that the notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of due process. This Court further finds that the notice is reasonably calculated to, under all circumstances, reasonably apprise members of the settlement class of the pendency of this action, the terms of the proposed settlement agreement, and the right to object to the settlement and to exclude themselves from the settlement. In addition, the Court finds that no notice other than that specifically identified in the proposed settlement agreement is necessary in this action. The parties, by agreement, may revise the notice and claim form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

The parties jointly selected Digital Settlement Group to serve as the claims administrator. This Court hereby appoints and authorizes Digital Settlement Group to be the claims administrator, and thereby to perform and execute all such responsibilities set forth in the proposed settlement agreement.

Pursuant to paragraph 74 of the proposed settlement agreement, the claims administrator is directed to implement the notice plan as set forth therein, such that notice will be disseminated no later than March 13, 2020.

This Court hereby directs Defendants to fully comply with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C, § 1715 ("CAFA"), by providing the required notices in accordance with CAFA by no later than February 15, 2020.

**Submission of Claims and Requests for Exclusion from Settlement**

Members of the class who wish to receive benefits under the proposed settlement agreement must complete and submit a timely and valid claim form in accordance with the

instructions contained therein. All claim forms must be postmarked or electronically submitted no later than July 11, 2020.

Any person falling within the definition of the settlement class may, upon valid and timely request, exclude themselves or "opt out" from the class. Any such person may do so if, on or before the objection/exclusion deadline of June 15, 2020, provided they comply with the exclusion procedures set forth in the proposed settlement agreement and notice. Any members of the class so excluded shall neither be bound by the terms of the proposed settlement agreement nor entitled to any of its benefits.

Any members of the settlement class who elect to exclude themselves or "opt out" of the proposed settlement agreement must file a written request with the claims administrator, postmarked no later than June 15, 2020. The request for exclusion must comply with the exclusion procedures set forth in the proposed settlement agreement and notice and include the settlement class member's name, address and telephone number, a signature, the date, the name and number of the case, and a statement that he or she wishes to be excluded from the settlement class for the purposes of this proposed settlement. Each request for exclusion must be submitted individually. So-called "mass" or "class" opt-outs shall not be allowed.

Individuals who opt out of the class relinquish all rights to benefits under the proposed settlement agreement and will not release their claims. However, members of the settlement class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the proposed settlement agreement and the final judgment, regardless of whether (1) they have requested exclusion from the proposed settlement agreement, (2) they have submitted a claim form, and (3) that claim form has been deemed valid.

**<u>Appearances and Objections</u>**

By no later than August 25, 2020, any person who falls within the definition of the settlement class and who does not request exclusion from the class may enter an appearance in this action, at their own expense, individually or through counsel of their own choice. Any settlement class member who does not enter an appearance will be represented by class counsel.

Any members of the settlement class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the proposed settlement agreement or to a final judgment being entered dismissing this action with prejudice in accordance with the terms of the proposed settlement agreement, or to the attorneys' fees, costs, and expense reimbursement sought by class counsel in the amounts specified in the notice, or to the award to the class representatives as set forth in the notice and proposed settlement agreement. Members of the class may object on their own, or may do so through separate counsel at their own expense.

To object, members of the class must sign and file a written objection no later than June 15, 2020. To be valid, the objection must comply with the objection procedures set forth in the proposed settlement agreement and notice, and include the settlement class member's name, address and telephone number; an explanation of the basis upon which he or she claims to be a settlement class member; a signature and date; all grounds for the objection, including all citations to legal authority and evidence supporting the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting him or her in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and a statement indicating whether he or she intends to appear at the final approval hearing (either personally or through counsel who files

an appearance with this Court in accordance with Southern District of New York Local Rules). If a settlement class member or any of the Objecting Attorneys has objected to any class action settlement in the past five years where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.

Members of the class who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the proposed settlement agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the proposed settlement agreement or to any of the subjects listed above, i.e. (a) whether the proposed settlement of this action on the terms and conditions provided for in the proposed settlement agreement is fair, reasonable, and adequate and should be given final approval by this Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to class counsel; and (d) whether to approve the payment of an incentive award to the class representatives.

Objections must be filed with this Court and sent to the following: class counsel Scott A. Bursor of Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019; and Defendants' counsel Scott Wing of Leahy, Eisenberg, & Fraenkel, Ltd., 33 West Monroe, Suite 1100, Chicago, IL 60603. Any objections made by a class member represented by counsel must be filed through the Court's CM/ECF system.

**Further Matters**

All further proceedings in this action are ordered stayed until final judgment or termination of the proposed settlement agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the proposed settlement agreement.

Members of the settlement class shall be bound by all determinations and judgments in this action concerning this action and/or proposed settlement agreement, whether favorable or unfavorable.

This Court retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement agreement. This Court may approve the proposed settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the class.

Any settlement class member who does not timely and validly submit a claim: (a) shall be forever barred from participating in any distributions of the settlement fund; (b) shall be bound by the provisions of the proposed settlement agreement and all proceedings, determinations, orders and judgments in this action relating thereto, including, without limitation, the judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the class.

If the proposed settlement receives final approval, all settlement class members shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of

the released claims against any of the Defendants and the other released parties, as more fully described in the proposed settlement agreement.

If the proposed settlement agreement is not approved by this Court in accord with its terms, each party will have the option of having this Action revert to its status as if this settlement agreement had not been negotiated, made, or filed with this Court. In such event, the parties will retain all rights as if the proposed settlement agreement was never agreed upon.

In the event that the proposed settlement agreement is terminated pursuant to the provisions of the proposed settlement agreement or for any reason whatsoever the approval of it does not become final then (i) the proposed settlement agreement shall be null and void, including any provision related to the award of attorneys' fees, costs, and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this action or in any other action in any court or other proceeding, provided, however, that the termination of the proposed settlement agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this proposed settlement agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the proposed settlement agreement in the event of its termination, the proposed settlement agreement shall have no further force and effect with respect to any party and shall not be used in this action or any other proceeding for any purpose; and (iv) any party may elect to move this Court pursuant to the

provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

Accordingly, Plaintiffs' motion for preliminary approval of the proposed settlement agreement is approved.

Dated: February 12, 2020
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.